**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Gainesville

MAR - 3 2003

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

| | | |
|---|---|---|
| MELVIN KENNETH LIGON | ) | |
|     Plaintiff | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | CASE _____ |
| STEPHEN E. BOSWELL | ) | |
|     Defendant | ) | |

**2:03-M -0002**

Now comes **MELVIN KENNETH LIGON** and files this complaint.

(Count 1.) Against Senior Superior Court Judge Stephen E.
Boswell for violation of Superior Court Procedures, (Count
2.) for acting outside the jurisdiction of the Superior
Court, (Count 3.) for soliciting Attorney Diane Marger Moore
to act in violations of Attorney Standards, (Count 4.) for
issuing Order contrary to law in forbidding Plaintiff from
filling lawsuits in defense of himself or to sue his
Attorney Diane Marger Moore., (Count 5.) for using threats
and intimidation, (Count 6.) for denying Plaintiff the right
to an arraignment, (Count 7.) for denying the Plaintiff the
right to a trial, and last but not least, (Count 8.) for
twice falsification of Superior Court Documents.

1

**Total Page Number Page 1 of 19 Original Lawsuit against
Judge Boswell.doc**

<u>I.</u>

**This is the history of fraud and attempted extortion by superior court Judge David Barrett that has caused Senior Superior Court Judge Stephen E. Boswell to do illegal acts listed in the charges above, Count 1 to Court 8, to protect and prevent the fact that Superior Court Judge David Barrett has acted outside the jurisdiction of the Superior Court to commit fraud for his law clerk a relative of the Plaintiff in case 95-CV-539-DB.**

1.

If you read the Judgment in Case 95-CV-539-DB (Copy on CD # 1 in folder 2.) you will notice that Judge Barrett has allowed the setting of two new corner pins for the land lots which used not one law or rule or regulation. That the setting of two new dual land lot corner pins is in violation of Judicial Decision Georgia Code 44-4-2. Which was written to prevent trails form happening in the first place by giving the laws and a process in which only the original corner pins can be found. Judge Barrett has now bypassed the laws of Georgia and invented a new method of setting corner

2

pins that is not coherent with any of the laws of Georgia.
This he has done to commit extortion, using the Superior
Court and the Justice System. The testimony of surveyor
Frederick F. Kauffman and Robert E. Andrews is proof that an
illegal act has happened and that Judge R. W. Story is
covering up the fraud by Judge David Barrett. Now Judge R.
W. Story will have to cover up the new illegal acts by Judge
Stephen E. Boswell. Read Attachment 1) (c) and in particular
Page 6 of 16 and Page 7 of 16. All of Mr. Kauffman's
testimony can be found by using the Table of Contents of
Folders (Attachment 1) "j".) and finding folder on CD #1. (I
= Kauffman testimony Perjury.) The six cases in the U. S.
District Court can be found on attachment 1) "j", CD #1
under folders starting with J.

2.

Judge Boswell has been requested over and over to
conduct a Hearing to reset seven land lot corner pins using
Georgia Code 44-1-15 (The signed permission of the land
owners on the land lot line). The Letter is attached as
attachment 1. Read the letters and in particular Attachment
1 Page 5 of 8 shows multiple land lot corner pins set

**3**

illegally by Jack Walker, Boyd Walker, and H. G. Moore in violation of Georgia Code 44-1-15.

3.

Judge David Barrett conducted a trial in Superior Court Case 95-CV-539-DB with the intent to commit fraud acting outside the Superior Courts Jurisdiction to set new dual land lot line for the purpose of extorting over $30,000.00 dollars from the Ligon Family using a new land lot line then after money would have been paid for the land between the dual land lot lines the line would be returned to the Original Location. This was not accomplished due to the Southeast Corner pin of land lot 742 being moved south by 158.16 feet by Jack Walker previously and the Judgment in Case 95-CV-539-DB cutting through the middle of the Original Line. Judge Barrett did not know that a third party actually owned the land between the dual lines and that he had in fact forced a Superior Court Decree that was impossible to accomplish. The Plaintiff and the Defendant in the case were not the owners of the land in question. Attachment 1. Page 4 of 8 and Page 6 of 8 has the deeds caused by Judge David Barrett illegal actions outside the jurisdiction of the

**4**

Superior Court. The correct jurisdiction and explanation are defined in Attachment CD 1 Folder (3 = Legal and Illegal ways to set corner pins.) as attachment to Deed Book O-30 Pages 505 to 513. Also Deed Book O-30 Pages 505 to 513 is located in Folder (B = All Deeds and Plats in Image Files.)

4.

The other illegal acts by Judge David Barrett are explained in 1) "j". Look under Folders (F - Part 1 Complaint on Barrett to Board.), (H = Complaint to Sheriff on Barrett 01-08-131.), (J - 1 Ligon vs Barrett 201-CV-136-RWS.), and (K = 2 Ligon vs Barrett 01-16775.).

5.

Judge R. W. Story is covering up the fact that it is not within the Jurisdiction of the Superior Court to set a new dual land lot line as Judge Barrett did in Case 95-CV-539-DB. That it is in fact only the Probate Courts jurisdiction to set land lot corner pins and only then to the original locations using Georgia Code 44-4-1. The type of extortion carried on by Judge David Barrett has been going on for years and not one single court will allow the evidence that it is illegal and being done with the intent

5

**Total Page Number Page 5 of 19 Original Lawsuit against Judge Boswell.doc**

to commit extortion to be produced in any court.

## II.

### Explanation of Count 1. to Count 8. against Judge Boswell and where to find the supporting documents.

1.

Count 1.   For violation of Superior Court Procedures.

   1. Six part complaint to the Judicial Qualification
Commission is on CD 3 folder (N = Anti-Litem to
Government & JQC Comp.) Also the illegal acts are in
Attachment 1) (d). (Simple explanation the Plaintiff
has been arrested three times and not allowed to have
an arraignment or a trial. The Plaintiff demands that
the falsified documents be rescinded and the Plaintiff
be allowed to hear what he has been charged with and
why he was held in jail for 15 days.)

Count 2.   For acting outside the jurisdiction of the
Superior Court.

   2. The explanation of this is written in Attachment 1)
(a). and the attachment to 1) (a). 1,2,3,4, and 5.

Count 3.   For soliciting Attorney Diane Marger Moore to act
   in violations of Attorney Standards.

   3. The explanation of Diane Moore' illegal actions were
      filed with the Georgia Bar and is attached in
      Attachment 1) (B).

Count 4.   For issuing Order contrary to law in forbidding
   Plaintiff from filling lawsuits in defense of himself. The
   illegal Order has a copy in Attachment 1) (a) 3. No Judge
   should be allowed to issue an order that a citizen can not
   use the laws to defend himself.

Count 5.   For using threats and intimidation. Judge Boswell
   did not allow the Plaintiff the right to an arraignment.
   Instead Judge Boswell opened the door to the courtroom
   and scream to attorney Diane Moore "Has he signed yet".
   (This is what Judge Boswell later referred to as an
   informal Arraignment.) Diane Moore stated "We are working
   on it give us a minute." The document was falsified at no
   time did Attorney Diane Marger Moore ever tell the
   Plaintiff why he was arrested and held in jail for 15
   days. The Clerk of the Courts Mr. Edward Tucker informed
   the Plaintiff days later that he had confessed to cutting

trees and had to pay a fine of $440.00 dollars or go to jail. The Plaintiff was never told why he was arrested by Judge Boswell, District Attorney Assistant, or the Plaintiff's own lawyer, Diane Marger Moore. See and read Attachment 1) (a) for more details. The second time the Plaintiff was arrested it was in the Magistrate Court and the transcript of the Hearing in which the Power Company Employees confessed to cutting the trees on Karina Greisl's Property was given to Judge Boswell and filed with the courts. Now Judge Boswell is covering up illegal acts by District Attorney Stanley Gunter of forming a Grand Jury and prosecuting the Plaintiff without a hearing or a Trial.

Count 6.  For denying Plaintiff the right to an arraignment. This is also explained in Attachment 1).

Count 7.  For denying the Plaintiff the right to a trial. See and read attachment 1). and attachments "a" to "j".

Count 8.  For twice falsification of Superior Court Documents. The plaintiff signed documents that were altered later to state that he agreed to refuse a formal arraignment and that he had knowledge of why he was

**8**

arrested and kept in jail for 15 days. Both of these
documents were either altered or changed to reflect a lie.
*The Plaintiff was never told why he was arrested in any*
arraignment or that he had approved of there not being a
formal arraignment. The Plaintiff has been arrested three
times and still the Plaintiff has not had one single
arraignment or a trial which should be his right under the
constitution of the United States.

## III.

Defendant has issued an order using a new definition of
*Superior Court Judgment Case 95-CV-539-DB that was never*
introduced in any court and was made in violation of the
laws of Georgia with the intent to steal land and give
Donald Arnold Easement through Land Lot 771. Criminal
Charges against the surveyor, Michael Kelley, who made the
illegal plat were filed with the Board of Professional
Engineers and Land Surveyors (BOARD) and Sheriff Jimmy
Berry. (See Attachment 1) "J" Folders (G = Complaint to
Sheriff on Kelley 01-06-386.) and (F - Part 3 Complaints on
Kelley Items N,O,P,BS,CB.) This all done in violation of
jurisdiction of the Superior Court. The Permanent

**9**

Restraining Order issued in Case 99-CV-677-HS is in direct violation of the Laws written in Georgia Code 44-4-2, 44-4-5, 44-4-6, and 44-4-7. Explanation is attached in Plaintiff's Charges of attempted Fraud and Extortion Case 03-02-018 filed with Lumpkin County Sheriff Jimmy Berry and District Attorney Stanley Gunter. See Attachment 1) "d" for details. The violations of the BOARD rules and regulation Chapter 180-7-.02 Land Titles and Locations 1 (a) and (b) is punishable by revocation of surveyors license and a fine, or if not a surveyor prosecution for fraud in violation of Georgia Code 44-1-15. This should be prosecuted by the Attorney Generals office for the mandated sentence of 60 days in jail and/or a fine of $600.00 dollars for each land lot corner pin set in violation of law as explained in Georgia Code 44-1-15. See: Attachment "d" for details.

## IV.

### PUNITIVE DAMAGES

1.

Plaintiff reallege and incorporate by reference I. through III. as if set forth here verbatim.

2.

As shown by the facts contained herein, the actions by the Defendant have cost the Plaintiff over $507,440.00 Dollars. The Defendant's actions indicate a wanton disregard for the consequence of Defendant's actions.

3.

Plaintiff prays that Plaintiff be awarded punitive damages in an amount determined by the enlightened conscience of a jury.

## V.

### DAMAGES

1.

Plaintiff reallege and incorporate by reference I through IV. as if set forth here verbatim.

2.

Plaintiff prays that due to Defendant's actions, Plaintiff be awarded damages for the hospital bill $312.12 dollars, reconstruction of the property rented by the Plaintiff done by Donald Arnold's construction crew using the illegal Order issued by the Defendant and destroying

11

**Total Page Number Page 11 of 19 Original Lawsuit against Judge Boswell.doc**

trees, and plowing over Karina Greisl's Property and fences with Deputy M. Salain badge number # 716 and Sgt. Edwards looking on and restraining the Plaintiff from stopping the damage. This estimated to be $2,100.00 dollars.

3.

Plaintiff prays that the damages caused by the arrest of the Plaintiff without due process causing the sale of property to pay the fine of $440.00 dollars be reimbursed for the land that was sold to acquire the $440.00 dollars to keep the Plaintiff from going to jail and to pay the $3,600.00 dollars for Attorney Fees to Diane Marger Moore. The land shown in Attachment 1) Page 7 of 8 being valued at approximately $64,000.00 dollars and all lost due to the Plaintiff's heart condition going into fibrillation three times and being unable to take the stress of fighting the Superior Court Judges and the U.S. District Court Judges and the Georgia Court of Appeals Judges all at the same time for the illegal acts of the Judges in violation of law.

4.

Plaintiff Prays and for an amount determined by the enlightened conscience of a jury.

12

**Total Page Number Page 12 of 19 Original Lawsuit against Judge Boswell.doc**

## VI.

### ATTORNEY'S FEES

1.

Plaintiff reallege and incorporate by reference I. through V. as if set forth herein verbatim.

2.

Plaintiff is entitled to recover all attorneys' fees pursuant to O.C.G.A. 9-15-14(a) and (b) and O.C.G.A. 51-7-84(a) for all of the lawsuits dismissed by the Defendant using illegal means of having Attorney Diane Marger Moore discuss the cases with the opposing counsels in Lawsuits 99-CV-685-HS, 99-CV-677-HS, 00-CV-192-HS, 00-CV-222-HS, 00-CV-213-HS, 00-CV-257-HS, 00-CV-258-HS, 02-CV-378-HS without Diane Marger Moore ever being assigned or an attorney of record to the cases and only discussing the cases with opposing counsel at the request and permission of the Defendant in violation of Attorney Standards Hand Book 1994 and causing losses of a total of over $507,440.00 thousand dollars because of the Defendant's actions.

3.

13

## VII.

WHEREFORE, Plaintiff prays:

(a) That, upon hearing evidence in this case, the Court award Plaintiff damages for the Defendant's actions.

(b) That Plaintiff be awarded punitive damages to be determined at trial;

(c) That the Court award Plaintiff Damages for the Hospital Bill and losses due to the forced sale of the land in Attachment 1) page 7 of 8. Also for the damages to the property of Karina Greisl's Property.

(d) That the Court award Plaintiff attorneys' fees and all costs of litigation in all the cases dismissed and caused to be dismissed by the Defendant's actions;

(e) That Plaintiff have such other and further relief as is just and equitable under the circumstance.

Respectfully submitted,

By Pro Se      MELVIN K. LIGON
               4 Ligon Drive
               Dahlonega, GA 30533

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

MELVIN KENNETH LIGON          )
          Plaintiff           )
     vs.                      )          CIVIL ACTION
                              )
                              )  CASE _____
STEPHEN E. BOSWELL            )
          Defendant           )

## CERTIFICATE OF SERVICE

     This is to certify that we have this day served the
counsel for the opposing party with a true and correct copy
of this action with adequate postage thereon for delivery in
the United States mail addressed to:

STEPHEN E. BOSWELL
P.O. Box 1984
Jonesboro, Georgia 30237

Mailed on the _3_ day of ~~February~~ MARCH, in the year 2003.

               Respectfully Submitted,

          By Pro Se _Melvin K. Ligon_____ (SEAL)
                    Melvin K. Ligon

     **Total Page Number Page 15 of 19 Original Lawsuit**
**against Judge Boswell.doc**

TABLE OF CONTENTS of ATTACHMENTS

1) Letter to Judge Boswell requesting the resetting of the seven dual land lot corner pins to Original locations as per Georgia Code 44-1-15 with attached letter to National Forester Roberta Moltzen.

   a. Georgia Court of Appeals of Case A03A1117.

      1 Order Dismissing Case 00-CV-257-HS.

      2 Case 00-CR-106-HS dismissed.

      3 Order December 9, 2002 Ligon Can't sue in Superior Court.

      4 12-6-01 Date Changed to 18 of January.

      5 Boswell ORDER PERMANENT INJUNCTION Case 99-CV-677-HS against Melvin and Katalina Ligon that they can not walk on the north side of their rented house.

   b. Complaint to Bar of Georgia against Attorney Diane Marger Moore.

   c. Petition for Rehearing Enbanc Case 02-13706-DD.

   d. Sheriff Jimmy Berry's Case 03-02-018 Criminal Charges of fraud and extortion against Superior Court Judge Stephen E. Boswell. Index is attached in Attachment i. and index of Folders is attached in Attachment j.

Total Page Number Page 16 of 19 Original Lawsuit against Judge Boswell.doc

1 A. Anti Litem Notice to Cathy Cox.

2 B. Affidavit in Support of Title.

3 C. Deed Book E-30 Pages 727 to 736.

4 D. Arnold on 1-31-03 Came with Order 99-CV-677-HS.

5 D. Last Page Plat Brought with Order 99-CV-677-HS.

e.  Sheriff Berry's refusal to assign investigator to
     Case 03-02-018.

f.  Copy of letter to Diane Moore that Defendant in case
     2001-CR-538-HS wants a trial.

g.  Sheriff Berry's Case 01-08-131.

   1 Fraud against Superior Court Judge David Barrett.
     Complaint to Board of Professional Engineers and
     Land Surveyors against Judge David Barrett.

   2 Complaint to Board against Judge David Barrett.

h.  Sheriff Berry's Case 01-06-386 Sheriff Berry combined
     three Complaints into one Case number.

   1 Complaint for fraud against Alma and Kelley.

   2 Complaint for fraud against Thurman and Kelley.

   3 Complaint for fraud against Walker and Kelley.

i.  Index of Documentation filed in Criminal Charges
     against Judge Boswell in Case 03-02-018.

**Total Page Number Page 17 of 19 Original Lawsuit
against Judge Boswell.doc**

j.   Index of folders filed in Case 03-02-018 on three
     CDS.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

COUNTY OF HALL,

STATE OF GEORGIA

## VERIFICATION

Before the undersigned officer, authorized to administer oaths, personally appeared the undersigned, who, after being duly sworn, depose and say on oath that the information contained in the foregoing case is true and correct, to the best of our knowledge and belied.

IN WITNESS WHEREOF, Melvin K. Ligon has signed and sealed this Document on __3__ day, February, and year 2003.

Pro Se _____ (SEAL)
Melvin Kenneth Ligon
4 Ligon Drive
Dahlonega, GA 30533

Signed, sealed and delivered in the presence of:

_____
Notary Public
Commission Expires; _5-14-05_

**19**

**Total Page Number Page 19 of 19 Original Lawsuit against Judge Boswell.doc**

February 24, 2003

Judge Stephen E. Boswell
P.O. Box 1984
Jonesboro, Georgia 30237

  RE: Petition to the Courts to reset the seven dual
land lot corner pins set illegally by Jack and Boyd
Walker using Georgia Code 44-1-15.

Dear Judge Boswell,
  You have already received my Motion in all the cases
to have all the corner pins reset to the Original Locations
using Georgia Code 44-1-15.
  This is a letter to the National Forester Roberta
Moltzen that may help you understand the reason for the
request.

Best regards,

Melvin K. Ligon
4 Ligon Drive
Dahlonega, GA 30533

*ATTACHMENT, 1.)*

*P, 1 oF 8*

Page 1 of 1 Attach 5 LTR to Boswell attached Ltr to
Moltzen.doc

February 24, 2003

U.S.D.A. Forestry Service
Att. Roberta Moltzen
1720 Peach Tree Rd. N.W.
Atlanta, GA. 30309

       RE: Future Standard Form 95 to be filed
       against former Supervisor of Documents Jarrard
       (Jerry) Pless for illegally setting dual land
       lot corner pins.

Dear Ms. Moltzen,
    Due to major differences between United States Forestry
Service Tracts and John Walker's Deed in Deed Book S-1 Page
17 two of my neighbors Jack Walker and Boyd Walker have
destroyed National Monuments and reset them to their
liking. They are both now deceased. The U.S.D.A. has been
sued in the United States District Court Case 2:00-CV-0095-
RWS and then it was Appealed to the 11th Circuit Court of
Appeals Case 01-13243-HH. My struggle has been going on now
for seven years.
    The Cases were dismissed on immunity and U.S.
Assistant Attorney Patricia Stout has informed me that I
went about it the wrong way that I should have filed a
Standard Form 95.
    There is before you at this time my copy of Standard
Form 95 filed with Steven Bott and Michael Lange. They have
informed me that since the Claim is for over $100,000.00
thousand dollars that it will have to be sent to Washington
D.C.. This is fine with me but there is a major problem
with the other neighbors who have overlapping land lot
sections now presumed claimed by the U.S.D.A.
    Michael Lange and Steven Bott seem to be very confused
and in my opinion are going to file their conclusions bases
on incomplete data. The main issue is the resetting of the
Land Lot Corner Pins and the return of the land to the
rightful owners. My neighbors have now had their deeds
revised to include the land that was and is still in their
Original Deeds. (All Deeds are in Image files on the CDs
provided to Michael Lange.)

*P. 2 oF 8*

Attached is a copy of the deeds listed which you should be aware of. There are only two ways in the state of Georgia to reset land lot corner pins and I have explained the legal ways and illegal ways in Deed Book O-30 Pages 505 to 513. This was done to record the information forever into the Clark of the Courts Records for other lawsuits resulting form the dual corner pins settings.

Please call me and set up a time that we can meet to discuss any confusion your employees may have.

Also included is a copy of my Petition for Rehearing Enbanc in the 11th Circuit Court of Appeals which should make you aware of the ongoing problems due to the dual corner pin locations.

The cost of resetting the seven original corner pins using Processioning Georgia Code 44-4-1 is very expensive and as George Martin stated "The Unites States Forestry Service can not afford it. Will you pay for it?" It is my suggestion that we use Georgia Code 44-1-15 in the Superior Court to reset the corners. This is with the signed permission of all the land owners on the land lot lines. And would be the inexpensive way.

Best regards,

Melvin K. Ligon
4 Ligon Drive
Dahlonega, GA 30533
(706) 864-7253

Land between the dual new land lot corner pins and the Original
Corner pins.

A = Alexander Ligon    O-30 P 514 to 528 4.2 acres LL 699.
B = Alma Edwards       U-29 P 494 to 504 4.99 acres LL 742 & 699
C = Vivian Sizemore    O-30 P 502 to 504 3.234 acres LL 741.
D = Alexander Ligon    O-30 P 531 to 533 2 acres LL 741.
E = Sandra Walker      P-29 P 568 to 577 1.48 acres LL 741
F = Kansie Newton      O-30 P 505 to 513 6.23 acres LL 743.
G = Pete Caldwell      W-29 P 537 to 548 2 acres LL 744
H = Sandra Walker      P-29 P 568 to 701 1.48 acres LL 742
I = Katalina Nance     Q-29 P 446 to 448 .19 acres LL 742
J = Lawrence Ligon     K-27 P 571 to 594 .17 acres LL 771
K = Karina Greisl      S-23 P 49 to 51   2.617 acres LL 771.
L = Edith Stone        U-29 P 494 to 504 .75 Sq. Ft. LL 771.
M = Joseph Little      U-29 P 485 to 493 1.86 acres LL 771.
N = Frank Clark        U-29 P 485 to 493 1.86 acres LL 771.
O = Alexander Ligon    I-27 P 698 to 701 1.1 acres LL 771.
P = Alexander Ligon    O-30 P 529 to 530 80 Sq Ft LL 742.
Q = Alexander Ligon    O-30 P 498 to 499 80 Sq Ft LL 743.
R = Alexander Ligon    O-30 P 500 to 501 150 Sq Ft LL 744.

*p. 4 of 8*



p. 5 of 8

Attachment A



PARCEL LETTER & BOOKS
A = Q-29 Pg. 446 TO 448
BW = K-27 Pg. 571 TO 594
BE = I-27 Pg. 698 TO 701
C = U-29 Pg. 485 TO 493
D = U-29 Pg. 485 TO 493
E = I-27 Pg. 698 TO 701
F = P-29 Pg. 568 TO 577
G = I-2 Pg. 10, L-2 Pg. 191,192
      K-2 Pg. 473, K-2 Pg. 470.
H = Plat cab. 1 Slide 52 Plat 33
I = U-29 Pg. 494 TO 504
J = I-17 Pg. 77,78, C-27 Pg. 730
      K-2 Pg. 8, S-1 Pg. 17

ADDED DETAIL TO PLAT CAB. 1
SLIDE 40 PLAT 193 NOT DRAWN TO PROPORTION
FOR LOCATION OF DEEDS RELATIVE TO EACH OTHER.

Page 4 of 6

From Deed Book M-30 P 380 to 385          00383

Superior Court Judge Stephen E. Boswell on December 9, 2002 has issued a permanent injunction against Melvin and Katalina Ligon case 99-CV-677-HS that forbids them from going north of a new land lot line plated by Surveyor Michael Kelley and recorded in Plat Book Cab 1 Slide 25 Plat 91. The question before the Courts is will they be arrested if they visit their sons property in Deed Books A to I which are all north of the new land lot line?



New Land Lot Line Decreed by Judge Boswell using Plat Cab 1 Slide 25 Plat 91.

Alexander Ligon's property Deeds A to I.
A = Deed Book O-30 Pages 514 to 528.
B = Deed Book O-30 Pages 529 to 530.
C = Deed Book O-30 Pages 498 to 499.
D = Deed Book O-30 Pages 500 to 501.
E = Deed Book O-30 Pages 531 to 533.
F = Deed Book I-27 Pages 698 to 701.
G = Deed Book Q-29 Pages 446 to 448.
H = Deed Book K-27 Pages 571 to 594.
I = Deed Book S-23 Pages 49 to 51.

Violations of Georgia Law by Surveyor Michael Kelley are written and filed in five conplaints to the Board of Professional Engineers and Land Surveyors and recorded in District Attorney Stanley Gunter's Cases 00-03-103,
00-06-386, 00-08-131, and 03-02-018.
Details of the fraud by Michael Kelley are in Case 03-02-018.

*B. 7 of 8*



Land Lots are trapezoids because of mountain having peak of 4,695 feet above sea level.

This is the Original Corners and shapes of the land lots in neighborhood from 1832.

P. 8 OF 8

## TABLE OF CONTENTS of ATTACHMENTS

a = Georgia Court of Appeals of Case A03A1117.

b = Complaint to Bar of Georgia against Attorney Diane
Marger Moore.

c = Petition for Rehearing Enbanc Case 02-13706-DD.

d = Sheriff Jimmy Berry's Case 03-02-018 Criminal Charges
of fraud and extortion against Superior Court Judge
Stephen E. Boswell.

e = Sheriff Berry's refusal to assign investigator to Case
03-02-018.

f = Copy of letter to Diane Moore that Defendant in case
2001-CR-538-HS wants a trial.

g = Sheriff Berry's Case 01-08-131 of Fraud against
Superior Court Judge David Barrett. Complaint to Board
of Professional Engineers and Land Surveyors against
Judge David Barrett.

h = Sheriff Berry's Case 01-06-386 Complaint for fraud and
extortion against surveyor Michael Kelley and Clients.

i = Index of Documentation filed in Criminal Charges
against Judge Boswell in Case 03-02-018.

j = Index of folders filed in Case 03-02-018 on three CDS.

ATTACHMENT "a" of Ligon vs. Boswell    Page 1 of 24

IN THE COURT OF APPEALS

STATE OF GEORGIA

MELVIN KENNETH LIGON            )
          Plaintiff            )
                               )
vs.                            )  CASE NUMBER A03A1117
                               )  Superior Case 00-CV-257-HS
                               )
JIMMY BERRY AND CHARLES RIDLEY )
          Defendants           )

<u>BRIEF OF APPELLANT</u>

Comes Now the Appellant in the above-styled appeal, Melvin K. Ligon and shows in support of his Appeal the following:

<u>HISTORY</u>

1.

History: What caused Sheriff Jimmy Berry, Magistrate Court Judge Jeff Lowe and Keith Walker to be angered enough to arrest the Appellant and take him from his home without a warrant. (The entire action recorded on video tape and given to District Attorney Stanley Gunter.)

2.

John Walker's one hundred and thirty acre estate covers five land lots. The basic problem is the location of seven

corner pins by the Forestry Service Tracts 1320-W-I, 1320-W-II, 282, 282-a, 1320-v and John Walker's 1934 Amortization Deed Book S-1 page 17.  Due to errors in 1929 by the Government surveyors on Tract 282-a and the Walker's surveyor J. W. Green both massive Tracts and Plat have different locations for the same corner pins.

In 1945 Writ Book F the Superior Court decreed the locations for the seven Original corner pins from 1832.

This Old Decree was not implemented correctly. The Writ did not seek out and change the error records on either Government Tract 282-a or John Walker's Amortization Deed S-1 page 17. Instead this added a third set of corner pins. Now, at present, there are deeds using all three different sets of corner pins at the same time.

Then between November 11, 1969 and September 2, 1972 Jack and Boyd Walker in violation of Criminal Georgia Code 44-1-15 did destroy and reset National Monuments setting dual locations to their liking.

Note: I DON'T BLAME THEM: They were living with land lot lines running through Boyd Walker's house and placing Robert Dover's Barn in the National Forest. Their Deeds

used the three different sets of corner pins defining

their land lot 669 as being 35 acres, 40 acres and 44

acres and now it is 56 acres. This must have made them

angry beyond belief. What would you do if your house on

Government Tract 282-a were in the National Forest? They

were living in Hell with no government assistance.

In 1995 Superior Court Judge David Barrett in Case 95-

CV-539-DB issued a Decree setting two dual land lot corner

pins. This Decree was in violation of jurisdiction. The

Superior Court has no authority to set new dual land lot

corner pins. The Judgement had no definition using any of

the laws in Georgia Code 44-4-1 called Processioning or any

of the Board of Professional Engineers and Land Surveyors

rules and regulations in Chapter 180-7. The Georgia Court

of Appeals and the Georgia Supreme Court issued a Writ of

Certiorari that the New Dual Corner Pins set by Judge David

Barrett must stand. Regrettable the other sets of corner

pins stood also because the deeds still used them. The

Decree did not change a single deed only establish a new

line.

Note: This was a new land lot line using absolute none of the previous lines deeds or plats. The problem was that all the previous deeds and plats still used:

1. Original Corners for 1945 Writ Book F.

2. Government corners from Tract 282-a set by surveyor Keith Rochester on Plat 2 page 18.

3. John Walker's Amortization Deed S-1 page 17.

4. New corner pins set by surveyor Jimmy Bullock on Plat 13 page 142.

Judge David Barrett did not use or accept any of the four previous lines and now he has set a new line that cut through another owner's land between the Walkers and the Ligons. The land between the Walkers and the Ligons was actually owned by a third party, Vivian Sizemore, who was not even mentioned at the trial. Mrs. Vivian Sizemore was unaware of Jack Walker destroying corner monuments and setting them in new locations.

The Sheriff Jimmy Berry, Magistrate Court Judge Jeff Lowe and Keith Walker are old friends and every time Keith Walker screams the Appellant is on my land Sheriff Berry arrest the Appellant and three times marched the Appellant

between the Courthouse and the jail in handcuffs and leg

irons. The Appellant does not own the land it was sold

years ago to cover attorney fees. Still the Appellant is

arrested and not being permitted to have an arraignment in

any of his three arrests. The courts' acting like there was

an arraignment and carrying on without any regards to the

Constitutional Rights of the Appellant. Sheriff Berry held

the Appellant a total of fifteen days in jail of which

three were naked. (Sheriff Berry saying that the Appellant

was naked because it was a suicide watch). The Appellant

has wanted an arraignment and a trial in all three of his

arrest and they have been denied. Actually there has been

no arraignment in all three of his arrest. The Appellant

still to this day does not know why he was arrested three

times.

### THE THREE ARREST OF APPELLANT

1.

THE FIRST ARREST of Appellant being taken from his

home without a warrant or a hearing and held one day with a

trip to the Hospital in hand cuffs and leg irons because

his heart went into fibrillation. Later Appellant was

Page 5 of 24 00-Appeal to GA of Case 00-CV-257-HS.doc

released on $240.00 dollars bail. The Case Georgia vs.
Appellant was first assigned a Superior Court Case number
00-CR-106-HS charges Appellant with interfering with a
bulldozer destroying his rented home the property of Karina
Greisl. There was no Hearing and no arraignment somehow
*Judge Hugh Stone found out that the Appellant was taken
from his home by mistake the officer was at the wrong
property. The Appellant was renting the property from
Karina Greisl and that officer Todd Orr had in fact
arrested the Appellant at his own home the case was changed
to a ticket citation and all charges dropped. The Bail
returned without the Appellant even knowing that the
Superior Court had assigned a case number to his arrest.
The District Attorney Stanley Gunter had covered up the
mistake.

## 2.

SECOND ARREST OF APPELLANT without a legal warrant.
Neighbor Donald Arnold wanted a driveway on level land
running through the front yard of Karina Greisl's house
where the Appellant was renting. Karina Greisl had gotten a
permit number LDP#254 to cut a new County Road running just

north of her home using Right of Way Easement Deed Book J-27 pages 239 to 242. The Power Company cut four trees near a power line.

3.

When the Power Company employees were cutting trees Keith Walker happened to drive by and thought the land was his. Keith Walker went to Magistrate Court Judge Jeff Lowe and filed a Citizen Warrant against Karina Greisl the owner of the land and the Appellant the current renter of the land. No hearing was ever made to justify the Warrant. (This is illegal). The Appellant was arrested at Judge Jeff Lowe's Order and taken from his bed recuperating from his heart going into fibrillation. In order to keep the Appellant in jail without a hearing Magistrate Court Judge Jeff Lowe recused himself.

4.

After being held in jail for three days the Appellant was marched into Judge Jeff Lowe's office and told not to open his mouth. Some strange man identified himself as a county appointed attorney and said, "Don't open your mouth" (it was found out later that his name was Salata and he was

<u>not a county appointed attorney</u>. The County had refused the appointment on the grounds that the Appellant owned property elsewhere in the state and was therefore not allowed to have a county appointed attorney.) Salata telling the Appellant not to open his mouth that he would conduct the hearing on the Appellants behalf. (This was without ever speaking to the Appellant to find out what the case was about). Judge Jeff Lowe simply said that he was going to recuse himself and the Appellant was marched back to the jail cell, without a word of why the Appellant was arrested. It took thirteen days before a visiting Magistrate Court Judge, Stanley Brown, could be brought in to have a hearing. The Appellant was never allowed to speak to his attorney before the hearing and he was again not allowed to open his mouth during the hearing except to answer questions.

5.

Appellant's wife retained Attorney Jeb Chatham for $2,000.00 dollars, Karina Greisl retained attorney Diane Marger Moore for $2,600.00 dollars, and surveyor Jimmy Bullock for $3,972.00 dollars to resurvey the land from

Superior Court Case 95-CV-539-DB, Appellant Judge Marion

Pope Writ of Certiorari Case ~~A01A0177~~ (Correction

A97A2481), and the Supreme Court Writ of Certiorari. Three

of the new land lot lines between Land Lot 771 and 742 were

on the plat by surveyor Jimmy Bullock with the exception of

the Original Land Lot line from 1945 Writ Book F.

6.

Visiting Magistrate Court Judge Stanley Brown and

Assistant District Attorney Kerry Banister after looking at

the plat and hearing the witnesses concluded that Karina

Greisl owned the land. That Keith Walker's citizen warrant

was unjustified. Appellant was released from his handcuffs

and leg irons and allowed to go home after he had spent 13

days in jail without a previous hearing.

7.

THE THIRD ARREST was one week after the Appellant was

released from Jail of the second arrest. Superior Court

Case 2001-CR-538-HS to be heard by Judge Boswell. There was

no arraignment and no trial. The Appellant's Attorney lied

to the Appellant at a hearing and told him that he would be

released after signing a one-page document for a Nolo

Page 9 of 24 00-Appeal to GA of Case 00-CV-257-HS.doc

contendere. (Appellant had no idea what it was.) Attorney Moore had never discussed this case with the Appellant and lied to the Appellant. The Appellant was never told why he was arrested. Later the Appellant found out from the Clerk of the Courts that he had confessed to cutting trees and had to pay a fine of four hundred and forty dollars. (which was a lie the Power Company employees had already testified that they cut the trees. See and Read the Transcript of the Hearing before visiting Magistrate Judge Stanley Brown:)

8.

Apparently Assistant District Attorney Kerry Banister did not inform her boss District Attorney Stanley Gunter that the land belonged to Karina Greisl. That the Appellant was released and found innocent of all charges previously and that the Power Company employees confessed to cutting the four trees.

9.

Superior Court Judge Stephen E. Boswell to protect Judge Jeff Lowe, Sheriff Jimmy Berry, District Attorney Stanley Gunter dismissed all the lawsuits in which the Appellant was either the Plaintiff or Defendant and issued

an Order that the Clerk of the Courts could not accept any lawsuits from the Appellant without Judges permission.

10.

The Judicial Qualification Commission received six part complaint against Judge Boswell and dismissed them all stating that they could not change the outcome of the Superior Court Judgment. At no time did the Appellant in his Complaints request for a change of the judgment. The Complaint was for Judge Boswell acting out of his jurisdiction in setting new land lot lines overlapping other owners land and discussing the cases with the opposing counsel outside of an official hearing and settling the cases without a single hearing.

11.

The Appellant has filed criminal charges against Judge Boswell with District Attorney Stanley Gunter (Case 03-02-018), Judicial Qualification Commission and the Board of Professional Engineers and Land Surveyors for illegally setting a new and completely different land lot line in Case 00-CV-677-HS in a permanent injunction against the

Appellant and his wife. This new line running through the
middle of Karina Greisl's house.

12.

Judge Boswell never had a hearing in any of the cases
and did not tell the Appellant that he, Judge Boswell, had
issued an order and forgot to mail a copy to the Appellant.
This was done (in my opinion) on purpose so that Appellant
could not file an appeal. Now the Appellant will have to
file a lawsuit against Judge Boswell in the U.S. District
Court for violation of Jurisdiction. The Superior Court has
no jurisdiction to set a new land lot line that is not
consistent with the one hundred and forty two previous
Deeds and plats on the same land lot line.

13.

Judge Boswell has dismissed all the cases in the
Superior Court that have been going on for three years
without a single Oral Argument or a Hearing.

CASES BEFORE JUDGE BOSWELL

AMOUNT DUE TO APPEAL THE CASES AND

OTHER CASES DIRECTLY CONCERNED WITH THESE CASES.

1.

Page 12 of 24 00-Appeal to GA of Case 00-CV-257-HS.doc

Donald Arnold vs. Appellant Case 99-CV-677-HS. 30 days

Passed without the Defendants knowing there was an

Order issued so the Appellant could not file an

Appeal. No hearing was ever scheduled. The Appellant

was not allowed to have a single witness or produce a

single document. (Example: The Deeds to the Land were

not allowed to be produced in court.) Judge Boswell

during a meeting to schedule other cases simply called

the Appellant to the stand and ask him questions and

screamed at him to answer the questions.

2.

Keith Walker vs. Appellant Case 99-CV-685-HS. Case

dismissed by a friend of Judge Boswell an Attorney

named Diane Moore without a hearing. Ms. Moore was not

an attorney of Record for the Plaintiff or the

Defendant just a friend of the Judges. Ms. Moore

bragging that she was not even being paid that she was

just doing it as a favor to Judge Boswell.

3.

Appellant vs. Donald Arnold Case 00-CV-213-HS. $1,959.00

Judge Boswell denied pauper's Status. The same

Pauper's request was approved in the U.S. District Court, Appellant vs. Chicago Title Insurance Company Case 2:01-CV-0028-RWS.

### 4.

Appellant vs. Sheriff Berry Case 00-CV-257-HS. $2,100.15

Appellant filed AMENDED NOTICE OF APPEAL reducing the papers from all the case to only the Original Complaint and answer so that Appellant could afford to at least send one case to the Georgia Court of Appeals. Plaintiff's request for Paupers Status to Boswell was denied.

### 5.

Appellant vs. Keith Walker Case 00-CV-222-HS.

Case 00-CV-222-HS was never settled. Friend of Judge Boswell had a meeting with the Defendants attorney and the owner of the land a Ms. Karina Greisl. Appellant being Pro-Se was not allowed to speak only listen to what was going on. Appellant received 2 acres of land in land lot 741 and sold it for attorney fees. Appellant also was to receive another section of land from Sandra but she never signed the Deed.

6.

Appellant vs. Larry Luckett Case 00-CV-258-HS.   $ 350.00

 This case was changed to the U.S. District Court

 Case number 2:00-CV-0095-RWS then to U.S. Court of

 Appeals Case 01-13243-HH, the cost of Appeal to the

 United States Supreme Court was $350 dollars.

 Appellants losses were now over $500,000.00 thousand

 dollars prevented him from coming up with the needed

 $350.00 dollars for appeal to the U.S. Supreme Court.

 The Appellant filed for losses of $500,000.00 dollars

 using Standard Form 95 with Forestry Service and the

 case is in progress being filed in Washington D.C.

 Attorney for Forestry Service:

 Steven C. Bott

 1718 Peachtree Street N.W.

 Suite 576

 Atlanta, GA 30309-2454

7.

Appellant vs. Board of Professional Engineers and Land

 Surveyor (BOARD) Case 2:01-CV-163-RWS. $350.00

This Case was for not taking action against the Forestry Service or the Georgia Court of Appeals Judges Marion T. Pope, Edward H. Johnson and Allen G. Blackburn and Superior Court Judge David Barrett for setting a new land lot line not consistent with the 142 previous deeds and plats for the same land lot line. The judges did violate the BOARD'S Chapter 180-7.02 Land Titles and Locations 1. (a) and (b) and Criminal Georgia Code 44-1-15. Case filed in U.S. District Court Case 2:01-CV-0163-RWS then in U.S. Court of Appeals 01-12710-JJ. Appellant could not afford the $350 dollars to file it in the U.S. Supreme Court. This case is going to be refilled because it was dismissed on immunity not the merits of the case.

CONCLUSION

1.

Judge Boswell has been requested three time to recuse himself for violation of Superior Court procedures. Proof was documented in letters received from opposing counsel about what Judge Boswell and they had discussed. There had been no hearing or oral argument conducted. Judge Boswell

in Superior Court cases 99-CV-685-HS, 99-CV-677-HS, 00-CV-192-HS, 00-CV-222-HS, 00-CV-213-HS, 00-CV-257-HS, and 00-CV-258-HS has a friend of his discuss the cases with opposing counsel with the orders to have them all dismissed. Judge Boswell refused to recuse himself.

2.

Judge Boswell has dismissed all cases in which the Appellant is either a Plaintiff or a Defendant without a single Oral Argument or a Hearing. Attorney Diane Marger Moore taking the place of the Pro-Se attorney and without ever being assigned to any of the cases has as a favor to Judge Boswell discussed the cases with the opposing counsel outside the courtroom and together have agreed to dismiss all the cases. This was done without Attorney Diane Marger Moore ever being assigned to the cases. This act should be illegal she has never discussed to cases with the Appellant and she would not accept money and be assigned to the cases. Yet, she carried on discussions on December 9, 2003 as if she were the attorney in the cases.

### PART 2 ENUMERATION OF ERRORS

1.

Judge Boswell has not had a single hearing in any of the cases assigned to him involving the appellant. Read Attachment 4 Boswell's Statement: "...and; after hearing argument of the parties and attorney;" This is not credible there has never been a single hearing or arraignment allowed in any case involving the Appellant before Judge Boswell. See: Attachment 3 for cases without a hearing. The thirty-two witnesses in each case and what they will testify too has not been allowed by Judge Boswell. These cases are all about Sheriff Jimmy Berry using new land lot lines being set in violation of Criminal Georgia Code 44-1-15 and the Appellant being arrest over and over using six new land lot lines between land lot 771 and 742. Judge Boswell has not allowed the entry of a single deed or plat. There are one hundred and forty two deeds and plats using the Original land lot corner pins and Judge Boswell refuses to allow one deed to be introduced.

## LIST OF CASES

Georgia vs. Appellant Case 00-CR-106-HS, Sheriff Berry sent

Deputy Todd Orr to protect a bulldozer operator while

he ripped down a fence and installed a Right of Way

Easement on Karina Greisl's property, Deputy Orr armed
with illegal Plat directed the destruction then
arrested Appellant for objecting. See Video-Tape.

Georgia vs. Appellant, Appellant arrested using citizen
Warrant it took 13 days with Appellant sitting in jail
before visiting Magistrate Judge Stanley Brown could
have a Hearing. Appellant released not guilty of
cutting trees, Power Company employees explained they
cut the trees.

Georgia vs. Appellant Case 2001-CR-538-HS, For cutting
four trees. No arraignment allowed Appellant's attorney
Diane Marger Moore lied to the Appellant.

Donald Arnold vs. Appellant Case 99-CV-677-HS.

Keith Walker vs. Appellant Case 99-CV-685-HS.

Appellant vs. Surveyor Michael Kelley Case 00-CV-192-HS.

Appellant vs. Keith and Sandra Walker Case 00-CV-222-HS.

Appellant vs. Jimmy Berry Case 00-CV-257-HS.

Appellant vs. Donald Arnold & Myers Case 00-CV-213-HS.

Appellant vs. Larry Luckett Case 00-CV-258-HS.

Appellant vs. Alma Edwards case 02-CV-378-HS.

2.

Judge Boswell has consistently discussed the cases with the opposing counsel without there being a Hearing scheduled, these unannounced hearings being conducted without the Appellant being able to produce a single witness or document. Judge Boswell had sent a letter to the Appellant to appear in court for only the purpose of scheduling the trials and for the Appellant not to bring a single piece of paper or a witness. Then at the meeting for the scheduling of trials the opposing counsel shows up with witnesses and documents and discusses them with Judge Boswell.

3.

Then Judge Boswell ask a friend, Attorney Diane Marger Moore, to do him a favor and act like she is the attorney in the cases and dismiss them all. Ms. Moore was seen talking to the Attorneys for Sheriff Jimmy Berry of Terry Williams and Associates Case 00-CV-257-HS, Attorney William Hardman Cases 00-CV-213-HS, Attorney Hammond Law Case 00-CV-222-HS and 99-CV-685-HS, and Daniel L. Parr Case 99-CV-677-HS. Where is it in the Superior Court procedures for a Judge to ask a favor of his friend to discuss the cases

outside the courtroom for the purpose of dismissing them all without an arraignment, trial or hearing? No court reporter was allowed at the meetings so that the Appellant could prove the existence of seven dual overlapping land lot lines. Appellant has written a letter requesting a trial in all the cases especially Case 2001-CR-538-HS to Judge Boswell and been denied. Appellant has been arrested three times and not permitted an arraignment or a trial. Diane Marger Moore was the Appellants attorney in only one case Criminal Case 2001-CR-538-HS and in a letter to Ms. Moore Appellant requested a trial. It was denied Attorney Moore would not entertain the issue and had not discussed the case with her client, the Appellant. Ms. Moore said she did discuss the case with the Appellant and that she did tell the Appellant what he was arrested for, this is not true.

**4.**

Appellant wanted an Arraignment and a trial in all three of his arrest and been denied. I want to know what I was arrested for and why the Appellant can not have an arraignment or a trial?

5.

There has been nothing settled all the deeds still overlap with more than one owner paying taxes on the same land and the Appellant will be arrested again using one of the eighteen new land lot corner pins set by the Walker family on their 130 acre estate. What a friend they have in Sheriff Jimmy Berry, he has deputies assist backhoe operators during the destruction of their neighbors fences and property. Appellant vs. Keith Walker and Appellant vs. five surveyors, Cases 99-03-074 and 99-03-076 were filed for Keith Walker destroying fences then Deputy Harmon accompanying Keith Walker while he tore down more fences and Sheriff Berry has the complaint's write-up altered and then dismissed. Sheriff Jimmy Berry sends Officer Todd Orr to assist in destruction of Appellants front gate to his house with a bulldozer and then has the Appellant arrested. No trail or arraignment allowed. Why?

6.

Probate Court Judge Ralph Jones has denied appellant the right to have a Processioning. Mr. Jones said he was under direct orders from Judge David Barrett not to allow

it. There are now nine land lot corner pins identified as

the Southeast and Southwest corners of land lot 742. How

can Judge David Barrett issue orders that the Appellant not

be allowed to have a Processioning? It should be Appellants

Constitutional Rights it is the law in Judicial Decision

Georgia code 44-4-2 that it is explained in the Judicial

Decision that the Code was written to prevent trails.


_____ (SEAL)

Melvin K. Ligon

Signed, sealed and delivered in the presence of:

(COPY FROM COMPUTER OF WHAT WAS FILED)

Notary Public

Commission Expires;_____


Attachment 1 Order to Dismiss the case.
Attachment 2 Dismissal of 00-CR-106-HS without an
    arraignment or trail.
Attachment 3 Schedule for all cases to have Hearings.
Attachment 4 Order Pay $2,934 dollars or cases dismissed.
Attachment 5 Order from Boswell that Appellant can not sue
    in Superior Court.

IN THE COURT OF APPEALS

STATE OF GEORGIA

MELVIN KENNETH LIGON          )
        Plaintiff             )
                              )
vs.                           ) CASE NUMBER A03A1117
                              ) Superior Case 00-CV-257-HS
                              )
JIMMY BERRY AND CHARLES RIDLEY )
        Defendants            )

REVISED CERTIFICATE OF SERVICE
DUE TO ATTORNEY NOW NOT BEING EMPLOYED
BY TERRY WILLIAMS AND ASSOC.


        I hereby certify that I have this day served a copy of
the within and forgoing by depositing a copy of the same in
the U.S. Mail with adequate postage affixed thereon and
addressed as follows:

Terry E. Williams & Associates, P.C. HEAD OFFICE
268 W. Pike Street 205 Culver Street.
Lawrenceville, GA 30045
                              20 day
Filed and mailed to Terry Williams on 13 day of February
2003.
        (Copy was returned to sender Address Change was made)
                Very truly yours,

        By Pro-Se  MELVIN K. LIGON
                   4 Ligon Drive
                   Dahlonega, GA 30533



IN THE SUPERIOR COURT OF LUMPKIN COUNTY
STATE OF GEORGIA

MELVIN KENNETH LIGON,          )
                               )
        Plaintiff,             )
                               )      CIVIL ACTION
        -v-                    )      FILE NO. 00-CV-257-SB
                               )
LUMPKIN COUNTY, SHERIFF JIMMY  )
BERRY, COMMISSIONER CHARLES    )
RIDLEY,                        )
                               )
        Defendants.            )

## COURT ORDER

This matter having come before the Court on Defendants' Motion for Summary Judgment, and after reviewing the briefs, the Court hereby grants the motion and enters summary judgment in favor of Defendants Lumpkin County, Sheriff Jimmy Berry and Commissioner Charles Ridley as to all claims.

In granting summary judgment, the Court finds that all of the allegations pressed against Lumpkin County and the individual Defendants in their official capacities are barred by sovereign immunity. Gilbert v. Richardson, 264 Ga. 744, 747 (1994). The Court further finds that the evidence fails to demonstrate any cognizable claim against Commissioner Charles Ridley upon which relief may be granted, thereby entitling him to dismissal.

Attachment 1 page 1 of 2

Finally, the Court finds that Sheriff Berry is entitled to official immunity with respect to all claims asserted against him in his individual capacity. Specifically, the Plaintiff has failed to demonstrate that Sheriff Berry ever negligently performed a ministerial duty. And, there is no evidence that he performed a discretionary function with actual malice towards the Plaintiff. <u>Merrow v. Hawkins</u>, 266 Ga. 390, 392 (1996); <u>see also Hemak v. Houston County School, Dist.</u>, 220 Ga. App. 110, 112, 469 S.E.2d 679 (1996).

SO ORDERED this 2 day of December, 2002.

_____
Honorable Stephen E. Boswell

Superior Court of Lumpkin County

Prepared by:



_____
G. Kevin Morris
Georgia Bar No. 523895

Attorney for Lumpkin County,
Sheriff Jimmy Berry and
Commissioner Charles Ridley

**Attachment 1 page 2 of 2.**

IN THE SUPERIOR COURT OF _Lumpkin_ COUNTY
STATE OF GEORGIA

STATE OF GEORGIA                    *    CHARGE(S) _Disorderly_
                                    *    _Conduct_
        VS                          *
                                    *    WARRANT/CITATION NO(S):
_Melissa Agon_                      *    _2085_
                                    *
                                         CASE NO. OO-CR-106-HS

### NO CASE - MISDEMEANOR
### Notice that No Accusation will be Filed

COMES NOW, the State of Georgia, by and through the office of the District Attorney and files notice, in the above-styled case, that no accusation will be filed for the following reasons:

__✓__ Although there appears to have been enough evidence to issue a warrant, there is insufficient evidence to prove a case beyond a reasonable doubt.

_____ Victim has expressed no interest in further prosecution.

_____ The Defendant has pled guilty to other charges in _____
_____

_____ The case is a civil matter rather than a criminal matter.

_____ Victim/witness cannot be located after diligent search.

_____ Charged on accusation as: _____

_____ The State has elected to proceed on more serious charges arising out of the incident.

_____ Other: _____

__✓__ The District Attorney authorizes the release of bond for this warrant/UTC.

Submitted this _14th_ day of _March_, ~~19~~ _2000_

_____
(Assistant) District Attorney

N. Stanley Gunter
District Attorney
Enotah Judicial Circuit
99 Courthouse Hill, Suite H
Dahlonega, GA 30533
(706) 864-6754

177351

**Attachment 2**

GEORGIA, LUMPKIN COUNTY
CLERK'S OFFICE SUPERIOR COURT
Filed _11:35_ A.M _3-20-00_

_____
EDWARD E. TUCKER, CLERK

In the Superior Court of Lumpkin County

State of Georgia

IN RE:  Melvin Kenneth Ligon
        And
        Katalina E. Ligon

The above named individuals have filed or been involved in approximately 15 lawsuits in the Courts of Lumpkin County involving location of land lines that affect the property of the above named individuals that goes back to an error made by the United States Forestry Service many years ago, and; the Court having called a calendar on 9 December 2002 involving 7 of these lawsuits, and; the parties having conducted settlement discussions throughout the day with an aim of resolving the issues involved in the lawsuits in question, and; it appearing that the parties who appeared have reached a settlement as to the disposition of their respective claims,

**IT IS HEREBY ORDERED** that the Clerk of Superior Court of Lumpkin County shall not accept any lawsuit filed by Melvin Kenneth Ligon and/or Katalina E. Ligon as the petitioning party without prior approval of a Judge of the Superior Court of Lumpkin County.

**SO ORDERED** this _____9_____ Day of December 2002.

Stephen E. Boswell,
Senior Superior Judge, State of Georgia
Sitting by Designation in Lumpkin County

GEORGIA, LUMPKIN COUNTY
CLERK'S OFFICE SUPERIOR COURT
Filed 2:20 P.M. 12-9-02

EDWARD E. TUCKER, CLERK

**Attachment 3**

00528



**Stephen E. Boswell**
Senior Judge, State of Georgia
Post Office Box 1984
Jonesboro, GA 30237

Mobile: 404-372-0448
Home: 770-946-9995
Fax: 770-707-0982
E-mail: seboswell@aol.com

December 4, 2001

Attorney William S. Hardman, Attorney Katalina Ligon, Attorney Melvin Ligon, Attorney
Daniel L. Parr, Sr., Attorney Gregory H. Wheeler, Attorney Deborah L. Arscott, Attorney
George H. Law, III, Attorney Terry E. Williams, Attorney Jami E. Philpott, Attorney James R.
Schulz, and Attorney Richard H. Deane, Jr.

Re: Lumpkin County Case Numbers: 99-CV-677-HS, 00-CV-213-HS, 00-CV-192-HS, 00-CV-
222-HS, 00-CV-257-HS, and 00-CV-258-HS

Dear Counselors:

I have previously sent you a letter on 14 November 2001 setting these cases for a status
conference. As I stated in my previous letter, this conference is not a hearing on any pending
motions. This conference is to orient me to these cases, to discuss scheduling of any motions
and begin discussing a possible trial date in the future.

Regretfully, something has come up and I cannot be in Lumpkin County on the 2nd of January
2002. I will have to reschedule this status conference.

I am rescheduling the status conference from 2 January 2002 to 18 January 2002. The individual
parties who are represented by counsel do not have to attend, but I expect someone from each
side to participate.

I look forward to seeing you on 18 January at 10:00 a.m. on the Lumpkin County Courthouse.
Again my apologies for any inconvenience in having to reschedule this matter.

Sincerely,

Stephen E. Boswell
Senior Judge, State of Georgia

SEB# 01JUD74

**Attachment 4**

IN THE SUPERIOR COURT OF LUMPKIN COUNTY
STATE OF GEORGIA

DON ARNOLD,                          )
                                     )
        Plaintiff,                   )
                                     )          CASE NO. 99-CV-677-DB
vs.                                  )
                                     )
MELVIN LIGON AND                     )
KATALINA LIGON,                      )
                                     )
        Defendants.                  )

**~~TEMPORARY~~ INJUNCTION**   *Permanent*

The plaintiff's motion for temporary injunction having come on for hearing on March 8, 2002 pursuant to notice, and both parties having appeared, and the court having heard and considered evidence, the court finds as follows:

### Findings of Fact

1.

Plaintiff, pursuant to a Deed of Assent by Executor dated October 9, 1998, and recorded in Deed Book C-21, pages 220-221, Lumpkin County Records, is the holder of title in fee simple of a certain tract of land as described below:

> All that tract or parcel of land lying and being in Land Lot 741 in the 11th District, 1st Section of Lumpkin County, Georgia, consisting of 10.500 acres, more or less, and being more fully described and delineated as Tract Two according to a Plat of Survey dated May 15, 1998, prepared by Michael S. Kelley, Georgia Registered Surveyor, which is recorded in Plat Cabinet One, Slide 16, Page 108, Lumpkin County Records, which is incorporated by reference herein. This is a portion of the property which was conveyed by Tom Watson Lance to Glenn H. Arnold under a warranty deed dated June 5, 1975, which is recorded in Deed Book I-3, Pages 538-539, Lumpkin County Records. Also conveyed are those permanent easement rights that were conveyed by Tom Watson Lance to Glenn H. Arnold under said deed.

AN S. HARDMAN, P.C.
POST OFFICE BOX 3435
DAHLONEGA, GEORGIA 30533-3435
TELEPHONE (706) 864-4580
FAX (706) 864-8388

GEORGIA, LUMPKIN COUNTY
CLERK'S OFFICE SUPERIOR COURT
Filed 2:00 P.M. 12-09-02

1

Edward E. Tuber

Said easement referenced in the above legal description being dated May 6th, 1975, and recorded in Deed Book I-3, page 368, Lumpkin County Records.

## 2.

Plaintiff received a perpetual non-exclusive easement for ingress and egress from Keith Walker, pursuant to an Easement Agreement dated February 5, 1999, and recorded in Deed Book B-22, page 50, Lumpkin County Records.  Additionally, plaintiff received a perpetual non-exclusive easement for ingress and egress from Sandra Walker, pursuant to an Easement Agreement dated February 10, 1999, and recorded in Deed Book B-22, page 49, Lumpkin County Records.  Said easement agreements being described according to a survey prepared by Michael Stewart Kelley, Registered Surveyor, dated May 15, 1998, revised December 09, 1998, revised January 11, 1999, for Donald Arnold, as recorded in Plat Cabinet 1, Slide 25, page 91, of the Lumpkin County, Georgia, Plat Records, said plat being a description of a twenty (20) foot wide drive.

## 3.

On about November 25, 1998, plaintiff sent notice to defendants by certified mail in care of Karina L. Ligon (defendants' daughter, n/k/a Karina Greisl) that plaintiff had a valid easement to the property, that plaintiff had the right to continue to use the easement, that he was attempting to sell the property and that any attempt by defendants to block the easement could impact plaintiff's pending sale.

## 4.

Approximately two years ago, plaintiff's easement was obstructed by the placement of posts by Defendant Melvin Ligon and by brush and debris being piled on the easement right-of-

ATTACHMENT 5 page 2 of 7          2



*this*

way. Plaintiff has had no access through the use of the easement to his property since then, and

he has been unable to check on the condition of the house and contents located thereon.

5.



~~After plaintiff sent the aforesaid letter to defendants' daughter, Defendant Melvin Ligon on behalf of both defendants contacted a buyer who had contracted to purchase plaintiff's property and notified the buyer that they would have no access to the property by the use of the easement. This resulted in the buyer's refusal to complete the purchase.~~

6.

At the hearing on plaintiff's motion for a temporary injunction, Defendant Melvin Ligon

stated on the one hand that he claims no ownership interest in the property through which

plaintiff's easement passes, but on the other hand claimed that he owned an ownership interest

in other property through which the easement passed, and he insisted that he had the right to

prevent the opening of the easement through his property.

7.

The court finds that there is a substantial likelihood that defendants will attempt to

interfere with plaintiff's easement rights unless enjoined from doing so, and that defendants will

attempt to contact potential buyers of plaintiff's property unless enjoined from doing so.

8.

On December 2, 1996 the court entered its Judgment in the case of "Keith Walker,

Administrator of the Estate of Jack Walker v. Melvin K. Ligon and Katalina E. Ligon", Case No.

95-CV-539-DB in the Superior Court of Lumpkin County, which established the property

boundary between defendants herein and the Walker property according to a plat by Frederick

ATTACHMENT 5 Page 3 of 7          3

F. Kauffman & Associates dated October 4, 1995, which is recorded in Plat Book 30, page 108 of the Lumpkin County Records. This boundary line is shown on a plat by Michael Stewart Kelley dated May 15, 1998, revised 12-09-98 entitled Plat of Survey for Donald Arnold. Plaintiff's easement is also depicted on said plat as running along the centerline of Grassy Gap Road.

9.

Defendants herein filed a motion to set aside the aforesaid judgment, which was denied by an order entered June 16, 1999 by this court in Case No. 98-CV-636-HS styled "Melvin K. Ligon and Katalina E. Ligon v. Keith Walker, Administrator of the Estate of Jack Walker".

10.

Since their motion to set aside judgment was denied, Defendant Melvin Ligon has notified this court by letter of December 6, 2001 that he has filed the following cases:

<u>In the United States District Court</u>

2:01-CV-0028-RWS "Melvin K. Ligon and Katalina E. Ligon v. Chicago Title Insurance Company"

2:01-CV-0176-RWS "Ligon v. Frederick Kauffman"

<u>In the Superior Court of Lumpkin County</u>

00-CV-192-HS "Melvin K. Ligon v. Michael Kelley"

00-CV-213-HS "Melvin Kenneth Ligon v. Donald Arnold and Leonard Myers"

00-CV-222-HS "Melvin K. Ligon v. Keith and Sandra Walker"

00-CV-257-HS "Melvin K. Ligon v. Jimmy Berry and Charles Ridley"

---

**ATTACHMENT 5 Page 4 of 7**

United States Court of Appeals for the Eleventh Circuit

01-13243-HH "Melvin K. Ligon v. United States Forestry Service and United States of America" (Appealed from 2:00-CV-0095-RWS, United States District Court for the Northern District of Georgia, Gainesville Division, "Melvin K. Ligon v. United States Forestry Service and United States of America")

01-12710-JJ "Melvin K. Ligon v. Board State of Georgia (Appealed from Case No. 2:00-CV-0163-RWS, United States District Court for the Northern District of Georgia, Gainesville Division, "Melvin K. Ligon v. George Fisher, Board of Professional Engineers and Land Surveyors")

??-?????-?? "Ligon v. Judge David Barrett (apparently Case No. 01-12710-JJ, "Melvin K. Ligon v. State of Georgia", DC Docket No. 00-00163 CV-RWS-2)

At the hearing Defendant Melvin Ligon announced to the court that he had filed an additional action in the Superior Court of Lumpkin County, and at the conclusion of the hearing he hand-delivered to plaintiff's counsel a pleading entitled "Motion for Judicial Notice." While this does not appear to be a new lawsuit, it makes reference to yet another lawsuit which Defendant Melvin Ligon has filed in the Superior Court of Lumpkin County, Case No. 00-CV-258-SB entitled "Melvin K. Ligon v. Larry Luckett and George Martin".

### Conclusions of Law

#### 1.

At any stage in the progress of an action seeking equitable relief the court may hear and determine such matters and pass such interlocutory decree or order as may advance the cause and expedite a final hearing. OCGA §23-4-34. Legal and equitable causes may be joined in the

ATTACHMENT 5 Page 5 OF 7            5

same action.  Concrete Coning Contractors v. Mechanical Contractors & Engineers, 220 Ga. 714 (1965).

2.

The court has authority to enjoin the defendant from filing other actions for the purpose of litigating the same matters in issue in the pending case. Clay v. Smith, 207 Ga. 610 (1951).

3.

The court has the authority to grant equitable relief when the general rules of law would be deficient in protecting from anticipated wrong or relieving for injuries done.  OCGA §23-1-3.

### Order

Defendants are hereby enjoined from doing any act, or assisting in the doing of any act, recommending or soliciting the doing of any act, directly or indirectly, to interfere with plaintiff's exercise of his easement rights set forth above.  In addition, defendants are similarly specifically enjoined from interfering with plaintiff's use of Grassy Gap Road as set forth on the plat by Michael Stewart Kelley dated May 15, 1998, revised 12-09-98, revised 01-11-99 for Donald Arnold recorded in Plat Cabinet One, Slide 25, Page 91, Lumpkin County, Georgia, Plat Records.

Defendants are enjoined from having any communication with any prospective purchaser or purchaser of plaintiff's interest in the realty served by the easement with regard to the easement rights of plaintiff referred to above, any claim of defendants or others adverse to such easement rights, or any litigation, past current or possible in the future regarding the easement rights.

Defendants are enjoined from posting or causing to be posted any sign on any property and they are enjoined from permitting the posting of any sign on any property on which they reside at any time for the purpose of interfering with plaintiff's easement rights set out herein.

ATTACHMENT 5 Page 6 of 7

6

Defendants are enjoined from filing or assisting others in filing any new legal actions in which any relief is sought that would interfere with or alter plaintiff's easement rights referred to above, including the right to use Grassy Gap Road on the aforesaid plat by Michael Stewart Kelley, without consent of Court.

This injunction shall remain in effect pending further order of this court.

SO ORDERED this 9 day of December, 2002.

Stephen E. Boswell, Senior Judge
State of Georgia

STEPHEN E. BOSWELL
Senior Superior Court Judge
State of Georgia

**ATTACHMENT 5 Page 7 of 7**

7

ATTACHMENT b

State Bar of Georgia                    February 13, 2003
800 The Hurt Building
50 Hurt Plaza
Atlanta, GA 30303

> IN RE: Complaint to Bar against Attorney Diane Marger
>        Moore for violations of Attorney Standards Hand
>        Book 1993-1994.

Dear Sir,

Complainant was arrested for not appearing in Court two weeks in the future and retained Attorney Diane Marger Moore to defend the Complainant and have a trail to expose fraud by Superior Court Judge David Barrett.

Lawsuit after lawsuit had occurred due to the Superior Court ruling in Case 95-CV-539-HS that a new land lot line should be set overlapping other new dual land lot lines. A Processioning by the Probate Court using Georgia Code 44-4-1 to find the Original Line was forbidden by David Barrett (This is an illegal act by a sitting Superior Court Judge).

The Decree in Case 95-CV-539-DB was a new line. Simply a sketch and was never surveyed. This caused the case to be appealed all the way to the Supreme Court of Georgia. Both the Supreme Court and the Georgia Court of Appeals ruled that the new land lot line should stand even though it was using a non-amendable sketch of a plat and the surveyor, Frederick F. Kauffman, lost his Land Surveyors License permanently for perjury and his actions at the trail.

The losses to the Complainant in the Superior Court, Georgia Court of Appeals, 11th Circuit U.S. Court of Appeals and U.S. District Court cases has now gone over $507,440.00 dollars.

Superior Court Judge Stephen E. Boswell in order to cover-up the fraud committed by Superior Court Judge David Barrett refused to have a single hearing in any of the Cases in the Superior Court and the three arrest of the Complainant.

Diane Marger Moore was ask by Judge Boswell to take the place of the Pro-Se Attorney, the Complainant, and to talk to all the opposing counsel and get them all to dismiss the cases without a hearing. She bragged about not being paid and advised both sides of the cases with the

Page 1 of 2 KC = Complaint to Bar on Diane.doc

neighbors, the Complainant, and the Opposing Counsel of all the cases. This she did without ever being assigned to the cases. Diane was seen talking to all the opposing counsel in Superior Court Cases 99-CV-685-HS, 99-CV-677-HS, 00-CV-192-HS, 00-CV-222-HS, 00-CV-213-HS, 00-CV-257-HS, and 00-CV-258-HS and she was never the attorney of record in a single one. It was found out later from the letters filed from the opposing counsel that she had in fact told them to file a request for Dismissal on Summary Judgment. Judge Boswell dismissed them all with the help of his friend Diane Marger Moore causing the losses of now over $507,440.00 dollars. Diane had refused to be retained in a single one of the cases and refused to discuss what the cases were about. She should be disbarred for acting in the capacity of issuing instructions to both sides of the lawsuits without ever being assigned as Attorney of Record.

Complainant is filing a lawsuit in the U.S. District Court against Judge Boswell for acting outside his jurisdiction in Case 99-CV-677-HS for setting a new dual land lot line using an illegal plat in violation of the Board of Professional Engineers and Land Surveyors Rules and Regulations Chapter 180-7-.02 Land Titles and Locations 1 (a) and (b).

Best regards,

Melvin K. Ligon
4 Ligon Drive
Dahlonega, GA 30533
(706) 864-7253

PS. Complainant has attached a CD with some of the cases before the courts to show the complex problems caused by Mrs. Moore taking charge of all the cases and bypassing the Pro-Se Attorney as a favor to the Judge. Also read Appeal to the Georgia Court of Appeals Case 00-CV-257-HS. Diane Marger Moore should not be giving free advice to Complainants opposing counsel, neighbors and land owners not being the Plaintiffs or Defendants in the cases, on how to defeat me. I question why she took $3,600.00 dollar to defend me then refused to allow an arraignment so that I could find out why I was arrested.

Attachment "c" Ligon vs. Boswell

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

CASE NO. 02-13706-DD

MELVIN KENNETH LIGON and
KATALINA ELIZABETH LIGON
    Appellants,

       vs.

Chicago Title Insurance Co.
    Appellee
_____/

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR NORTHERN GEORGIA GAINESVILLE DIVISION

PETITION FOR REHEARING ENBANC

Pro Se    MELVIN K. LIGON and
Pro Se    KATALINA E. LIGON
              4 LIGON DRIVE
              DAHLONEGA, GA 30533
              TEL. (706) 864-7253

IN THE UNITED STATES OF APPEALS
FOR THE ELEVENTH CIRCUIT
CASE NO. 02-13706

MELVIN K. LIGON vs. CHICAGO TITLE INSURANCE COMPANY

CERTIFICATE OF INTERESTED PERSONS

The undersigned hereby certifies that to the best of our knowledge and belief the following is a complete list of persons who have an interest in this case:

Brown, Frank O.

Greisl, Karina.

Ligon, Alexander E.

Ligon, Katalina E.

Ligon, Lawrence E.

Ligon, Melvin K.

Nance, Katalina E.

Plus the people in Appeals Cases 01-16775-FF, 01-12710-JJ, 01-13243-HH and 02-10560-AA.

_(Seal)_
Pro-Se Melvin K. Ligon

_(Seal)_
Pro-Se Katalina E. Ligon

C1 of 1

MELVIN K. LIGON V. CHICAGO TITLE INSURANCE COMPANY

Case No. 02-13706

STATEMENT REGARDING ORAL ARGUMENT

The 11th Circuit Court of Appeals Judges Admondson, Black, Marcus, Carnes, Barkett, Hull, Tjoflat, and Dubina have already issued Judgments on the following cases and dismissed them all. Not one case was dismissed on "if the Appellee' were guilty of illegal acts outside the jurisdiction and/or in violation of law", but instead on immunity. There should be no Oral Argument unless you are the ones who wish it. (706) 864-7253.

A = Ligon vs. Superior Court Judge David Barrett 01-16775-FF

B = Ligon vs. Georgia's BOARD for Land Surveyors 01-12710-JJ

C = Ligon vs. U.S. Forestry Service 01-13243-HH

D = Ligon vs. Frederick F. Kauffman 02-10560-AA

E = Ligon vs. Chicago Title Ins. 02-13706-DD

CERTIFICATE OF TYPE SIZE AND STYLE

The Appellant certifies that this Petition uses New Courier 12 point base font in BOLD. Word 97 gives a word count of 2,578 words.

i.

# TABLE OF CONTENTS

**PAGE**

CERTIFICATE OF INTERESTED PERSONS _____ C 1

STATEMENT REGARDING ORAL ARGUMENT _____ i.

CERTIFICATE OF TYPE SIZE AND STYLE _____ i.

TABLE OF CONTENTS _____ ii.

TABLE OF CITATIONS _____ iii.

STATEMENT OF THE ISSUES _____ 1 to 13 of 15

STATEMENT OF THE CASE _____ 14 of 15

SUMMARY OF ARGUMENT _____ 15 of 15

ARGUMENTS   _____ 15 of 15

CONCLUSION _____ 15 of 15

CERTIFICATE OF SERVICE _____ 16

ORDER PER CURIAM AFFIRMED _____ 17-22

TABLE OF CITATIONS

GEORGIA CODE 44-1-15

GEORGIA CODE 44-4-1

GEORGIA CODE 44-4-2

GEORGIA CODE 44-4-5

GEORGIA CODE 44-4-6

GEORGIA CODE 44-4-7

BOARD'S RULES AND REGULATIONS CHAPTER  180-7-.02 Land Titles and Locations (1) (A) and (B).

BOARD'S RULES AND REGULATIONS CHAPTER 180-6 AND 180-7.

## STATEMENT OF THE ISSUES

### HISTORY

#### 1.

John Walker's one hundred and thirty acre estate covers five land lots. The basic problem is the location of seven corner pins by the Forestry Service Tracts 1320-W-I, 1320-W-II, 282, 282-a, 1320-v and John Walker's 1934 Amortization Deed Book S-1 page 17. Due to ERRORS on a 1929 Government Tract 282-a and ERRORS on John Walker's Deed surveyed by J. W. Green both massive Tracts and Plat have different locations for the same corner pins.

#### 2.

In 1945 Writ Book F pages 478 to 481 William Walker vs. N. G. Lance the Superior Court decreed the locations for the seven Original corner pins from 1832.

#### 3.

This Old Superior Court Decree was <u>not</u> implemented correctly. <u>The Writ did not seek out and change the ERRORS records on either Government Tract 282-a or John Walker's Amortization Deed Book S-1 page 17.</u> Instead this Superior Court Decree simply started having some deeds being written

Page 1 of 15

and using the Original set of Corner pins. This was adding a
third set of corner pin locations so that now all three sets
are being used at the same time.

4.

Now, as of January 21, 2003 there are 142 deeds, plats
and other documents which are still using all three
different sets of land lot corner pins. This is at the same
time. The Superior Courts actions to correct the problem is
to carry out new lawsuits (Jack Walker Estate vs. Appellants
case 95-CV-539-DB) and issue new decree setting even a newer
set of land lot corner pins. The Judicial Courts are setting
and adding new setting of land lot corner pins without any
regards to the previous setting of land lot corner pins by
other Superior Court rulings.

5.

Between November 11, 1969 and September 2, 1972 Jack
and Boyd Walker in violation of Criminal Georgia Code 44-1-
15 did destroy and reset National Monuments setting dual
locations to their liking.

Note: I DON'T BLAME THEM: They were living with land lot
lines running through Boyd Walker's house placing his home

Page 2 of 15

in the National Forest. Their Deeds used the three different sets of corner pins defining their land lot 669 as being <u>35 acres</u> in Deed Book T-2 page 586-587, <u>40 acres</u> Deed Book S-1 page 17 and <u>44 acres</u> in U.S. Tracts and now it is <u>56 acres</u> using Boyd Walker's Estate Plat Book 26 page 11. Land Lots are not suppose to grow in size. The Superior Court has disbanded the correct way to set Original Corner pins using Processioning Georgia Code 44-4-1. (This correct way has a plat of the entire land lot made in which a county surveyor and three processioners walk the lines. Then record the plat in the Clerk of the Courts Records and even has the land owners notified ten days before this is done.) Now the Superior Court has replaced the only two legal ways of setting corner pins with a new method using superior court decrees in setting brand new corner pins locations. The decree in Case 95-CV-539-DB does not remove the other sets of corner pins. The Judgment ignores the other sets of corner pins that were previously set for the same land lot line in:

1.    Superior Court Decree from 1945 Writ Book F pages 478
      to 481. This Decree of corner pins should have been

found. It was required under law and according to
Surveyors Rules Chapter 180-7-.02 Land Titles and
Locations 1. (a) and (b) but these corner pins were
ignored on purpose to allow the theft of the land.

2.    Robert Dover's Plat 2 page 18 using errors on U.S.
Forestry Service Tract 282-a was also required by
surveyors rules 180-7-.02 and ignored on purpose.

3.    John Walker's set of corner pins using Deed Book S-1
page 17 was ignored. These Corner pins are required by
law and Surveyors rules Chapter 180-7-.02 Land Titles
and Locations 1. (a) and (b) to be found. They were
ignored to allow the theft of the land.

4.    Jimmy Bullocks corner pin set for the N. G. Lance
Estate on Plat 13 page 142 was ignored and not found.

5.    Boyd Walker's set of pins on Plat 11 page 142 used in
Deed Book I-2 pages 444,445 was ignored and not found.

NOTE: IT IS ILLEGAL FOR ANY SURVEYOR TO NOT USE OR
FIND THE PREVIOUS DEEDS AND PLATS TO THE LAND. THIS IS BY
THE BOARD OF PROFESSIONAL ENGINEERS AND LAND SURVEYOR USING
CHAPTER 180-7-.02 LAND TITLES AND LOCATIONS 1 (a) AND (B).
THE BOARD'S PENALTY FOR NOT USING THE PREVIOUS DEEDS AND

PLATS IS REVOCATION OF SURVEYORS LICENSE. WHICH IS WHAT
HAPPENED TO SURVEYOR FREDERICK F. KAUFFMAN FOR MAKING THE
JUDGMENT LAND LOT LINE ONLY USING A MAP FROM 1926 WITH A
SKETCH OF LINES NEVER SURVEYED BEFORE BEING 9,262 FEET LONG.

6.

The new Decrees have no plat made of any persons
property only the setting of new corner pins by Judge David
Barrett. The Judgment does not inform any neighbor that a
new land lot line was decreed and that they now have
overlapping deeds and are paying taxes on the same land as
other owners on the same land lot line.

7.

The Appellants were denied their Constitutional Right
to have a Processioning under Judicial Decision Georgia Code
44-4-2. This was because Judge David Barrett ordered Probate
Court Judge Ralph Jones to not allow the request by the
Appellants. The Superior Court has no authority to set new
dual land lot corner pins it is not within the jurisdiction
of the Superior Court. The Judgement had no definition using
any of the laws in Georgia Code 44-4-1 called Processioning

or any of the Board of Professional Engineers and Land

Surveyors rules and regulations in Chapter 180-7.

8.

The Decree was fought all the way to the Supreme Court

of Georgia. Judge Marion T. Pope Writ of Certiorari Case

A97A2481, Discretionary Appeal and the Supreme Court Writ of

Certiorari Case S98C0938 reaffirmed that the new dual corner

pins must stand as Decreed in Case 95-CV-539-DB. Not once

did the Higher Courts ask if there were three other sets of

corner pins and another set set by the Superior Court

previously of the same corner pins in different locations.

This does not work, you can not allow the Superior Court to

simply set a new set of pins without using the laws of

Georgia for finding the Original Corner pins.

Note: The problem is Kauffman's testimony

quoted in Deed Book K-22 page 97:

Kauffman's testimony OSAH-SEB-ELS-98-271-42-LFO
PAGE 174. Line 10 to 13.
   Question: "So your testimony is you didn't actually run
the line, as a surveyor would with instruments? You just
sort of looked over there?
   Kauffman's Answer: "That's what happened, yes, sir.
PAGE 146. Line 4 to 8.
   Question: But you're telling me in your testimony today
it's not a plat or a survey?

Kauffman's Answer: "Well, it is what I'd say is a sketch of a survey, even though the word plat is on there. It never was intended to be recorded."

Closing arguments made by Attorney Robert Andrews at Kauffman's Hearing OSAH-SEB-ELS-98-271-42-LFO. Page 242 Line 24 to 25 and Page 243 Line 1 to 10.

"...These are notes on a sketch that Mr. Kauffman prepared for himself. It was later ordered by the Judge to be recorded as a plat. That's the judgment of the Superior Court of Lumpkin County. Now, he could have written or not written anything on his own notes, on his own sketch, to prepare for his testimony as a witness. He could have left off these things because there was no intention for that to ever be used as a recordable plat in evidence, and there is not one word in this testimony in this hearing to contradict that. And that's the testimony of Mr. Kauffman." Kauffman's Hearing OSAH-SEB-ELS-98-271-42-LFO by Lewis R. Link, C.C.R. Certificate No. B-369.

9.

Regrettable the other sets of corner pins stood also because the deeds still used them. Judge David Barrett's Decree did not change a single deed. The Judgment only defined a new set of corner pins identified as the Corners of land lot 741, 742, 772, 771, 770, and 743 using a sketch.

Note: This was a new land lot line using absolute none of the 142 previous lines, deeds or plats. The problem was that all the previous deeds and plats still used all four of the

other sets of corner pins by previous Superior Court Decrees and the Forestry Service and John Walker's Deed S-1 page 17.

10.

The Sheriff Jimmy Berry, Magistrate Court Judge Jeff Lowe and Keith Walker are old friends and every time Keith Walker screams the Appellant is walking on his half of the Appellants rented house Sheriff Berry arrest the Appellant. This has happened three times with the Appellant not being allowed to have an arraignment or a trial and Sheriff Berry marched the Appellant between the Courthouse and the jail in handcuffs and leg irons. They release the Appellant without allowing him to know why he was arrested. This is all detailed in Georgia Court of Appeals Case A03A1117 Appellant vs. Sheriff Jimmy Berry and Commissioner Charles Ridley Superior Court Case 00-CV-257-HS.

THE ISSUES

1.

Should Chicago Title Insurance Company (CTIC) be forced to take on the responsibility and cost in defense of the Appellants home and property. The Appellants were destroyed by lawsuit Jack Walker Estate vs. the Appellants Case 95-CV-

Page 8 of 15

539-DB to the point that they could not longer afford food, and were forced to be paupers sell their home and other property to pay for the Attorneys Fees in the 32 criminal and civil battles filed with District Attorney Stanley Gunter.

2.

Title Insurance is not purchases so that the Insurance Company can refuse to defend the Policy holder causing the lose of their home due to the financial cost of defending their home. The Judgment did not change a single deed or plat it only set two new land lot corner pins. The walkers still think they own half of the Appellants rented house using a new interpretation of the Judgment land lot line by surveyor Michael Kelley in Plat Book Cabinet 1 Slide 25 Plat 91. A new Superior Court Judge named Stephen E. Boswell has been assigned to all Superior Court Cases:

1.    Donald Arnold vs. Appellant 99-CV-677-HS.

2.    Keith Walker vs. Appellant 99-CV-685-HS.

3.    Appellant vs. Arnold & Myers 00-CV-213-HS.

4.    Appellant vs. Michael Kelley 00-CV-192-HS.

5.    Appellant vs. Sandra & Keith Walker 00-CV-222-HS.

Page 9 of 15

6.    Appellant vs. Sheriff Berry 00-CV-257-HS.

7.    Appellant vs. U.S. Surveyor 00-CV-258-HS.

8.    Appellant vs. Alma Edwards 02-CV-378-DB.

9.    Georgia vs. Appellant 2001-CR-538-HS.

3.

Now Judge Stephen E. Boswell has issued an ORDER

PERMANENT INJUNCTION dated December 9, 2002 in Case 99-CV-

677-HS. That a new land lot line runs down the middle of

Appellants rented house and if they walk on the north side

of the line the Appellants will be arrested. Three times the

Appellant has been arrested and Keith Walker only issues a

Citizen Warrant without a hearing. Appellants land lord,

Karina Greisl, was ordered to be arrest in Warrant WA-01-28-

PW  and she had to retain Attorney Diane Marger Moore to

defend herself for $2,600.00 dollars and $3,972.00 dollars

to surveyor Jimmy Bullock for a re-survey of the same land

lot line issued in Judgment 95-CV-539-DB again. Appellant

Melvin K. Ligon was arrested and held 13 days on Keith

Walker's Citizen Warrant WA-01-29-PW and had to pay

$2,000.00 dollars for Attorney Jeb Chatham. The Judgment is

still being fought in the Superior Court Criminal Cases

Georgia vs. Appellants Case 2001-CR-538-HS.

4.

Should CTIC be responsible for changing the system used

by Judge David Barrett that issues such a stupid Decree that

the land lot line can not be found on the ground and the

Appellants are arrested five years after the case is over.

5.

Should CTIC be responsible for pointing out the

dereliction of duty by the BOARD for allowing the existence

of 28 land lot corner pins where there should only be ten.

As the Appellants did in Appellants vs. Georgia Fisher in

11th Circuit Court of Appeals Case 01-12710-JJ.

6.

Should CTIC be responsible for pointing out that the

Forestry Service to save money does not use Processioning

but instead simple places corner pins where they like which

was done by the Appellants in 11th Circuit Court of Appeals

Case Appellants vs. Forestry Service Larry Luckett 01-13243-

HH.

7.

Page 11 of 15

Should CTIC be responsible for suing the surveyor Frederick F. Kauffman for perjury and fraud as the Appellants did in the 11th Circuit Court of Appeals Case Appellants vs. Frederick F. Kauffman 02-10560-AA.

8.

Should CTIC be responsible for the Appellants being arrested three times because of a new illegal plat (A new interpretation of the Judgment in case 95-CV-539-DB) made by Michael Kelley that cuts through the Appellants rented home. As the Appellants did in Appellants vs. Sheriff Berry Superior Court Case 00-CV-257-HS and Georgia Court of Appeals Case A03A1117.

9.

Should CTIC be responsible for doing the research and finding the Original Corner pins as was done by the Appellants and purchasing the land between the dual land lot corner pins set by Criminal Act in violation of Georgia Code 44-1-15 and return the land to the rightful owners as shown on a picture on the next page.

**Picture of land returned to Original Owners**



O → ORIGINAL CORNERS
★ → NEW CORNERS

Jack and Boyd Walker in violation of Georgia Code 44-1-15 did destroy National Monuments and set new dual corner pins where they liked. The 142 deeds and Previous documents show the Original Corner pins. The land between the Dual new corner pins and the Original corner pins was recovered and deeds written reclaiming the land for the rightful owners. The owners names to the land are written from Deed A to Deed R.,.

Page 13 of 15

## STATEMENT OF THE CASE

The only purpose for setting new dual land lot lines is for extortion. The Probate Court has jurisdiction using Processioning Georgia Code 44-4-1. When the Superior Court issues a Judgment setting new dual corner pins the victims (Appellants) pay compensation to the victors and the line returns to the Original Location. All the other owners on the land lot line can simply have a processioning using the Probate Court and stop the extortion. The Superior Court Judge gets cash for the land between the dual corner pins for their friends the plaintiffs. This can only be done by denying the Defendants the right to use Judicial Decision 44-4-2 to reset the Original Corner pins. The punishment by Georgia Law is written in Georgia Code 44-1-15 and is 60 days in jail and a fine of $600.00 dollars for each corner pins set illegally. The other punishment is by the BOARD who governs all cases involving land lot corner pins whether by a surveyors, non-surveyors, Superior Court Judge or Forestry Service agent.

## SUMMARY OF THE ARGUMENTS

This case is about CTIC defending the Appellants against a Superior Court Judge acting outside the jurisdiction of the Superior Court and issuing a new land lot line in violation of the laws of Georgia.

## ARGUMENTS

CTIC left the Appellants to defend themselves against fraud costing them $507,440.00 dollars and driving them into poverty. The purpose of purchasing the insurance was to prevent this type of action from happening.

## CONCLUSION

The fraud by Jack and Boyd Walker has been detected and the land between the dual land lot corner pins returned to the rightful owners with the exception of two that still overlap. This case should be heard and CTIC should be held responsible for the cost of resetting the original Corner pins and living up to the coverage purchases in the insurance policy. The 11th Circuit Judges should have an inquiry to investigate the actions of Superior Court Judge David Barrett in using the Superior Court in violation of the laws of Georgia and the BOARD'S rules and regulations.

Page 15 of 15

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

MELVIN KENNETH LIGON and )
KATALINA ELIZABETH LIGON )
    Appellants, )
     )
    vs. ) Case 02-13706-DD
     ) USDC 2:01-CV-0028-RWS
Chicago Title Insurance Co. )
    Appellee )

## CERTIFICATE OF SERVICE

    This is to certify that we have this day served the counsel for the opposing party with a true and correct copy of this action with adequate postage thereon for delivery in the United States mail addressed to:

Holland and Knight LLP
Att. Frank O. Brown, Jr.
One Atlantic Center
1201 West Peachtree Street, N.E.
Suite 2000
Atlanta, Georgia 30309-3400

Mailed this _25_ day of February, 2003

               Respectfully Submitted,

Pro Se _____ (SEAL)
           Melvin K. Ligon

                       (SEAL)
Pro Se Katalina E. Ligon
        4 Ligon Drive
        Dahlonega, GA. 30533

**[DO NOT PUBLISH]**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

----------------------------------------
### No. 02-13706
### Non-Argument Calendar
----------------------------------------

### D. C. Docket No. 01-00028-CV-RWS-2

```
            FILED
   U.S. COURT OF APPEALS
    ELEVENTH CIRCUIT

      FEB 1 0 2003

    THOMAS K. KAHN
        CLERK
```

**MELVIN KENNETH LIGON,**
**KATALINA ELIZABETH LIGON,**

Plaintiffs-Appellants,

**versus**

**CHICAGO TITLE INSURANCE CO.,**

Defendant-Appellee.

----------------------------------------
### Appeal from the United States District Court
### for the Northern District of Georgia
----------------------------------------

(February 10, 2003)

**Before EDMONDSON, Chief Judge, ANDERSON and BLACK, Circuit Judges.**

**PER CURIAM:**

Plaintiffs-Appellants Melvin and Katalina Ligon, proceeding pro se, appeal the district court's grant of summary judgment in favor of Defendant-Appellee Chicago Title Insurance Company ("CTIC"). Plaintiffs sought to recover damages against CTIC based on claims asserted under a title insurance policy issued by CTIC ("Title Policy"). No reversible error has been shown; we affirm.

The Title Policy identified the insured property as Land Lot 771 in the 11th District, 1st Section, Lumpkin County, Georgia, as more particularly described in a survey prepared for the Plaintiffs by Henry Bailey. The Title Policy covered only actual monetary loss or damage sustained; it excluded coverage of defects, liens, encumbrances, adverse claims or other matters resulting in no loss or damage to the insured. The Title Policy was effective for as long as Plaintiffs retained an estate

2

or interest in the land[1] and obligated CTIC, upon written request, to provide for Plaintiffs' defense in litigation in which any third party asserts a claim adverse to Plaintiffs' title or interest as insureds, but only on those causes of action alleging a defect, lien or encumbrance, or other matter against which the policy provided insurance.  Failure to notify CTIC promptly about claims regarding title or marketability of title to the estate terminated CTIC's liability on those claims.

Plaintiffs contend that CTIC breached its obligations under the Title Policy because (i) title to the insured property vested in someone other than the insureds; (ii) title to the insured property became unmarketable; (iii) right of access to and from the insured property was impaired; and (iv) substantial litigation costs were incurred in defense of several lawsuits that CTIC failed to defend.  Plaintiffs listed eight lawsuits in which they were involved.

---

[1] Coverage also continued as long as Plaintiffs had liability by reason of covenants of warranty made in connection with a transfer or conveyance.

3

The first of these lawsuits -- the 1995 Walker suit -- made no claim

against the insured property.  Instead, it alleged that Plaintiffs were

trespassing on land lot 742.  Judgment in the 1995 Walker suit resulted

in Plaintiffs gaining more land.  The 1995 Walker suit presented no

challenge to Plaintiffs' title to the insured property and, in any event,

resulted in no loss or damage to Plaintiffs' insured interest in the

property.  As the district court recognized, much of Plaintiffs' troubles

regarding their property is tied to inaccuracies they claim exist in the

survey prepared by Bailey.  The Bailey survey was done before the Title

Policy issued, the insured property is defined by the Bailey survey, and

the Title Policy expressly excludes coverage of boundary disputes or

"other matters which would be disclosed by an accurate survey."

Plaintiffs conveyed the insured property to their children on 30

July 1998.  Coverage under the Title Policy ceased when Plaintiffs no

longer retained an estate or interest in the insured property.[2]  CTIC had

---

[2]Coverage continued to protect Plaintiffs against claims made for breach of
warranty in the transfer of the insured property.  No claim is made by Plaintiffs'

**4**

no duty to defend Plaintiffs in suits filed after 30 July 1998, and, in any event, Plaintiffs failed to provide CTIC timely notice of such suits or to request that CTIC provide litigation defense.

Plaintiffs' claims that CTIC breached the Title Policy because title to the insured property became unmarketable are supported by no evidence in the record. The marketability of the additional property gained as a result of the 1995 Walker suit may have been impaired, but this additional property was no part of the insured property. Also, Plaintiffs' claims that they lacked access to the insured property are belied by the record. These additional claims are also precluded by Plaintiffs' failure to notify CTIC timely of the alleged unmarketability of title or impeded access.

Plaintiffs devote their appellate briefs to arguing the merits of the various state court litigations involving overlapping land lot lines and property disputes with their neighbors. But the insured property, as

---

transferees -- their children -- against Plaintiffs.

defined by the Bailey survey, was not at issue in these suits. Because the insurance benefits Plaintiffs sought did not relate to the insured property, CTIC bore no liability for related litigation costs.

We have reviewed all arguments advanced by Plaintiffs; no reversible error has been shown. We affirm the district court's grant of summary judgment in CTIC's favor.

AFFIRMED.

Attachment "d" Complaint to Lumpkin County Sheriff Jimmy Berry's office against Superior Court Judge Stephen E. Boswell for fraud and attempted Extortion. Filed on February 2, 2003 as case number 03-02-018

Page 1 of 2

February 2, 2003 (Filed as Case 03-02-018)

Lumpkin County
Sheriff Jimmy Berry and
District Attorney Stanley Gunter
Courthouse Hill
Dahlonega, GA 30533

Dear Sir,
This is my official complaint against Lumpkin County Superior Court Judge Stephen E. Boswell, for using the Superior Court in violation of Georgia Codes 44-1-15, and 44-4-1 setting two new dual land lot corner pins. The issue of Superior Court Case 99-CV-677-HS of accepting a new interpretation of the location of Land Lot 742 SE and SW corner pins by surveyor Michael Kelley using an illegal plat is in fact a violation of law. This is in violation of the State of Georgia's Board of Professional Engineers and Land Surveyors (BOARD) Rules and Regulations Chapter 180-7.02 Land Titles and Locations 1 (a) and (b). The Order is not consistent with the recorded Deeds and are presently being investigated by Georgia's Assistant Attorney General Ajay Gohil.
Attached you will find the Complaint filed with the BOARD and a copy of three CDs that have all the information on them. In folder (F = PART 8 Complaint of Boswell) you will find the attachments to the Complaint.
Judge Boswell is making statement that are untrue and not of fact. There was no Hearing in Case 99-CV-677-HS at all. The defendants were mailed a letter from Judge Boswell to appear without any paperwork for the purpose of scheduling the Cases in the Superior Court. Then Judge Boswell in the courtroom did not in-fact schedule any cases at all. Judge Boswell had deceived the Defendants by issuing an order to appear for scheduling stating that they were not to bring any paperwork and then Boswell announced that he was changing the meeting to a hearing in case 99-CV-677-HS.
This act prevented any documentation from being introduced. By Judge Boswell own letter did forbid the bringing on any documentation. At no time was Michael Kelley's Plat or the Walker's Easement to Donald Arnold ever

Attachment "d" Complaint to Lumpkin County Sheriff Jimmy Berry's office against Superior Court Judge Stephen E. Boswell for fraud and attempted Extortion. Filed on February 2, 2003 as case number 03-02-018

Page 2 of 2

mentioned in the courtroom or produced. Judge Boswell is covering up fraud and extortion by Superior Court Judge David Barrett and not allowing any evidence to be recorded before a court reporter. Melvin K. Ligon has been arrested three time without ever being allowed to have a arraignment. The cases were dropped and ordered to be dismissed. This is conspiracy to commit fraud by two Superior Court Judges and the Documentation on the CDs proves the complicity and give all the facts.

Judge Boswell has refused to have an oral argument or a hearing in any of the cases and issued orders for all the cases to be dismissed to his friend Diane Marger Moore who was not the attorney in any of the cases except for one.

This is illegal and Defendant Melvin K. Ligon will be filing a lawsuit very soon in the U.S. District Court of Georgia. This particular Complaint is for Boswell blatant violation of the BOARD'S Rules and Regulations in setting new dual corner pins using a plat made by Michael Kelley for the purpose of getting an easement over flat land for his client Donald Arnold. Five complaints against Michael Kelley have already been filed with the BOARD and District Attorney Stanley Gunter for fraud in the making of his plats. The new and illegal setting of new corner pins overlapping other new land lot corner pins by Michael Kelley is in violation of law.

Best regards,

Melvin K. Ligon
4 Ligon Drive
Dahlonega, GA 30533
(706) 864-7253

*ATTACHMENT "d"*

## BEFORE THE STATE BOARD OF REGISTRATION
## FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS

IN THE MATTER OF:

1. _____

   _____

   _____
   (Name and Address of Licensed Engineer or Land
   Surveyor Against Whom a Complaint is Made.)

   **COMPLAINT**

2. **Judge Stephen E. Boswell**

   **P.O. Box 1984**

   **Jonesboro, GA 30237**
   (Name and Address of any Unlicensed Person
   Against Whom a Complaint is Made.)

I, **Melvin K. Ligon**, residing or maintaining my business address at

**4 Ligon Drive**

**Dahlonega, GA 30533 (706) 864-7253**

_____

do hereby make this Complaint before the Georgia State Board of Registration for Professional Engineers and Land Surveyors. I understand that this Complaint will be maintained as confidential by the State Board unless and until a proceeding is initiated thereon.

1. My complaint, in summary, is that **Judge Stephen Boswell** did
   (Name of Person Against Whom Complaint is Made)

   **Issue a Superior Court Order in violation of BOARD'S rules and regulations Chapter 180-7.02 Land Titles and Locations 1 (a) and (b).**

2. The details of my Complaint, including the date and place of specific incidents, in chronological order are as follows:

   **On December 9, 2002 Judge Boswell issue Superior Court Order in Case 99-CV-677-HS setting two new land lot corner pins for Land Lot 742's SE corner and SW corner. These pins are added to the already new and original pins of which several were made in violation of Georgia's Laws.**

It is not within the Superior Courts Jurisdiction for the Superior Court to set new land lot lines. It is not within the power of any surveyor to set new land lot lines without the signed permission of the land owners on the line. See Criminal Georgia Code 44-1-15. The only legal way to set land lot corner pins is with the owners on the line either signing permission (44-1-15) or being notified of a Processioning in accordance with Georgia Code 44-4-1 using Georgia Laws written and listed for finding the Original Corner pins in Georgia Codes 44-4-5, 44-4-6, 44-4-7 in accordance to Judicial Decision in Georgia Code 44-4-2. There is no such think as a Superior Court Judge issuing an Order for the land owners to accept his opionon of which of the interpretations he likes to help his friends.

Complaints have already been filed against the surveyors who invented new dual land lot corner pins in violation of the laws of Georgia.

Complaints were filed with the Georgia Board of Professional Engineers and Land Surveyors and Lumpkin County District Attorney Stanley Gunter Case 00-03-103. A copy of the Complaints can be obtained from Melvin K. Ligon at 4 Ligon Drive, Dahlonega, GA 30533 (706)864-7253. The documentation is contained on three CDs provided with this complaint.

Table of Contents of Complaints.
GA vs. Frederick F. Kauffman.
GA vs. Superior Court Judge David Barrett.
GA vs. County Surveyor Michael Kelley.
GA vs. Keith Rochester and Associates.
GA vs. Michael L. Scupin.
GA vs. Keith Walker.
GA vs. United States Forestry service Jerry Pless.
Ligon vs. Chris Patton. Mr. Patton has concented to work with the BOARD to correct the overlapping deeds and plats in accordance with Chaper 180-6 Ethics (2) and the Complaint was not filed.

3. The names and addresses of persons who have any knowledge of these matters are as follows:

A. **Secretary of State Cathy Cox.**

(Name)

**214 State Capital Atlanta, GA. 30334**

(Address)

Summary of What This Person Saw, Did, or Knows:

**A copy of all the information was filed in an Anti Litem Notice to Cathy Cox. Assistant Attorney General Ajay Gohil is investigating the case.**

B. _____

(Name)

_____

(Address)

Summary of What This Person Saw, Did, or Knows: _____

_____

_____

_____

_____

_____

_____

Being first duly sworn by the person named below, I state that the Complaint set forth above is true and correct to the best of my knowledge and belief.

This _____ day of _____, 199_____.

_____

Complainant

Sworn to and subscribed before me this _____ day

of _____, 199_____.

_____

Notary Public

*ATTACHMENT. "d" LIBON VS. BOSWELL ATTACH A.*

ATTACHMENT A

January 21, 2003


Secretary of State Cathy Cox
214 STATE CAPITOL
ATLANTA, GA. 30334

<u>ANTI LITEM NOTICE</u>

Dear Cathy Cox,
        It is the responsibility of the Board of Professional
Engineers and Land Surveyors (BOARD) to assign an
investigator to Complaints against registered land surveyors
and/or any individual who is in violation of Criminal
Georgia Code 44-1-15. (The destruction of National Monument
and resetting them to new locations with the intent to
commit fraud and steal land.) Your staff has failed to even
be able to find one single violation in all of my complaints
filed with the Board. See Folders F-1 to F-6 on the enclosed
CDs. My Lawsuit against the BOARD'S President George Fisher
has a hard copy of them all. (See: U. S. District Court Case
2:01-CV-163-RWS, and U. S. Court of Appeals Case 01-12710-
JJ.

    Attachment A is the Pictures taken form deeds that show
the ten new dual land lot lines being used at the same time
by registered land surveyors. Just look through the Pictures
and tell me that for the BOARD to say that they could not
fine one single violation of BOARD'S rules <u>Chapter 180-7-.02</u>
<u>Land Titles and Locations (1) (A) and (B)</u> is not stupid.
Your staff of BOARD Members should be fired. I know that
when United States Forestry Service surveyor Jerry Pless,
Superior Court Judge David Barrett, and elected County
Surveyor Michael Kelley, surveyor Keith Rochester, and
surveyor Frederick F. Kauffman are the ones committing fraud
and extortion stealing land that your job is more difficult.
But it is your job. You could stop all the fraud and
extortion by these people by taking one simple action that
would put an end to all new illegal methods of setting land
lot corner pins. You could stop all lawsuits over land lot
lines and my lawsuit against you from ever happening. Just
ask me what is wrong and what we can do to stop it.


Page 1 of 10 Attach A-Anti Litem Notice to Cathy cox.doc

## SOLUTION IS SIMPLE

If a Plat has a land lot corner pin on it make all 400 surveyors in the State of Georgia have a rubber stamp that places on the plat who has jurisdiction to set land lot corner pins and the laws governing the setting of land lot corner pins. Stamp provided on Attachment E of this Notice.

In the State of Georgia there are only two ways to set land lot corner pins, (IPS).

1.  Probate Court using Georgia Code 44-4-1, 44-4-2, 44-4-5, 44-4-6, and 44-4-7. (All land owners notified to the resetting of the corner pin by County Surveyor walking the line with three processioners.) This is simple the land owners set the corners.

2.  Superior Court using Georgia Code 44-1-15. (The signed permission of the land owners.) The land owners again set the corners this is simple.

The laws governing the setting of land lot corner pins should be printed on the plat. Most important of all that the Superior Court Judges do not have the authority to set land lot corner pins, it would be in violation of Georgia Code 44-1-15 and the Judge should be jailed for 60 days and fined $500.00 for each Judgment corner pin set in violation of jurisdiction and the laws of Georgia.

It is in Georgia Code! That no surveyor has the authority to set land lot corner pins only the land owners have the right to set land lot corner pins, period under these two Georgia Codes.

## READ YOUR LAWS: This is the first legal way.

44-4-2       DETERMINATION OF BOUNDARIES       44-4-2

44-4-2. Application for new survey and marking of lines; notice to owners of adjoining lands.
Page 2 of 10 Attach A-Anti Litem Notice to Cathy cox.doc

Every owner of land, any portion of which lies in any
militia district even if the remainder lies in an adjoining
district or an adjoining county, who desires the lines
around his entire tract to be resurveyed and remarked shall
apply to the processioners of the district to appoint a day
when a majority of them, along with the county surveyor,
will trace and mark the lines. Ten days' written notice of
the time of the running and marking shall be given to all
the owners of adjoining lands if they are residents of this
state; and the processioners shall not proceed to run and
mark the lines until satisfactory evidence of the service of
the notice is presented to them. (Laws 1799, Cobb's 1851
Digest, p. 717; Code 1863, & 2353; Code 1868, & 2350;
Code 1873, & 2385; Code 1882, & 2385; Civil Code 1895, &
3244; Civil Code 1910, & 3818; Code 1933, & 85-1605; Ga. L.
1982, p. 3, & 44.)

JUDICIAL DECISIONS

Purpose of processioning. -- processioning was designed to
prevent controversies concerning boundaries of land between
adjacent owners, by having the lines around an entire tract
surveyed and marked, which must be done in order to make the
lines between adjacent owners prima facie correct and
admissible in evidence without further proof. Where it is
apparent on the face of the papers that the processioners
have not complied with this requirement, their return is
without legal effect under the processioning laws. Watson v.
Bishop, 69 Ga. 51 (1882).

Established lines, not new ones, are to be fixed and
determined; the location of lines, not as they ought to be,
but as they actually exist, is to be sought. It is not duty
of the processioners to adjudicate land titles. (Laws
governing this statement are to long for print. See this
page 349).

It is not the function of processioners to ascertain and
fix new lines; their duty is only to run and mark anew those
which can be taken as having been formerly located and
established, (Laws not printed.)

The duty of processioners appointed under authority of
this section is to survey and mark anew established lines as
they actually exist, and not as they ought to have been laid
out originally, (Laws not printed.)

* It is the plain duty of processioners to survey and trace

Page 3 of 10 Attach A-Anti Litem Notice to Cathy cox.doc

```
*   and mark anew existing land lines, that is, old lines
*   already established; and they have no right, power or
*   authority to make or fix new dividing lines between
*   adjoining landowners. (Laws not printed.)
```
   Where a boundary line is sufficiently definite in every
way to establish a true dividing line between the parties,
the processioners' attempt to run a straight line, which
traversed the established line, is invalid since
processioners have no authority under the law to do other
than to mark anew established lines as they actually
                         Page 349
exist; they have no right to run a line where they think it
should be in order to make it straight. (laws not printed.)

(parts of this page skipped)
   Processioners bound by && 44-4-5, 44-4-6, and 44-4-7. --
In processioning and marking anew established lines, the
processioners are bound by the rules which the law
prescribes. These general principles are set out in &&
44-4-5, 44-4-6, and 44-4-7. (Laws not printed.)
           END OF MY PART OF PRINTING 44-4-2
_____

     The second way is in Georgia Code 44-1-15:


                      GEORGIA CODE

44-1-15. Removal or destruction of survey monuments prohibited;
exceptions; penalties.

(a) As used in this Code section, the term:
   (1) " Geodetic control monuments" means those survey monuments
which are established by federal, state, local, and private
agencies, the position of which monuments on the earth's surface
has been fixed by high-order surveying and computation for use by
surveyors and engineers in the extension of geodetic position to
property corners, improvements to property, utility systems,
streets and highways, and such other objects and things as may be
located by surveying. Such monuments may be in the form of metal
disks set in concrete, rock, metal, or some other fixed permanent
object, the position thereof having been published by the agency
which established the monument and made available to the public
as well as to land surveyors and engineers for public use.
   (2) "Property corner monuments" means those survey monuments

      Page 4 of 10 Attach A-Anti Litem Notice to Cathy cox.doc

which are established to identify property corners, the location and description of which are made a part of any plat or any instrument pertaining to real property filed in the office of the clerk of the superior court of any county of this state, Said survey monuments may be any permanent or semi-permanent objects or any live or dead plant material, including, but not limited to, iron or steel pipes, bars, or rods; concrete markers, including highway right of way markers; stone or rock, whether natural or erected; trees, stumps, stakes, and marks, including those marks made on trees, stones, rocks, concrete, or metal; and such other monuments as may be described in said plats and instruments or record.

*(b) It shall be unlawful for any person willfully and knowingly to remove, destroy, injure, or displace any geodetic control monument or property corner monument except under the authority of the agency which originally set the monument or, in the case of a property corner monument, under the authority of a registered land surveyor or duly elected or appointed county surveyor having the written permission of all landowners who are parties to said property corner monument.*

(Italic and Large Print and underlined added for emphasis.) In the case of a geodetic control monument, the record of any authorized change shall be published; and, in the case of a property corner monument, the record of any authorized change shall be filed for record in

page 28

the office of the clerk of the superior court of the county in which the monument is located.

(C) Any person who violated this Code section shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than $100.00 nor more than $500.00 and may also be punished by imprisonment for not less than 30 days nor more than 60 days. (Ga. L. 1978, P. 1614,    1-3; Ga. L. 1982, P. 3,    44.)

Page 29

*Do not be confused by " under the authority of a registered land surveyor or duly elected or appointed county surveyor having the written permission of all landowners who are parties to said property corner monument." The "or" does not exclude the surveyor and give him the right to not*
Page 5 of 10 Attach A-Anti Litem Notice to Cathy cox.doc

*have the signed permission of the land owners.* <u>No</u>
<u>registered land surveyor has the right to set land lot</u>
<u>corner pins without signed permission! It is the law.</u>

   I have no other place to go except the U. S. District
Courts to bring the matters to a head. So therefore I am
going to file a lawsuit against the State of Georgia for
thirty two million dollars. I have already filed a lawsuit
against the BOARD and it was dismissed on immunity, not the
merits of the case. This time I feel that Judge R. W. Story
will have to have an Oral Argument or a Hearing to look at
the merits of the Complaints in which your staff have
covered up. Superior Court Judge David Barrett is the one
who lies, and pushes through the Superior Court a new form
of Processioning that is in direct violations of your Rules
and Regulations Chapter 180-6 and 180-7 he must be stopped.
I have found that Superior Court Judges have been doing this
illegal act in Lumpkin County for over 26 years. Surveyor
Jimmy Bullock stated that after Judge David Barrett cheated
people out of land and he was made a party to it by only
being allowed to answer questions that he caught Judge David
Barrett outside the court room and called him "A DAMM LIAR"
to his face. Is this what you really want? Is for a Judge to
Knowingly steal land and ignore your BOARD's rules and the
laws of Georgia.
   Of course I would not be telling you this if there was
not a solution to the problem that could be enforced
immediately. The Laws in the State of Georgia under Georgia
Code 44-4-2, 44-4-5, 44-4-6, and 44-4-7 have thousands of
laws written down for finding the original land lot lines,
to settle disputes between neighbors. Your (BOARD'S) own
rules and regulations are bases on these laws and vary not
from the laws. All that is needed is a clear understanding
of what the laws are and where to find them.

   The newly invented form of Processioning by Judge
David Barrett was made a Superior Court Decree in Case 95-
CV-539-DB, a Judgment. The new land lot line could not be
found. There are no laws in the state of Georgia for finding
new invented lines using fiction and perjury. The problem
was the Judgment used fiction and a non-amendable sketch
that was never surveyed. The surveyor later explained that
his client (Jack Walker) just told him to make something up,
that he did not care where he put the pins, he just wanted
Page 6 of 10 Attach A-Anti Litem Notice to Cathy cox.doc

something to hurt the Ligons for having him locked up. The
sketch was forced over the objections of the clerk of the
Courts Mr. Edward Tucker to be filed as a plat by Judge
David Barrett. The Judgment sketch failed 28 requirements
demanded by the Plat Act. Barrett's Judgment plat was
recorded in Lumpkin County Records in Plat Book 30 page 108.

(This is a violation of the Board of Professional
Engineers and Land Surveyors Chapter 180-7-.02 Land Titles
and Locations (1) (A) "Every parcel of land whose boundaries
are surveyed by a licensed surveyor should be made
conformable with the recorded title boundaries of such land
whenever possible...") and 180-7-.02 Land Titles and
Locations (1) (B) "In the event that the land surveyor
determines that it is not possible to make the survey of a
parcel of land conformable with the record title of such
land or that it is not possible to coordinate the
predetermined analysis with the field survey, the surveyor
shall explain the reason for his determination and shall
denote undisputable language, the source and reason for the
corners, lines and/or areas as shown on the plat..."

Your BOARD'S rules and regulation not mine. Superior
Court Judge David Barrett has forced two new land lot corner
pins using hatred no facts. The new corner pins gave the
defendant land that belonged to a third party. I was sued to
take land from my neighbor who did not know that Jack Walker
has destroyed the National Monuments and reset them. This
lawsuit forced me to take some land that has been in the
Walker Estate since 1926. How can you be sued for .17 acres
of land and by Superior Court Decree forced to accept .19
acres of land from the man who sued you. This is idiotic
Judge Barrett has been doing this type of setting corner
pins for years and not one person has been able to stop him.
I did not want the land forced upon me at such a ridiculous
cost of attorney fees. I filed appeals to the Georgia Court
of Appeals and the Georgia Supreme Court. I lost, by the
ruling of the Supreme Court of Georgia I must accept the
land that I never owned, that was owned by the Jack Walker
Estate since 1926 and I must buy the land from a third party
who did not know of the fraud by Judge David Barrett.
    Of course Judge David Barrett was sued all the way to
the 11th Circuit Court of Appeals Case 01-16775-FF. The U.
S. District Court Judge R. W. Story ruled without hearing
Page 7 of 10 Attach A-Anti Litem Notice to Cathy cox.doc

the merits of the case that Judge David Barrett is allowed
to commit fraud. That Judge David Barrett has total immunity
by the 11th amendment. Judge Story is and was wrong, this is
a battle of Jurisdiction. Judge Barrett has no right to set
new undefined corner pins using a new form of Processioning
invented by surveyor Frederick F. Kauffman.

Of course Judge David Barrett was not sued for money
but to have all plats with land lot corner pins on them to
state that the Superior Court has no jurisdiction over
setting land lot corner pins. This Melvin K. Ligon spelled
out in his five lawsuits in the U. S. District Court of
Northern Georgia. If Judge Story had an Oral Argument in any
one of the five lawsuits before him over the fraud by Judge
David Barrett maybe no other person in the State of Georgia
would have to put up with immoral Judges acting like they
have the right to set land lot lines. Of course the Superior
Court has no right to set land lot lines. Using what is the
question. There are no laws within Georgia to find new dual
land lot lines decreed by the Superior Court. There are
thousands of laws to find the Original Corner pins in the
Probate Courts. How Judge David Barrett thought he could get
away with such a major violation of Jurisdiction is beyond
me. It seems stupidity rules in Lumpkin with three monkeys
covering up their eyes, ears and mouth. This lack of
following the laws is just what I am accusing you of. The
BOARD has no right to ignore their own laws when it comes to
prosecuting Superior Court Judges and/or United States
Forestry Service Surveyors. They are not Gods and in this
case they are wrong.

In a small community such as Dahlonega with only one
stop light in town the phone book list dozens of Walkers and
only one Ligon. Gossip runs through the courthouse. Judge
David Barrett accepted gossip to set land lot lines and
issued an order in Case 95-CV-539-DB which by Superior Court
Decree set two new dual sets of land lot corner pins
crossing multiple new dual lines over other new dual lines.
Don't you think the BOARD is responsible for the surveyors
using these new dual ten sets of lines at the same time. For
a list of the ten dual sets read on the CDs provided Folder
2 = Affidavit With Pictures and New Corners and the
attachments to it.

Page 8 of 10 Attach A-Anti Litem Notice to Cathy cox.doc

Surveyor Michael Kelley ignored the laws and set a brand new land lot corner pin in his Plat 26 page 11. This new corner pin is 339 feet southeast of all the other previous deeds and plats. There are 60 of them that he is ignoring. Michael Kelley was paid to invent new corner pins so that his client could use flat land in land lot 771 for his driveway instead of a Mountain Slope in land lot 742.

The latest confusion is because of one surveyor named Michael Kelley who is ignoring the Board of Professional Engineers and Land Surveyors Rules and Regulation Chapter 180-6 and 180-7 detailed in Deed Book P-29 pages 568 to 577. The penalty for what Michael Kelley is doing is the removal of his land surveyor's license and 60 days in jail and a fine of 500 dollars. This is all spelled out in the Rules and Regulations and Georgia Code 44-1-15.

<u>It is illegal for any surveyor to set new dual land lot corner pins.</u> Michael Kelley leaves off all the preceding deeds and plats showing exactly where the corner pins originally belong.

Judge David Barrett allows this new form of setting land lot corner pins to be used in court and Judge David Barrett Orders, Adjudges and Decrees new Land Lot corner pins and there by using the Justice Department to steal and take peoples homes and their land.

Respectfully submitted,

_____ (SEAL)

Pro-Se     MELVIN K. LIGON
           4 Ligon Drive
           Dahlonega, GA 30533
           (706) 864-7253

P.S. The new Rubber Stamp is attached in Attachment E.
     If you refuse to force the BOARD to take action with my demand I will start filing the lawsuits against the people who are covering up the fraud by Judge David Barrett.

Judges in U.S. 11th Circuit Court of Appeal Admondson, Black, Marcus, Carnes, Barkett, Hull, Tjoflat, and Dubina.
Page 9 of 10 Attach A-Anti Litem Notice to Cathy cox.doc

U.S. District Court Judge R. W. Story.
Superior Court Judges Stephen E. Boswell, David Barrett, Bobby C. Milam, and Hugh Stone.
Georgia Court of Appeals Judge MARION T. POPE, Judge Edward H. Johnson and Judge Allen G. Blackburn.
Magistrate Court Judge Jeff Lowe.
District Attorney Stanley Gunter.
Sheriff Jimmy Berry is already being sued for arresting me three times using his interpretation of what set he wants to use for his business partner Keith Walker.
Assistant District Attorney Terry Banister and Attorneys William Reilly and Diane Marger Moore.

My God these people appear to be very stupid.
When will this end?

ATTACHMENT. "d" LIGON VS. BOSWELL ATTACH B.

AFFIDAVIT IN SUPPORT OF TITLE
(ATTACHMENT B)

STATE OF GEORGIA
COUNTY OF LUMPKIN

   This Affidavit in Support of Title is signed on this
January 13, 2003.
   FRAUD BY SUPERIOR COURT JUDGE DAVID BARRETT in acting
out of his jurisdiction and inventing new forms of
Processioning that sets brand new land lot lines is a
criminal act of fraud and extortion. The fraud by Judge
David Barrett is being permitted and covered up by the
Georgia Court of Appeals Judge Marion T. Pope and United
States District Court of Northern Georgia Judge R. W.
Story. The truth is in this modern time there is not such
thing as Judge David Barrett simply inventing a new dual
land lot line and allowing surveyors to violate the laws
required in the setting of corner pins. But that is exactly
what has happened in Superior Court Case 95-CV-539-DB.
   ATTACHMENT "A" HAS A LIST OF DEEDS COVERED BY THIS
AFFIDAVIT. Many of the deeds filed have valuable
information written within them. These deeds prove Superior
Court Judges are acting out of their jurisdiction and have
been illegally setting new dual land lot corner pins for
over 26 years. Superior Court Judge David Barrett uses the
Superior Court to commit fraud by violating many of the
constitutional rights of Melvin and Katalina Ligon. Just
one of the many rights violated by Judge Barrett was the
right of the Ligons to use the laws of Georgia to protect
them against such criminal acts. This was Judge Barrett
refusing the Ligons the right to use the Probate Court to
have the corners set by law to the Original Corner Pin
Locations. This is the constitutional right of every
citizen to prevent a trail and is explained in Judicial
Decision Georgia Code 44-4-2 and 44-4-1.
   Support of Title Deed Book E-30 pages 727 to 736
explains that Government surveyors have set new dual
overlapping Land Lot corner pins. Instead of correcting the
errors of multiple land lots overlapping multiple other
land lots Judge David Barrett uses the full force of the

l  *Page 1 of 11*

Superior Court to hide his acts of criminal violation of Georgia's Laws.

In 1995 by Superior Court Decree Judge David Barrett set two new dual corner pins. The Georgia Court of Appeals Judge Marion Pope does not even recognize this type of fraud of setting corner pins as illegal and not within the jurisdiction of the Superior Court. The proof is very simple the new dual corner pins set by Judge Barrett did not use a single preceding survey, deed or plat. The only reference used by witness surveyor Frederick F. Kauffman was a Forestry Service Map dated 1926. This is punishable by Georgia's Board of Professional Engineers and Land Surveyors (BOARD) by criminal prosecution and revocation of Frederick Kauffman's Land Surveyors Licenses. Which did occur after Melvin K. Ligon complained to the BOARD. Judge David Barrett should be placed in Jail for 60 days and fined $500.00 dollars for each corner pin set in violation of the laws as spelled out in Georgia Code 44-1-15.

The laws of Georgia in the making up the BOARD'S rules and regulations Chapter 180-7 are very clear. Absolutely no one is allowed to place corner pins without using the preceding deeds and plats. Judge David Barrett by Decree in Case 95-CV-539-DB has ordered the Ligons to take ownership of land that belonged to a third party (Vivian Sizemore) which was between the dual new corner pins. The man (Jack Walker) who violated Criminal Georgia Code 44-1-15 and destroyed the Original Corner pins and set new dual pins is dead. NO ONE TOLD JUDGE DAVID BARRETT THAT THERE WERE MULTIPLE CORNER PINS SET ILLEGALLY AND IF HE ISSUED A JUDGMENT BY THE SUPERIOR COURT SETTING A NEW SET OF CORNER PINS THAT HE WOULD HIMSELF BE IN VIOLATION OF LAW. JUDGE BARRETT KNOWS THE LAWS AND CHOOSES TO IGNORE IT WHEN IT BENEFITS THE SIDE OF THE LAWSUIT THAT HE WISHES TO WIN.

OVER THE YEARS THERE ARE NINE NEW SETS OF DUAL CORNER PINS. EIGHT OF WHICH WERE SET IN VIOLATION OF GEORGIA LAWS WRITTEN IN JUDICIAL DECISIONS 44-4-2, 44-4-5, 44-4-6, and 44-4-7.

Brand new corner pins in my neighborhood are growing in number and at new location. The public has no say so and are refused the right to have the Probate Court reset the

Original Corners by Probate Court Judge Ralph Jones at
Judge David Barrett's instructions in violation of using
the laws of Georgia. To show the stupidity on top of
stupidity by Superior Court Judges I need to only ask which
one of the new corner pins should be used listed below from
(First set of pins) to the (Tenth, set of pins)? Eight of
which were set by illegal actions.

REGISTERED LAND SURVEYORS HAVE MADE PLATS WITH AS MANY
AS SEVEN NEW DUAL CORNER PIN LOCATIONS FOR THE SAME CORNER
COMMON TO LAND LOTS 770, 771, 742 AND 743. THE SUPERIOR
COURT JUDGE DAVID BARRETT HAS DECREED TWO EXTRA SETS OF NEW
DUAL CORNER PINS BY LAW USING PERJURY AND FRAUD BY SURVEYOR
FREDERICK F. KAUFFMAN. SURVEYOR KAUFFMAN TESTIFYING THAT HE
DID NOT SURVEY ANYTHING. THAT JACK WALKER TOLD HIM THAT
LIGON HAD JACK WALKER LOCKED UP AND THAT JACK WALKER DID
NOT CARE WHERE HE PLACED THE PINS ON HIS SKETCH. (Note:
Plaintiff's surveyor Frederick Kauffman and Attorney Robert
Andrews testified before the BOARD'S Hearing Judge Lois
Oakley that Jack Walker and Robert Andrews only order
Frederick Kauffman to make a sketch to be used in Court.
NOT A PLAT!)
THAT IN FACT JACK WALKER JUST WANTED SOME SKETCH TO
TAKE TO COURT TO COST MELVIN LIGON ATTORNEY FEES BUT THAT
HE EXPECTED THAT HE WOULD LOSE THE CASE IN COURT. FREDERICK
KAUFFMAN TESTIFYING THAT HE WAS TOLD THAT LIGON WAS A RICH
PILOT AND HE THOUGHT THERE WOULD BE SEVERAL SURVEYORS IN
COURT TO CONTRADICT HIM, THAT HE (Kauffman) NEVER EXPECTED
TO WIN. THIS WAS NOT TO HAPPEN AND NOW THE NEIGHBORS HAVE
TO LIVE WITH ALL SEVEN DUAL LAND LOT CORNER PINS. THIS IS
ALL RECORDED AND FILED IN THE DEEDS LISTED IN THIS
AFFIDAVIT. (Look under Kauffman's Testimony filed in the
listed deed books below Attachment "A").
THE UNITED STATES DISTRICT COURT JUDGE R. W. STORY HAS
REFUSED TO HEAR THE CASES AND ALLOW ONLY ONE CORNER PIN TO
BE SET USING PROCESSIONING. JUDGE STORY ISSUED ORDERS
DISMISSING ALL FIVE CASES IN THE UNITED STATED DISTRICT
COURT OF NORTHERN GEORGIA. THE ONLY ISSUE THAT JUDGE STORY
CAN ADDRESS IS IF JUDGE DAVID BARRETT, GOVERNMENT
SURVEYORS, FREDERICK KAUFFMAN AND THE BOARD HAVE TOTAL
IMMUNITY FOR THEIR PART IS SETTING NEW DUAL LAND LOT CORNER

PINS WITH THE INTENT TO COMMIT FRAUD. JUDGE STORY AND THE
UNITED STATES 11TH CIRCUIT COURT OF APPEALS AGREES THAT
TOTAL IMMUNITY MUST PREVAIL AND THAT THE FRAUD IS PROTECTED
BY THE 11TH AMENDMENT.

THE GEORGIA ASSISTANT ATTORNEY DOMINICK CREA STATED
"LIVE WITH IT". Mr. Crea did say he did not understand how
Judge Barrett could issue a new land lot line that it
seemed <u>wrong</u>. IF THE SURVEYORS WHO MADE THE NEW EXTRA
CORNERS DO NOT REVISE THEIR PLATS AND STOP THE OVERLAPPING
OF DEEDS THESE CASES WILL HAVE TO CONTINUE ALL THE WAY TO
THE SUPREME COURT OF THE UNITED STATE. HOW CAN ANY JUDGE
THINK THAT IF THEY IGNORE THE OVERLAPPING DEEDS AND DISMISS
ALL CASES on the 11th Amendment without an Oral Argument or
a Hearing the issues will go away.

Here is a list of one Original set, and nine new dual
sets of land lot corner pins in my neighborhood over the
years.

1.  <u>First set of pins</u>, were the Original Corner locations
    which were set in the 18th century.

2.  <u>Second set of pins</u>, were by error by Forestry Service
    surveyors in three different Government Tracts which
    were made between 1926 and 1929. This caused highly
    pissed off Walkers for over 73 years. They were
    cheated out of land now calculated to be over 9 acres
    by the United State Forestry Service surveyors. (See
    Deed Book E-30 pages 727 to 736, N-27 pages 108 to
    127, and S-23 pages 328 to 361 have a detailed
    explanation.)

3.  <u>Third set of pins</u>, were set by W. J. Green October 19,
    1933 in a plat for a loan by John Walker Deed Book S-1
    page 17 by a stupid assumption that all land lot side
    were 1320 feet in length. These stupid corner pin
    location are still being used today in Sandra Walkers
    Deeds and loans for $126,000.00 dollars.

4.  <u>Forth set of pins</u>, by visiting boyfriend of John
    Walker's daughter Noma Walker a Mr. H. G. Moore. Mr.

Moore signed deeds selling land using his guess of
where the corners belonged in four deeds, one plat,
and Civil Minutes of cases over the years with these
same guessed at corners being used today by a Jimmy
Walker in Land lot 669.

5.    Fifth set of pins, by Superior Court Decree using
      Processioning surveyed by County Surveyor Carl Schultz
      in 1945 Writ Book F pages 478 to 481, these corner
      pins being used by 60 document through today. This is
      the set that I have found to be in agreement with the
      18th Century set of pins, "formerly located and
      established," as per 44-4-2.

6.    Sixth set of pins, was set by Jack Walker and Boyd
      Walker due to their confusion of different
      interpretation of many locations. They violated
      Georgia Code 44-1-15 and illegally destroyed National
      Monuments then set their interpretations. These new
      locations were accepted by Jerry Pless Forestry
      Service surveyor and Supervisor of Documents. No
      neighbors were informed of the new set of corner pins
      as required by law. This new set of corner pins
      placed only for a loan for Robert Dover. This plat
      filed in Plat Book 2 page 18. Robert Dover's Deed Book
      L-2 pages 191 and 192 was not changed and still used
      the 1945 Writ Book F location. Which are still being
      used today by most of the 142 references found in the
      neighborhood as of January 7,2003.

7.    Seventh set of pins, Jack Walker thought he was
      cheated out of land on the south side of land lot 742
      and kept pulling up corner pins according to surveyors
      Henry Bailey and Jimmy Bullock in the hope that his
      newer locations would be accepted. One location set by
      surveyor Jimmy Bullock for the N. G. Lance's Estate
      Plat Book 13 page 142 did accept one of Jack Walker's
      new locations and set a new corner 26 feet east of all
      the other surveyors North South Line.

8.    Eighth set of pins, by surveyor Michael Kelly, this
      was simply gross negligence on his plat for the Boyd
      Walker Estate Plat Book 26 page 11. Kelley setting
      pins in violation of the BOARD'S rules are listed in
      Deed Book P-29 pages 568 to 577.

9.    Ninth set of pins, by Superior Court Judge David
      Barrett in Case 95-CV-539-DB decree. This set had no
      definition and was only conjecture and a sketch by
      Surveyor Frederick F. Kauffman. (Kauffman lost his
      land surveyor's license permanently for his inventing
      a new method of setting land lot corner locations.
      Kauffman bragging that he did not use a single
      proceeding deed or plat before Judge David Barrett
      during the trial of 95-CV-539-DB. Kauffman later at
      his Hearing to revoke his land surveying license
      testifying he never surveyed anything he just looked
      over there walked into the woods and set his pins
      Northwest of Ligon's property.) These new locations
      were because Melvin Ligon helped his 92-year-old
      neighbor Glenn Arnold in a water dispute with Jack
      Walker by cosigning a Good Behavior Bond.

10.   Tenth set of pins, Neighbor Donald Arnold was
      screaming he was going to commit fraud due to the many
      interpretations and that he would sue Ligon, he did in
      Case number 99-CV-677-HS. Mr. Arnold stated he would
      tell Keith Walker to sue Ligon, and he, Keith Walker,
      did in Case 99-CV-685-DB. This conversation was
      recorded transcribed and filed in Deed Book Y-24 pages
      166 to 184 and filed with District Attorney Stanley
      Gunter on videotape in criminal case 00-03-103. All
      this because Mr. Arnold's easement due to the steep
      grade in the mountains was unbearable. Mr. Arnold
      retained surveyor Michael Kelley and Attorney Leonard
      Myers to invent a new interpretation of Judge
      Barrett's Decree in Case 95-CV-539-DB that gave him
      easement through Land Lot 771 over level land. Then he
      sued the Ligons in Superior Court to force his newly
      invented interpretation of the land lot corner pins to

be accepted by Superior Court Decree in his new
lawsuit. Superior Court Judge Stephen E. Boswell has
asked his friend attorney Diane Marger Moore (Not
assigned to the cases a violation of Attorney
Standards) for a favor to step into the cases and tell
the opposing counsel what he (Judge Boswell) wanted to
dismiss the cases. This large group of extra new dual
corners has cost the Ligon Family over $507,440.20
dollars.

United State District Court Judge R. W. Story refused
to have a Hearing or Oral Argument and has dismissed all
the cases filed before him on immunity not the merits of
the cases. This leaves no alternative but the suing of the
Judges and people who are committing the fraud and covering
it up. Judges in U.S. 11th Circuit Court of Appeal
Admondson, Black, Marcus, Carnes, Barkett, Hull, Tjoflat,
Dubina, U.S. District Court Judge R. W. Story, Superior
Court Judges Stephen E. Boswell, David Barrett, Bobby C.
Milam, Georgia Court of Appeals Judge Marion Pope,
Magistrate Court Judge Jeff Lowe, District Attorney Stanley
Gunter, Sheriff Jimmy Berry, and Assistant Attorney Terry
Banister. When will this end? The only case which Melvin K.
Ligon was given Paupers Status was against Chicago Title
Insurance Company and that will allow the case to be filed
before the United States Supreme Court. In the U. S. 11th
Circuit Court of Appeals is assigned Case 02-13706-DD.

It has been found that the State of Georgia stopped
forcing each County to have processioners. The State of
Georgia's Court of Appeals Judges (Marion Pope being the
main one) has requested that Superior Court Judges have the
right to tell Juries that they are to set land lot corner
pins (Using no laws or rules or regulations). This was the
Judgement of the Georgia Court of Appeal in Case A01A0177
and Discretionary Appeal Case A01D0177 and the Supreme
Court of Georgia. No longer is the legal method of setting
corner pins by the Probate Courts to be accepted. This is
the Judgment of the Georgia Court of Appeals Judge Marion
Pope. The dictator of the new methods allowing and guiding
the fraud by Superior Court Judges seem to be the Georgia

Court of Appeals. What Judge David Barrett has done is in fact in violation of Criminal Georgia Code 44-1-15.

SUPERIOR COURT JUDGE DAVID BARRETT IS COMMITTING FRAUD AND EXTORTION. Not one of only two legal ways of setting Land Lot corner pins has been done in Lumpkin County, according the Probate Court Judge Ralph Jones in his 26 years of teenier. This fraud by Judge Barrett is being committed as if the Superior Court has jurisdiction in the setting of new dual corner pins. Other laws violated by Judge David Barrett are listed in Judicial Decision Georgia Code 44-4-2, Georgia Code 44-4-5, 44-4-6, and 44-4-7. Judge David Barrett also accepts violation of the Board of Professional Engineers and Land Surveyor's Rules and Regulations Chapters 180-6 and 180-7. These rules if violated are punishable by loss of Land Surveyors License, a fine and prosecution of criminal charges by the BOARD OF PROFESSIONAL ENGINEERS AND LAND SURVEYORS (BOARD). The BOARD says they are still investigating my Complaint against Judge David Barrett. (Personal Note: Apparently the BOARD can not read their own rules and regulation and apply them to Superior Court Judges.)

Frederick F. Kauffman committed perjury, fraud and attempted extortion. Kauffman was the first and only surveyor to lose his Land Surveyors License permanently for basically fraud and extortion and abuse of process. The illegal new method invented by Frederick F. Kauffman did not use the laws required to set the original land lot line. This left deed after deed with undefined and overlapping deed. Multiple people paying taxes on the same land. Judge Lois Oakley in BOARD Hearing OSAH-SEB-ELS-98-271-42-LFO against Frederick F. Kauffman lists these laws violated by Kauffman in a decision. Judge Oakley's recommendation to revoke Kauffman's License is filed in Affidavit in Support of Title Deed Book 0-24 pages 50 to 122. The only two legal ways to set land lot corner pins are in the Probate Court using Processioning (44-4-1) and the State Court using Georgia Code 44-1-15. Since the State Courts have been dissolved it is now within the Superior Court jurisdiction to only resolve Land Lot Disputes using

8  *Page 8 of 11*

Georgia Code 44-1-15. This is by the Judge asking the
owners of the property on the land lot line to sign their
permission to reset the Original Land Lot corner pin back
to the Original locations after it is explained to them.

The illegal setting of new dual land lot corner pins
by Superior Court Judge David Barrett in Case 95-CV-539-DB
is the main issue and the cause of this Affidavit in
Support of Title. Three times Melvin K. Ligon has been
arrested because no one knows which of the seven dual land
lot lines between Land Lot 742 and 771 are to be used. The
Local Sheriff Jimmy Berry is a friend of Keith Walker and
sides with choosing his interpretation. Keith Walker's Deed
Book I-17 pages 77,78 is no where near the land that Melvin
K. Ligon was arrested on for trespassing. These issues have
been filed with Judicial Courts and other Government
Agencies. Criminal charges have been filed against Judge
David Barrett with District Attorney Stanley Gunter and
Michael Hobbs Case 00-03-103 and 01-08-131. A total of
thirty two (32) cases with a short explanation of the cases
are listed in Affidavit in Support of Title for eleven
deeds that were overlapped due to illegal new methods of
setting corner pins and is filed in Deed Book E-30 pages
727 to 736. Also, the complaints to the BOARD are listed in
Sheriff Jimmy Berry's Case 00-03-103 filed in Deed Book K-
27 pages 571 to 594.

FRAUD BY JUDGE DAVID BARRETT HAS BEEN COVERED-UP. This
cover-up leading to many more lawsuits to be filed. Many
judges have joined in on the violation of Superior Court
Procedures and have even joined the illegal acts now going
on in Lumpkin County by Judges and other elected Officials.
This is quite unusual because the Judge taking part in the
dismissal of the cases using Summary Judgment was Judge R.
W. Story. If Judge Story does not finally consent to have
an Oral Argument or Hearing in the cases the same cases
will be filed in Miami Florida's District Court. In the
District Court Judge R. W. Story will be asked for Paupers
Status which he has already granted in one of the cases
Melvin K. Ligon vs. Chicago Title Insurance Company still
being heard before 11th United States Court of Appeals Case

9  *Page 9 of 11*

02-13706 DD. This request is for help to file a lawsuit against him (Judge R. W. Story) and the other judges who have joined in on the cover-up and violation of Superior Court and other Courts Procedures.

This Affidavit is true and correct to the best of Melvin K. Ligon's knowledge and beliefs as hereby sworn too before all mighty God and the Clerk of the Courts authorized to Notarize this Affidavit in Support of Title.

_____(SEAL)
MELVIN K. LIGON

Signed, sealed and delivered in the presence of:

Signed and sealed January 13, 2003.
By:

Brenda Abee
Notary Public
Commission Expires: 06-01-05

Georgia Code 44-4-2:

JUDICIAL DECISIONS

Purpose of processioning. -- processioning was designed
to prevent controversies concerning boundaries of land
between adjacent owners, by having the lines around an
entire tract surveyed and marked, which must be done in
order to make the lines between adjacent owners prima facie
correct and admissible in evidence without further proof.
Where it is apparent on the face of the papers that the
processioners have not complied with this requirement,
their return is without legal effect under the
processioning laws. Watson v. Bishop, 69 Ga. 51 (1882).
Established lines, not new ones, are to be fixed and
determined; the location of lines, not as they ought to be,
but as they actually exist, is to be sought. It is not duty
of the processioners to adjudicate land titles.

(Laws governing this statement are too long for print. See
page 349 of Georgia Code).

It is not the function of processioners to ascertain and
fix new lines; their duty is only to run and mark anew
those which can be taken as having been formerly located
and established,...

(Note: This last line "formerly located and established,"
This is the problem. Judge David Barrett allowed new
invented sets of land lot lines to be the Decree of the
Superior Court. This was not using the established lines.
Now we have multiple owners paying taxes of the same land.
The plaintiff and the Defendant did not have land which
even touched each over there was a third part who owned the
land between them. The Decree of the Superior Court was not
possible to accomplish. Someone had to buy the land between
the plaintiff and the defendants from the third party
Vivian Sizemore not at the trail and sell it to one side or
the other. This stupid error by Judge David Barrett is what
has brought to the light of day that Judge David Barrett is
the one committing fraud and the cause of the lawsuits
listed in Deed Book E-30 pages 727 to 736.)

TO BE RETURNED TO:

WILL PICK UP

027.135

GEORGIA, LUMPKIN COUNTY
CLERK OF SUPERIOR COURT
Filed 9:15 A M. 10-08-02
Recorded in Deed Book E35 Page 72

Edward E. Tucker

EDWARD E. TUCKER, CLERK

Affidavit in Support of Title
For these Lumpkin County Deeds.
Referred to in this document as
Deeds A to K.
A. Y-24 P. 166-184
B. F-27 P. 309-312
C. I-27 P. 702-705
D. I-27 P. 698-701
E. K-27 p. 571-594
F. B-29 p. 723-727
G. P-29 p. 568-577
H. U-29 p. 485-493
I. U-29 P. 494-504
J. W-29 p. 537-546
K. Z-29 P. 130-132

ATTACHMENT "C"

## AFFIDAVIT IN SUPPORT OF TITLE

STATE OF GEORGIA
COUNTY OF LUMPKIN

THIS AFFIDAVIT IN SUPPORT OF TITLE is executed October
28, 2002. A copy of which will be mailed to each and every
owner of Deeds A TO K.

GOVERNMENT EMPLOYEES HAVE BEEN COMMITTING FRAUD BY
ILLEGALLY SETTING NEW DUAL LAND LOT CORNER PINS FOR OVER
TWENTY YEARS. This Affidavit in Support of Title is written
to place into the Public Domain the following cross
references of all the cases involved in these land disputes.
The acts (Violation of Georgia Code 44-1-15) could only be
done with employees of the Judicial System covering up the
fraud and extortion and thereby being a part of the
conspiracy to commit fraud.

Lumpkin County District Attorney Stanley Gunter has been
mailed, using certified mail, two ANTI LITEM NOTICES' of
charges that he is guilty of nonfeasance. Stanley Gunter is
also guilty of Abuse of Process, and cover-up.

<u>**THERE IS NO LEGAL WAY IN THE UNITED STATES JUSTICE SYSTEM TO DEAL WITH DELIBERATE FRAUD AND EXTORTION COMMITTED BY UNITED STATES FORESTRY SERVICE SURVEYORS**</u>. District manager of the Forestry Service in Gainesville Georgia, George Martin, has explained that Processioning is too expensive and that they do not us Processioning. Research shows that the Forestry Service has not had a Processioning in over 26 years.

Forestry Service Supervisor of Document and surveyor, Jerry Pless, has explained that if he thinks a land lot corner pin is wrong that he has the authority to just set a new location. This action by Forestry Service management and surveyors is what caused the overlapping deeds in this Support of Title for deeds A to K. Malvin Ligon sued the United States Forestry Service on behalf of the owners in the overlapping deeds. Superior Court Case 00-CV-258-HS, U.S. District Court Case 2:00-CV-95-RWS, and U.S. District Court of Appeals Case 01-13243-HH. The outcome of the lawsuit was you could not sue the Government employees due to total immunity.

The Attorney for the Government Assistant United States attorney Patricia Stout has offered a settlement but only for the people who have overlapping deeds A to K by the Forestry Service. The offer was to return the land using Standard Form 95. Which is not a form for the return of land. The form given to Melvin Ligon was called "CLAIM FOR DAMAGE, INJURY, OR DEATH." (FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-98.) This settlement offer does not accept the simple changes requested by the Appellant. Which was if there is a land lot corner pin on a plat to have a note added such as "It is not within the Jurisdiction of the Superior Court or surveyors to set land lot corner pins. The only two legal ways to set Land Lot corner pins are with signed permission of the land owners on the land lot line called Georgia Code 44-1-15, or Processioning Georgia Code 44-4-1 which has the notification of the owners on the land lot line". The offer by Patricia Stout is poor and incomplete, neither does the offer discuss steps that could be taken to stop the reoccurrence, nor compensate the Ligon family for the hundreds of thousands of dollars lost due to the illegal acts of the Forestry Service employees knowing they were in violation of law and setting new dual land lot corner pins anyway.

Stanley Gunter and Judge David Barrett are working hand and hand in the refusal to poor people the right to use Judicial Decision 44-4-2 the resetting of land lot lines.

2   Page 2 of 10 Affidavit Support of TitleAll Deeds.doc

This has caused losses to the Ligon family of over $2,000,000.00 dollars and the on going battle in the cases listed below.

ADVERSE POSSESSION was stopped so that the land between the dual land lot corner pins would not be taken by the criminal acts in violation of Georgia Code 44-1-15 committed by Forestry Service Surveyors, Jack Walker, Boyd Walker, Keith Roohester and Michael Kelley. To stop Adverse Possession from taking effect notice was placed into the Public Domain in Deed Book K-25 pages 80 to 84. Then a copy of Deed Book K-25 pages 80 to 84 was mailed and/or given to the owners of the land with overlapping deeds. County Surveyor Michael Kelley is guilty of Gross Negligence Plat 26 page 11 overlaps multiple land lots on top of other multiple land lots.

### LIST OF DEEDS A TO K IN THIS AFFIDAVIT OF SUPPORT OF TITLE.

Y-24 P. 166-184 Katalina and Melvin Ligon to Melvin Ligon.
F-27 P. 309-312 Kansie Newton to Melvin K. Ligon.
I-27 P. 702-705 Vivian Lance to Melvin Ligon.
I-27 P. 698-701 Vivian Lance to Melvin Ligon.
K-27 p. 571-594 Melvin K. Ligon to Karina Greisl.
B-29 p. 723-727 Melvin Ligon to Edith Stone and Ratzels.
P-29 p. 568-577 Melvin Ligon to Sandra Walker.
U-29 p. 485-493 Melvin Ligon to Clark and Little.
U-29 P. 494-504 Melvin Ligon to Alma Edwards.
W-29 p. 537-548 Melvin Ligon to Pete Caldwell.
Z-29 P. 130-132 Melvin Ligon to Sandra Walker.

LIST OF CASES before the Courts and/or before District Attorney Stanley Gunter are listed below. All these cases were caused by and are a direct result of fraud, gross negligence, extortion and cover-up by the government employees and elected officials listed in Sheriff Jimmy Berry Case number 00-03-103.

Cases in the 11th U.S. Court of Appeals.

1. Melvin K. Ligon vs. Board of Professional Engineers and Land Surveyors (BOARD) 01-12710-JJ. For nonfeasance, covering up fraud and extortion by surveyors who were friends of the BOARDS. Also, for covering up fraud and the illegal setting of seven new dual land lot corner pins by the U.S. Forestry Service surveyor.

2. Melvin K. Ligon vs. Judge David Barrett 01-16775-FF. For violation of Jurisdiction in accepting a new form

3  Page 3 of 10 Affidavit Support of TitleAll Deeds.doc

and type of Processsioning in case 95-CV-539-DB. And the Ordering of a non-amendable sketch to be used as a judgment. Leaving the Ligon family with seven different interpretations of the land lot line between Land Lot 771 and 742.

3. Melvin K. Ligon vs. Frederick Kauffman 02-10560-AA. Under oath, Frederick F. Kauffman confessed before Judge Lois Oakley, and the BOARD'S members that he committed perjury, fraud and extortion before Judge David Barrett in Superior Court Case 95-CV-539-DB. That he did not survey anything and that he was told by Jack Walker to only make up fiction and place the pins anywhere that Jack Walker only wanted to hurt the Ligon family for siding with Glenn Arnold in a water runoff dispute. Lawsuit was for massive losses to the Ligon family caused by Kauffman's perjury.

4. Melvin K. Ligon vs. U.S. Forestry Service 01-13243-HH. In 1926 the Forestry Service cheated John Walker out of land. John Walker is the previous owner of Jack Walker and Boyd Walker's Estate. The error was corrected in 1945 Writ Book F pages 476 to 481. Jack and Boyd Walker due to ignorance in surveying thought they were cheated out of land and in violation of Georgia Code 44-1-15 destroyed National Monuments and reset them where they wanted. Then talked the Forestry Service into setting a total of seven new dual National Monuments. The Forestry Service in violation of the 1945 Superior Court ruling did not research their own deeds or the neighbors. This lawsuit was for the damages to all the neighbors caused by the lack of the Forestry Service not using Processsioning Georgia Code 44-4-1 or the BOARD'S Rules and Regulation. This act by the Forestry Service to save money and bypass the laws required under Processsioning is what caused this Affidavit in Support of Title. Each, land owner now has a deed that specifies the land in their previous deeds that was overlapped illegally.

5. Melvin K. Ligon vs. Chicago title Insurance Company 02-13706-D this lawsuit was to compensate the Ligon family for the losses that they have incurred due to the illegal acts of the United State Government surveyors and elected official Judge David Barrett.

6. History of the chain of events is explained in Deed Books S-23 pages 328 to 361, G-22 pages 109 to 119, O-24 pages 50 to 122, U-29 pages 485 to 493, U-29 pages

494 to 504, Q-29 pages 446 to 448, P-29 pages 723 to 727, Q-24 Pages 303-350 and R-24 Pages 1 TO 18, N-27 pages 108 to 127. This is to include all the references listed in these deed books. The Original and the new dual corner pins have been alternately used over the years leaving sections of land with no taxes being paid on some land and others with two owners of land paying taxes on the same land.

<u>Cases in Lumpkin County Superior Court</u>

7. 95-CV-539-DB Jack Walker Estate vs. Melvin & Katalina Ligon. Judgment used a non-amendable sketch in violation of jurisdiction, the laws of Georgia, and Board of Professional Engineers and Land Surveyors Rules and Regulations Chapter 180-6 and 180-7. The radio waves used and explained to the jury could not be reproduced on the ground. Frankly speaking there is no such thing as radio waves on any 1926 Forestry Service map accurate to 3 centimeters. The only laws found by Melvin Ligon that applied to finding the New Judgment Land Lot line was the actual location of the pins on the ground. Frederick Kauffman testified that he did not know where he stuck the pins because he was ordered by his client Jack Walker and Attorney Robert Andrews to simply make a sketch and not survey anything. That Ligon had Jack Walker locked up and the sketch was simply to hurt the Ligon family, he did not expect to win the lawsuit.

8. Case 897A2031 Melvin K. Ligon vs. Keith Walker, Admr. The case was answered that the filing was in the wrong court.

9. Case A97A2481 is Case 95-CV-539-DB Appealed to the Georgia Court of Appeals. This case was appealed because the sketch used in the Judgment was fiction based on radio waves that could not be found. The end result was multiple land lot lines were being used. The New Land Lot line Decreed by Judge David Barrett crossed several different properties, and the Ligons had no idea of how to resolve the problems. The Georgia Court of Appeals did not publish their findings. Mainly because it was fraud by Judge David Barrett accepting a new form and type of Processioning invented by surveyor Frederick Kauffman.

10. Case No. A97D2481 Discretionary Appeal to case A97A2481. Still trying to have the Georgia Court of Appeals to understand that they had ordered fiction, fraud and perjury to be used to locate a pin on the ground. How can a Judge of the Court of Appeals leave the Ligon family with an undefined Judgment? The deeds in this Affidavit show

without a doubt that several people have overlapping deeds
and plats and it was caused by the Forestry Service
surveyors trying to save money by not having a costly
Processioning of seven dual land lot corner pins.

11.   Case 898C0938, Judge David Barrett Judgment in case 95-
CV-539-DB appealed to the Supreme Court of Georgia.

12.   99-CV-677-HS Donald Arnold vs. Melvin Ligon and
Katalina Ligon. This was Abuse of Process by Donald Arnold
and Leonard Myers. Proof is on a video given to District
Attorney Stanley Gunter. The transcript of the video is
recorded in Deed Book Y-24 pages 166 to 184. Mr. Donald
Arnold stating on the video that he knew where the land lot
Judgment line was. That if not given easement he would
retain an attorney (Leonard Myers) and surveyor (Michael
Kelley) and have a new interpretation of the Judgment line
made moving land lot 742 south giving him easement. And,
that he would talk to Keith Walker and tell him to sue
Melvin Ligon.

13.   99-CV-685-DB Keith Walker vs. Melvin ligon and Katalina
E. Ligon. This lawsuit was after Donald Arnold retained
Attorney Leonard Myers and had surveyor Michael Kelley make
a new interpretation of the Judgment land lot line that
would overlap land lot 742 over land lot 771 by six acres.
This was an illegal attempt to circumvent the Superior
Courts Decision although it had been fought all the way to
the Supreme Court of Georgia. The new interpretation moved
the West and the East land lot corner pins 150 feet and 266
feet south of Sandra Walker and Keith Walker's Deed
recorded in Deed Book I-17 pages 77,78.

14.   00-CR-106-HS Sheriff Jimmy Berry in violation of
Superior Court Judgement 95-CV-539-DB ordered Deputy Todd
Orr to stand guard and protect Donald Arnold and his
construction crew while they destroyed fences and gates
owned by Eniko Mattson and Karina Greisl. Then to protect
them during the construction of a new driveway cutting
through land lot 771. This was done with Deputy Todd Orr
Standing on Karina Greisl's Property. Melvin K. Ligon was
renting the property and when he took steps to stop the
destruction crew Deputy Todd Orr arrested Melvin Ligon. The
new Illegal plat by Michael Kelley was in violation of law.
Melvin K. Ligon filed a lawsuit against Michael Kelley in
the Superior Court Case 00-CV-192-DB. Another lawsuit
Melvin K. Ligon vs. Sheriff Jimmy Berry for false arrest
without a warrant, etc. Melvin K. Ligon sued Sheriff Jimmy
Berry for his actions of taking only a plat as evidence and

sending an officer to protect and arrest Melvin Ligon. Case number 00-CV-257-HS.

15.  00-CV-213-HS, Melvin K. Ligon vs. Donald Arnold & Leonard Myers was for Abuse of Process, the threat of lawsuits and the making of a new Interpretation of the Judgment if not given easement in land lot 771, etc.

16.  A01A0177 Case 00-CV-213-DB appealed to Georgia Court of Appeals. Judge Bobby C. Milam had a Hearing and did not allow any of the evidence to be presented. The Hearing was followed by an order to dismiss Leonard Myers from being the defendant in the case. The Georgia Court of Appeals decision was it was too early. That Leonard Myers was still a defendant in the case and he could be charged for his action of going to Sandra Walkers house for two weeks and conspiring to sue Melvin Ligon using a new interpretation of the Judgment land lot line.

17.  A01D0011 Case 00-CV-213-DB Discretionary Appeal to Georgia Court of Appeals of Case A01A0177. The actions of Judge Bobby C. Milam were in violation of Superior Court procedures and upon being ask to recuse, he did.

18.  Melvin K. Ligon vs. Michael Kelley, Case 00-CV-192-SB, is for Gross Negligence and then fraud. County Surveyor Michael Kelley intentionally ignores deeds, using the Original land lot corner pins. The BOARD'S rules and regulation Chapter 180-6 and 180-7 require their use. This picking of which references he uses is for his client Donald Arnold and Boyd Walker for the sole purpose of setting new dual land lot corner pins giving his client acres of free land and/or easement.

19.  Melvin Ligon vs. Sandra Walker & Keith Walker, Case 00-CV-222-HS, is for Malicious Abuse of Process, Trespass, and Cloud on Title, Fraud, Punitive Damages, Damages and Attorney Fees.

20.  Melvin K. Ligon vs. Sheriff Jimmy Berry and Commissioner Charles Ridley, Case 00-CV-257-HS, is for False Arrest, Malicious Prosecution, Dereliction of Duty, Malfeasance, Punitive Damages, Damages, and Attorney's Fees.

21.  Georgia vs. Ligon 99-PI-566-HS. Reason unknown was dismissed without Ligon knowing there was a case.

22.  Case 2001-CR-538-HS Georgia vs. Melvin Ligon Grand Jury ordered Melvin K. Ligon to be arrested. As of yet no one knows what the charges were. Assistant Attorney to District Attorney Stanley Gunter stated that the reason Melvin K. Ligon was arrested was because Melvin Ligon might have been in the area or he might have talked to someone in the area

7   Page 7 of 10 Affidavit Support of TitleAll Deeds.doc

of some unknown crime? The exact same issue was already in the Superior Court in case 00-CV-222-HS, 00-CV-257-HS, 00-CV-213-HS and 00-CR-106-HS. Melvin K. Ligon had already been arrested for cutting trees and found innocent in the Magistrate Court before Judge Stanley R. Brown. Melvin Ligon had to sign a document that he would not find out who order his arrest, why, and what the charges were. This signed paper is what Judge Boswell wanted to release Melvin K. Ligon from fighting the case in the courts. Judge Stephen Boswell only demanded that Melvin K. Ligon understood that he was signing of his own free will and was not pressured by the Courts to sign the document. No discussion of the document was allowed in the courts or what it meant or what it was for. The bail of a thousand dollars was returned to Melvin K. Ligon. Melvin K. Ligon never found out what he was charged with. (Personal observation by Melvin K. Ligon is that Judge Boswell is now covering up the fraud going on in Lumpkin County, and is now a part of the problem. Judge Boswell is not following the Superior Court procedures and he has been requested to recuse himself. Which has not been done.)

## CRIMINAL CASES FILED

23. Sheriff Case number 1-08-131 Citizen Melvin Ligon vs. Judge David Barrett for setting new dual land lot corner pins in violation of Jurisdiction of the Superior Court overlapping four different owners property.

24. Sheriff Case number 01-06-386 Citizen Melvin Ligon vs. Lumpkin County Surveyor Michael Kelley and his clients for overlapping land lot on top of other land lots.

25. 99-03-074 Melvin Ligon Criminal charges against Keith Walker for cutting fence and pulling up fence post.

26. 99-03-076 Criminal Charges against multiple surveyors for overlapping land lots over other land lots.

27. 00-03-103 Ligon Criminal Charges against Judge David Barrett, surveyors, and others. This case is over 8 feet thick. District Attorney Stanley Gunter has ignored all the evidence.

## CASES IN THE MAGISTRATE COURT.

28. Warrant WA-01-28 issued on Keith Walker's word that Melvin K. Ligon was cutting trees on his property. Case held before Magistrate Court Judge Stanley R. Brown. Keith Walker did not tell Magistrate Court Judge Jeff Lowe that Melvin Ligon sued him in the Superior Court Case number 00-CV-222-HS over the same issues. The case is still pending for Malicious Abuse of Process, Trespass, and Cloud on

8  Page 8 of 10 Affidavit Support of TitleAll Deeds.doc

Title, Fraud, Punitive Damages, Damages and Attorney Fees.
Judge Jeff Lowe only on Keith Walker's word ordered Melvin
Ligon to be arrested and Keith Walker did not check the box
on the form stating that the case was already in the
Superior Court. The Ligon Family is out $7,000.00 dollars
defending the Judgement Land Lot line Ordered and Adjudged
by Judge David Barrett in Case 95-CV-539-DB. Case dismissed
because Karina Greisl owned the land not Keith Walker. It
was Abuse of Process again by Keith Walker and no action
was taken against Keith Walker for his false accusations in
ordering the Warrant.

29.   Private Citizen Warrant WA-01-29 Keith Walker vs.
Karina Greisl. Case before Magistrate Judge Stanley R.
Brown.

   Note: Mrs. Greisl was in North Carolina and Sheriff
Barry could not arrest her and hold her without a
hearing or bail and on a suicide watch as he did to
Melvin Ligon. Melvin Ligon's wife Couldn't retain an
attorney to represent Melvin K. Ligon because the case
was very complicated and already in the Superior Court
Case 00-CV-222-KS. Attorney Chatham would only accept
$2,000.00 dollars on the basis that he would only get
Melvin Ligon out of jail. Attorney Jeb Chatham was
refused the right to speak to his client by Sheriff
Barry's Office. Melvin Ligon held 13 days three of
which were without clothes, only a paper shirt. Later
when question why Sheriff Barry claimed the reason was
because he had Mr. Ligon under a suicide watch. Why? At
the Hearing Melvin Ligon was brought before Judge
Stanley R. Brown in hand cuffs and leg irons and told
by Attorney Chatham not to speak. The survey made by
Jimmy Bullock cost $3,972 dollars. The Clerk of the
Courts refused to allow the Plat to be filed as a plat
because it did not have the acres of anyone's land on
it. The plat only showed the three land lot lines and
the area where trees had been cut. Melvin Ligon had to
pay twice for attorneys and transcripts of the same
issues but in different courts.

30.  Ligon vs. Monica Walker Criminal Charges 01-09-379
Lawsuit to be filed. The day Melvin Ligon got out of jail
Monica was seen ordering her dog to attack Melvin Ligon's
dog. Ripping open his stomach and causing large
veterinarian bills. Lawsuit in the process of being filed.

31.  Ligon vs. Thurman Walker 02-CV-378-DB case could be
settled by trading land in overlapping deeds Deed Book U-29

9   Page 9 of 10 Affidavit Support of TitleAll Deeds.doc

pages 485 to 493. Case awaiting, Oral Argument, Hearing, or
Trial decision by Judge Stephen Boswell.

<u>Magistrate Court Lumpkin County</u>

32.  Ligon vs. Alma Edwards case number 02-MCV196L could be
dismissed by trading land overlapped in Deed Book U-29
pages 494 to 504 and B-29 pages 723 to 727. Case is
awaiting Oral Argument, Hearing, or Trial before Judge
Stephen Boswell. Notice of Appeal from Magistrate Court is
waiting for Paupers Status from Judge Boswell.

33.  Sheriff Jimmy Berry's case 02-10-105 was filed by
Officer Reed Badge number 715 for Illegal Dumping. Sheriff
Jimmy Berry is being used to harass the Ligon family by
sending Officer Reed to Melvin K. Ligon's house at 10:20
P.M. beating on the door and saying that he was charging
Melvin K. Ligon with Illegal Dumping. No warrant and no
illegal dumping had taken place. Mr. Ligon had been
searching garbage bags in his front yard for missing car
keys last seen in his granddaughter's hand. Keith Walker
saw it as an opportunity again to harass Melvin K. Ligon by
claiming the garbage bags were on his property and
illegally dumped.

    <u>IN WITNESS WHEREOF</u>, Melvin K. Ligon has signed and
sealed this Affidavit of Support of Title, the day and year
above written.

    This Affidavit is true and correct to the best of Melvin
K. Ligon's knowledge and beliefs as hereby sworn too.

                                    _____ (SEAL)
                        MELVIN K. LIGON

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____
Notary Public
Commission Expires: _____

This Order was never given to the Defending Attorneys No Hearing was ever scheduled.

IN THE SUPERIOR COURT OF LUMPKIN COUNTY
STATE OF GEORGIA

DON ARNOLD,                    )
                              )
        Plaintiff,            )
                              )         CASE NO. 99-CV-677-DB
vs.                           )
                              )
MELVIN LIGON AND              )
KATALINA LIGON,               )
                              )
        Defendants.           )

*Permanent* ~~TEMPORARY~~ **INJUNCTION**

The plaintiff's motion for temporary injunction having come on for hearing on March 8, 2002 pursuant to notice, and both parties having appeared, and the court having heard and considered evidence, the court finds as follows:

### Findings of Fact

1.

Plaintiff, pursuant to a Deed of Assent by Executor dated October 9, 1998, and recorded in Deed Book C-21, pages 220-221, Lumpkin County Records, is the holder of title in fee simple of a certain tract of land as described below:

> All that tract or parcel of land lying and being in Land Lot 741 in the 11th District, 1st Section of Lumpkin County, Georgia, consisting of 10.500 acres, more or less, and being more fully described and delineated as Tract Two according to a Plat of Survey dated May 15, 1998, prepared by Michael S. Kelley, Georgia Registered Surveyor, which is recorded in Plat Cabinet One, Slide 16, Page 108, Lumpkin County Records, which is incorporated by reference herein. This is a portion of the property which was conveyed by Tom Watson Lance to Glenn H. Arnold under a warranty deed dated June 5, 1975, which is recorded in Deed Book I-3, Pages 538-539, Lumpkin County Records. Also conveyed are those permanent easement rights that were conveyed by Tom Watson Lance to Glenn H. Arnold under said deed.

AN S. HARDMAN, P.C.
POST OFFICE BOX 2455
XXX, Georgia 30533-2455
TELEPHONE (706) 865-6283
FAX (706) 865-6284

*ATTACHMENT, "d" D,*

1

GEORGIA. LUMPKIN COUNTY
CLERK'S OFFICE SUPERIOR COURT
Filed 2:00 P.M. 12-09-02

Said easement referenced in the above legal description being dated May 6th, 1975, and recorded in Deed Book I-3, page 368, Lumpkin County Records.

2.

Plaintiff received a perpetual non-exclusive easement for ingress and egress from Keith Walker, pursuant to an Easement Agreement dated February 5, 1999, and recorded in Deed Book B-22, page 50, Lumpkin County Records. Additionally, plaintiff received a perpetual non-exclusive easement for ingress and egress from Sandra Walker, pursuant to an Easement Agreement dated February 10, 1999, and recorded in Deed Book B-22, page 49, Lumpkin County Records. Said easement agreements being described according to a survey prepared by Michael Stewart Kelley, Registered Surveyor, dated May 15, 1998, revised December 09, 1998, revised January 11, 1999, for Donald Arnold, as recorded in Plat Cabinet 1, Slide 25, page 91, of the Lumpkin County, Georgia, Plat Records, said plat being a description of a twenty (20) foot wide drive.

3.

On about November 25, 1998, plaintiff sent notice to defendants by certified mail in care of Karina L. Ligon (defendants' daughter, n/k/a Karina Greial) that plaintiff had a valid easement to the property, that plaintiff had the right to continue to use the easement, that he was attempting to sell the property and that any attempt by defendants to block the easement could impact plaintiff's pending sale.

4.

Approximately two years ago, plaintiff's easement was obstructed by the placement of posts by Defendant Melvin Ligon and by brush and debris being piled on the easement right-of-

2

*this*

way. Plaintiff has had no access through the use of the easement to his property since then, and he has been unable to check on the condition of the house and contents located thereon.

5.



After plaintiff sent the aforesaid letter to defendants' daughter, Defendant Melvin Ligon on behalf of both defendants contacted a buyer who had contracted to purchase plaintiff's property and notified the buyer that they would have no access to the property by the use of the easement. This resulted in the buyer's refusal to complete the purchase.

6.

At the hearing on plaintiff's motion for a temporary injunction, Defendant Melvin Ligon stated on the one hand that he claims no ownership interest in the property through which plaintiff's easement passes, but on the other hand claimed that he owned an ownership interest in other property through which the easement passed, and he insisted that he had the right to prevent the opening of the easement through his property.

7.

The court finds that there is a substantial likelihood that defendants will attempt to interfere with plaintiff's easement rights unless enjoined from doing so, and that defendants will attempt to contact potential buyers of plaintiff's property unless enjoined from doing so.

8.

On December 2, 1996 the court entered its Judgment in the case of "Keith Walker, Administrator of the Estate of Jack Walker v. Melvin K. Ligon and Katalina E. Ligon", Case No. 95-CV-539-DB in the Superior Court of Lumpkin County, which established the property boundary between defendants herein and the Walker property according to a plat by Frederick

3

F. Kauffman & Associates dated October 4, 1995, which is recorded in Plat Book 30, page 108 of the Lumpkin County Records. This boundary line is shown on a plat by Michael Stewart Kelley dated May 15, 1998, revised 12-09-98 entitled Plat of Survey for Donald Arnold. Plaintiff's easement is also depicted on said plat as running along the centerline of Grassy Gap Road.

9.

Defendants herein filed a motion to set aside the aforesaid judgment, which was denied by an order entered June 16, 1999 by this court in Case No. 98-CV-636-HS styled "Melvin K. Ligon and Katalina E. Ligon v. Keith Walker, Administrator of the Estate of Jack Walker".

10.

Since their motion to set aside judgment was denied, Defendant Melvin Ligon has notified this court by letter of December 6, 2001 that he has filed the following cases:

<u>In the United States District Court</u>

2:01-CV-0028-RWS "Melvin K. Ligon and Katalina E. Ligon v. Chicago Title Insurance Company"

2:01-CV-0176-RWS "Ligon v. Frederick Kauffman"

<u>In the Superior Court of Lumpkin County</u>

00-CV-192-HS "Melvin K. Ligon v. Michael Kelley"

00-CV-213-HS "Melvin Kenneth Ligon v. Donald Arnold and Leonard Myers"

00-CV-222-HS "Melvin K. Ligon v. Keith and Sandra Walker"

00-CV-257-HS "Melvin K. Ligon v. Jimmy Berry and Charles Ridley"

United States Court of Appeals for the Eleventh Circuit

01-13243-HH "Melvin K. Ligon v. United States Forestry Service and United States of America" (Appealed from 2:00-CV-0095-RWS, United States District Court for the Northern District of Georgia, Gainesville Division, "Melvin K. Ligon v. United States Forestry Service and United States of America")

01-12710-JJ "Melvin K. Ligon v. Board State of Georgia (Appealed from Case No. 2:00-CV-0163-RWS, United States District Court for the Northern District of Georgia, Gainesville Division, "Melvin K. Ligon v. George Fisher, Board of Professional Engineers and Land Surveyors")

??-?????-?? "Ligon v. Judge David Barrett (apparently Case No. 01-12710-JJ, "Melvin K. Ligon v. State of Georgia", DC Docket No. 00-00163 CV-RWS-2)

At the hearing Defendant Melvin Ligon announced to the court that he had filed an additional action in the Superior Court of Lumpkin County, and at the conclusion of the hearing he hand-delivered to plaintiff's counsel a pleading entitled "Motion for Judicial Notice." While this does not appear to be a new lawsuit, it makes reference to yet another lawsuit which Defendant Melvin Ligon has filed in the Superior Court of Lumpkin County, Case No. 00-CV-258-SB entitled "Melvin K. Ligon v. Larry Luckett and George Martin".

## Conclusions of Law

### 1.

At any stage in the progress of an action seeking equitable relief the court may hear and determine such matters and pass such interlocutory decree or order as may advance the cause and expedite a final hearing. OCGA §23-4-34. Legal and equitable causes may be joined in the

5

same action. Concrete Coning Contractors v. Mechanical Contractors & Engineers, 220 Ga. 714 (1965).

### 2.

The court has authority to enjoin the defendant from filing other actions for the purpose of litigating the same matters in issue in the pending case. Clay v. Smith, 207 Ga. 610 (1951).

### 3.

The court has the authority to grant equitable relief when the general rules of law would be deficient in protecting from anticipated wrong or relieving for injuries done. OCGA §23-1-3.

### Order

Defendants are hereby enjoined from doing any act, or assisting in the doing of any act, recommending or soliciting the doing of any act, directly or indirectly, to interfere with plaintiff's exercise of his easement rights set forth above. In addition, defendants are similarly specifically enjoined from interfering with plaintiff's use of Grassy Gap Road as set forth on the plat by Michael Stewart Kelley dated May 15, 1998, revised 12-09-98, revised 01-11-99 for Donald Arnold recorded in Plat Cabinet One, Slide 25, Page 91, Lumpkin County, Georgia, Plat Records.

Defendants are enjoined from having any communication with any prospective purchaser or purchaser of plaintiff's interest in the realty served by the easement with regard to the easement rights of plaintiff referred to above, any claim of defendants or others adverse to such easement rights, or any litigation, past current or possible in the future regarding the easement rights.

Defendants are enjoined from posting or causing to be posted any sign on any property and they are enjoined from permitting the posting of any sign on any property on which they reside at any time for the purpose of interfering with plaintiff's easement rights set out herein.

6

Defendants are enjoined from filing or assisting others in filing any new legal actions in which any relief is sought that would interfere with or alter plaintiff's easement rights referred to above, including the right to use Grassy Gap Road on the aforesaid plat by Michael Stewart Kelley, without consent of Court.

This injunction shall remain in effect pending further order of this court.

SO ORDERED this 9 day of December, 2002.

Stephen E. Boswell, Senior Judge
State of Georgia

STEPHEN E. BOSWELL
Senior Superior Court Judge
State of Georgia

7



LUMPKIN S.O.

GA0830000

# INCIDENT REPORT
## Internal
## Copy

CASE NUMBER
0302018

Page 1

---

**INCIDENT TYPE:** CIVIL DISPUTE / LAND DISPUTE

**COUNTS:** 1  **INCIDENT CODE:** 7399  **PREMISE TYPE:** 8  RESIDENCE

**WEAPON TYPE:**

**INCIDENT LOCATION:** 4 LIGON DR. DAHLONEGA  **ZONE:** 2  CITY LIMITS  **CID INVEST.:**

**INCIDENT DATE:** 12/09/2002  **TIME:** 1400  **TO**  **DATE:** 12/09/2002  **TIME:** 1400  **STRANGER TO STRANGER:** NO

**COMPLAINANT:** LIGON, MELVIN  **ADDRESS:** 4 LIGON DR. DAHLONEGA, GA 30533  **SOCIAL SECURITY:**  **HOME PHONE:** 706-864-7253  **WORK PHONE:**

**RACE:** W  **SEX:** M  **HEIGHT:**  **WEIGHT:**  **HAIR:**  **EYES:**  **DOB:**  **EMP/OCC:** ENGINEER

**VICTIM NAME:** LIGON, MELVIN  **ADDRESS:** 4 LIGON DR. DAHLONEGA, GA 30533  **SOCIAL SECURITY:**  **HOME PHONE:** 706-864-7253  **WORK PHONE:**

**RACE:** W  **SEX:** M  **HEIGHT:**  **WEIGHT:**  **HAIR:**  **EYES:**  **DOB:**  **EMP/OCC:** ENGINEER

**OFFENDER NAME:**  **RACE:**  **SEX:**  **HEIGHT:**  **WEIGHT:**  **HAIR:**  **EYES:**  **DOB:**  **SOCIAL SECURITY:**

**WARRANT ADDRESS:**  **EMP/OCC:**  **HOME PHONE NUMBER:**  **WORK PHONE NUMBER:**

**ARREST CHARGES:**  **COUNTS:**  **INCIDENT CODE:**  **OFF. ARR.:**

**SUSPECT:**

**TOTAL NUMBER ARRESTED:**  **ARREST AT OR NEAR OFFENSE SCENE:**  **DATE OF OFFENSE:**

---

**VEHICLE**

STOLEN / RECOVD / SUSPECTS

**TAG NUMBER:**  **STATE:**  **YEAR:**  **V.I.N.:**  **PLATE ONLY:**  **VIN PLATE ONLY:**

**YEAR:**  **MAKE:**  **MODEL:**  **STYLE:**  **COLOR:**

**MOTOR SIZE (CID):**  **TRANSMISSION:**  **SPEED:**  **INSURED BY:**

---

**WITNESS**

**NAME:**  **ADDRESS:**  **PHONE NUMBER:**

---

**PROPERTY**

|  | VEHICLES | CURRENCY, NOTES, ETC | JEWELRY, PREC. METALS | FURS |
|--|--|--|--|--|
| STOLEN |  |  |  |  |
| RECOVERED |  |  |  |  |

PROPERTY RECOVERY INFOR ONLY

|  | CLOTHING | OFFICE EQUIP | TV, RADIO, ETC. | HOUSEHOLD GOODS |
|--|--|--|--|--|
| STOLEN |  |  |  |  |
| RECOVERED |  |  |  |  |

THEFT / RECOVERY
JURIS. CODES
CI = CITY
CO = COUNTY
ST = STATE
OU = OUT OF STATE
UN = UNKNOWN

DATE OF THEFT

|  | FIREARMS | CONS. GOODS | LIVESTOCK | OTHER | TOTALS |
|--|--|--|--|--|--|
| STOLEN |  |  |  |  |  |
| RECOVERED |  |  |  |  |  |

---

**GCIC ENTRY:**  WARRANT  MISSING PERSONS  VEHICLE  ARTICLE  BOAT  GUN  SECURITIES

**DID INVESTIGATION INDICATE THAT THIS INCIDENT WAS DRUG-RELATED?**

**IF YES, PLEASE INDICATE THE TYPE OF DRUG(S) USED BY OFFENDER:**

---

**REQUIRED DATA FIELDS FOR CLEARANCE REPORT:**  CLEARED BY ARREST  [X] EXCEPTIONALLY CLEARED  UNFOUNDED  **REPORT DATE:** 02/03/2003

**DATE OF CLEARANCE:** 02/03/2003  [X] ADULT  JUVENILE  **CLEARANCE CODE:** 280

**REPORTING OFFICER:** JEFFREY MARKARIAN  **NUMBER:** 726  **APPROVING OFFICER:** MICHAEL RAMSEY  **NUMBER:** 704

---

*ATTACHMENT "e"*

LUMPKIN S.O.

GA0930000

# INCIDENT REPORT
## Internal
## Copy

CASE NUMBER

0302018

Page :

**NARRATIVE**

ON ABOVE DATE MR. MELVIN LIGON'S PROPERTY LINE WAS ALLEGEDLY ALTERED BY JUDGE STEPHEN BOSWELL. MR. LIGON ADVISED THAT THIS ALTERCATION WAS OUTSIDE THE SCOPE OF THE JUDGE'S AUTHORITY. MR. LIGON TURNED OVER A PACKAGE OF DOCUMENTS AND THREE C.D.'S CONTAINING INFORMATION TO SUPPORT HIS ALLEGATIONS. THE DOCUMENTS AND C.D.'S WERE PLACED IN AN EVIDENCE LOCKER. MR. LIGON INSISTED UPON A REPORT BEING WRITTEN AND THE DOCUEMNT AND C.D.'S BEING TURNED OVER AND PLACED IN PROPERTY.

Attachment "f" Ligon vs. Boswell Letter asking for trial.
Page 1 of 1

January 2, 2002

Diane Marger Moore
Law Offices of Edwin Marger
44 North Main Street
Jasper, Georgia 30143

Dear Diane,

    This letter is to let you know that under no circumstances are you to allow this case to be dropped and not go to a jury trial. A counter suit for false arrest, imprisonment, harassment, attorney fees, etc should be filed.

    As you know I have been arrested three times and jailed twice by the Sheriff of Lumpkin County. Going to trial is my best opportunity to finally get justice and to put an end to the harassment and abuse inflicted on me and my family. The warrant said I was being arrested for failure to appear and property damage. The arraignment was for December 18. I was arrested December 4. I was arrested for something I didn't do 14 days in the FUTURE.

    I haven't been told of the new date set for the arraignment in front of the new judge. I also believe that I will never get a fair trial in "Walker" County. The government up here is "for the Walkers, of the Walkers and by the Walkers."

                    Best regards,

                    Melvin K. Ligon
                    4 Ligon Drive
                    Dahlonega, GA. 30533
                    (706) 864-7253

"f"

**Attachment "g" Ligon vs. Boswell Charges of Fraud filed with Sheriff Jimmy Berry against Superior Court Judge David Barrett.  Case filed as 01-08-131.**
**Page 1 of 5**

August 10, 2001

Lumpkin County
Sheriff Jimmy Berry and
District Attorney Stanley Gunter
Courthouse Hill
Dahlonega, GA 30533

Dear Sir,
This is my official complaint against Lumpkin County Superior Court Judge David Barrett, for using the Superior Court for the purpose of committing extortion and fraud.
There seems to be no Georgia Judicial Decision that separates the duty of the Probate Judge and the Superior Court Judge.

1. The Probate Judge is forced by Judicial Decision 44-4-2 to set land lot lines using hundreds of laws explained and defined in Georgia Code 44-4-5, 44-4-6, and 44-4-7. This is called Processioning.

2. The Superior Court is not forced to use any laws, but simply Gobbledygook. Because the average Attorney accepts that the Superior Courts duty is to settle property disputes between owners, it is therefore acceptable for the Superior Court to set land lot corner pins. This is no true and a wrong assumption.

3. Judge David Barrett has in case 95-CV-539-DB set a new land lot line in the Judgment to benefit his friends in Lumpkin County. The Head Tax Assessor Mr. Donald Head would not accept the new land lot corner pin set by Judge David Barrett because there are now six new land lot lines overlapping the Original Line between land lot 742 and 771. This is not supposed to happen. After I filed an Ante Litem Notice against Mr. Donald Head he did accept the new land lot corners and allowed the four people with overlapping deeds to pay taxes on the same land. The new land lot line Adjudged, Ordered, and Decreed by Judge David Barrett in case 95-CV-539-DB was fought all the way to the Supreme Court of Georgia. Now there are seven new and original land lot lines between land lot 742 and 771.

**Attachment "g" Ligon vs. Boswell Charges of Fraud filed with Sheriff Jimmy Berry against Superior Court Judge David Barrett.  Case filed as 01-08-131.**
**Page 2 of 5**

4. There must be a Judicial Decision in which if the Superior Court tries to apply Gobbledygook to set new land lot lines the Courts must revert back to the Probate Judge for the use of laws in the finding of land lot lines. It is stated in the Processioning heading that the reason for Processioning is to prevent the high cost of trail. This was to aid poor citizens against the rich.

5. Attached as Attachment (1) is my complaint to the BOARD OF PROFESSIONAL ENGINEERS AND LAND SURVEYORS against Judge David Barrett for using the Superior Court to act like the Jury, using no laws, has the right to set land lot Corner pins. There is no such precedence in any law used in Georgia that allows Judge David Barrett to use gobbledygook instead of the hundreds of laws in Georgia Codes 44-4-2, 44-4-5, 44-4-6, 44-4-7, 44-1-15 and Surveyors Rules and Regulations 180-6 and 180-7 for setting land lot corner pins.

6. There is no conflict in law the only way to establish a land lot line making it prima facie correct is through Processioning.

7. There must be a Judicial Decision that if a Superior Court Judge attempts to set a land lot corner pin the case is returned to the Probate Judge's jurisdiction. Judge David Barrett knows the laws and yet he uses his position to bypass all the laws and use gobbledygook to set new corner pins.

The details showing extortion and fraud by Judge David Barrett are filed in your case number 00-03-103 my original complaint of fraud and extortion against Judge David Barrett, Frederick Kauffman, Michael Kelley, Keith Rochester, Jerry Pless etc. in items A to Z, BA to BZ, and CA to CH. Please make arrangement with me if you are missing any items.

As you are fully aware Jack Walker moved seven land lot corner pins south and told surveyors that's where they belong because of a 1945 Superior Court Writ Book F page 478 to 481 decision.

My Complaint filed with your offices case number 01-06-386 Melvin K. Ligon vs. Michael Kelley, Thurmond Walker, Alma (Dover) Edwards, Keith Walker, Sandra Walker, Joseph Little and Frank Clark explains the overlapping Deeds.

Jack Walker sued my wife and me to punish us for signing a Good Behavior Bond against him in April of 1994.

**Page 2 of 5 Attach g = Case 01-08-131GA vs Barrett.doc**

**Attachment "g" Ligon vs. Boswell Charges of Fraud filed with Sheriff Jimmy Berry against Superior Court Judge David Barrett.  Case filed as 01-08-131.**
**Page 3 of 5**

Superior Court Judge David Barrett carried on the Superior Court Case 95-CV-539-DB to punish us and Jack Walker's ultimate reason was to lose the court case. Jack Walker must have thought that the land between the two dual corners would be added to his deed when he lost. The cause of the fraud and extortion is explained in Deed Books N-27 pages 108 to 127 and Deed Book S-23 pages 328 to 361 and again in Deed Book G-22 pages 109 to 119.

  Judge David Barrett has no right to establish land lot corner pins. Judge David Barrett is in violation of Georgia Code 44-1-15 and should be fined not less than $100.00 dollars nor more than $500.00 dollars and put in jail for not less than 30 days or more than 60 days.

  I have mailed an "Anti Litem Notice" to District Attorney Stanley Gunter and will be filling a lawsuit against him as soon as I can for his lack of action in the Criminal Cases I have filed with your offices.

        Be Governed Accordingly.


                        Best regards,

Computer Copy of what was filed.

                        Melvin K. Ligon
                        4 Ligon Drive
                        Dahlonega, GA 30533


44-4-2          DETERMINATION OF BOUNDARIES

44-4-2. Application for new survey and marking of lines; notice to owners of adjoining lands. Every owner of land, any portion of which lies in any militia district even if the remainder lies in an adjoining district or an adjoining county, who desires the lines around his entire tract to be resurveyed and remarked shall apply to the processioners of the district to appoint a day when a majority of them, along with the county surveyor, will trace and mark the lines. Ten days' written notice of the time of the running and marking shall be given to all the owners of adjoining lands if they are residents of this state; and the processioners shall not proceed to run and mark the lines until satisfactory evidence of the service of the notice is

**Attachment "g" Ligon vs. Boswell Charges of Fraud filed with
Sheriff Jimmy Berry against Superior Court Judge David
Barrett.  Case filed as 01-08-131.**
**Page 4 of 5**

presented to them. (Laws 1799, Cobb's 1851 Digest, p. 717;
Code 1863, & 2353; Code 1868, & 2350; Code 1873, & 2385;
Code 1882, & 2385; Civil Code 1895, & 3244; Civil Code 1910,
& 3818; Code 1933, & 85-1605; Ga. L. 1982, p. 3, & 44.)

JUDICIAL DECISIONS
    Purpose of processioning. -- processioning was designed to
prevent controversies concerning boundaries of land between
adjacent owners, by having the lines around an entire tract
surveyed and marked, which must be done in order to make the
lines between adjacent owners prima facie correct and
admissible in evidence without further proof. Where it is
apparent on the face of the papers that the processioners
have not complied with this requirement, their return is
without legal effect under the processioning laws. Watson v.
Bishop, 69 Ga. 51 (1882).
    Established lines, not new ones, are to be fixed and
determined; the location of lines, not as they ought to be,
but as they actually exist, is to be sought. It is not duty
of the processioners to adjudicate land titles. (Laws
governing this statement are to long for print. See this
page 349).
    It is not the function of processioners to ascertain and
fix new lines; their duty is only to run and mark anew those
which can be taken as having been formerly located and
established, (Laws not printed.)
    The duty of processioners appointed under authority of
this section is to survey and mark anew established lines as
they actually exist, and not as they ought to have been laid
out originally, (Laws not printed.)
    It is the plain duty of processioners to survey and trace
and mark anew existing land lines, that is, old lines
already established; and they have no right, power or
authority to make or fix new dividing lines between
adjoining landowners. (Laws not printed.)
    Where a boundary line is sufficiently definite in every
way to establish a true dividing line between the parties,
the processioners' attempt to run a straight line, which
traversed the established line, is invalid since
processioners have no authority under the law to do other
than to mark anew established lines as they actually
                       Page 349
exist; they have no right to run a line where they think it
should be in order to make it straight. (laws not printed.)
(parts of this page skipped)

**Page 4 of 5 Attach g = Case 01-08-131GA vs Barrett.doc**

**Attachment "g" Ligon vs. Boswell Charges of Fraud filed with
Sheriff Jimmy Berry against Superior Court Judge David
Barrett.  Case filed as 01-08-131.**
**Page 5 of 5**

Processioners bound by && 44-4-5, 44-4-6, and 44-4-7. - In
processioning and marking anew established lines, the
processioners are bound by the rules which the law
prescribes.
These general principles are set out in && 44-4-5, 44-4-6,
and 44-4-7. (Laws not printed.)
Page 350
Survey of Tract not evidence to support adverse
possession. -- The resurvey of a tract of land, or entering
on a tract of land for the purpose of making a survey, is
not evidence to support an adverse possession. Dillon v.
Mattox, 21 GA. 113 (1857). Return rejected where
processioners and surveyor ignore claims and possession of
parties. __ Where the processioners and
surveyor testify that they ignored the claims of both sides,
and paid no attention to the possession of the parties,
although the parties actually claim such possession, their
return must be rejected.

BEFORE THE STATE BOARD OF REGISTRATION
FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS

IN THE MATTER OF:

1)

_____

_____

(Name and Address of Licensed Engineer or Land
Surveyor Against Whom a Complaint is Made.)

COMPLAINT

2)

David Barrett
59 South Main ST. Suite K
Cleveland GA 30528

(Name and Address of any Unlicensed Person
Against Whom a Complaint is Made.)

I, **Melvin K. Ligon** , residing or maintaining my business address at

4 Ligon Drive  Dahlonega, GA. 30533

do hereby make this Complaint before the Georgia State Board of Registration for Professional Engineers and Land Surveyors. I understand that this Complaint will be maintained as confidential by the State Board unless and until a proceeding is initiated thereon.

1. My complaint, in summary, is that **Judge David Barrett**

(Name of Person Against Whom Complaint is Made)

did use the Superior Court of Lumpkin County to by pass all the laws governing the setting of land lot corners. Due to the rising cost of Processioning, it appears that Judge David Barrett and the State of Georgia Appellate Court Judge MARION T. POPE, Judge Edward H. Johnson, Judge Allen G. Blackburn have agreed on a new way to set land lot corner pins without using any laws.

2. The details of my Complaint, including the date and place of specific incidents, in chronological order are as follows:

I have filed a Complaint with District Attorney Stanley Gunter and Sheriff Jimmy Berry in case number 00-031-03 Item's A to Z, AA to AZ, BA to BZ, and CA to CJ. Complaint of fraud and extortion against Judge David Barrett, Michael Kelley, Keith Rochester, Jerry Pless, Frederick Kauffman, etc. *ATTACH MENT. "# "G" P.1 oF 3*

Attachment A is my Complaint now in the 11th District Court of Appeals case number 01-12710-JJ against the BOARD OF PROFESSIONAL ENGINEERS AND LAND SURVEYORS for ignoring this massive violation of Georgia Code Rules and Regulations 180-6 and 180-7.

Attachment B is my Complaint now in the United States 11th District Court of Appeals case number 01-13243-HH against the Forestry Service for illegally setting seven  new dual land lot corners without using a single law in Georgia Code 44-4-2, 44-4-5, 44-4-6, and 44-4-7. Also for not informing the land owners using the corner pins in violation of Georgia Code 44-1-15.

Attachment C is my Complaint in the United States District Court Northern District, Gainesville Division, against Judge David Barrett for violations of Superior Court Procedures, Extortion, and Fraud recorded in Case Number 2:01-CV-0136-WCO.

ATTACHMENT. O P 2 OF 3

3. The names and addresses of persons who have any knowledge of these matters are as follows:

A _____
(Name)

> All the names of the individuals who know of
> this case and can explain some parts are
> listed in Attachment A and B.

_____
(Address)

Summary of What This Person Saw, Did, or Knows: _____

_____

_____

_____

_____

_____

_____

B _____
(Name)

_____
(Address)

Summary of What This Person Saw, Did, or Knows: _____

_____

_____

_____

_____

Being first duly sworn by the person named below, I state that the Complaint
set forth above is true and correct to the best of my knowledge and belief.

This _____ day of _____, 199____

COMPUTER COPY OF WHAT WAS FILED,

Complainant

Sworn to and subscribed before me this _____ day

of _____, 199____

Notary Public   ATTACHMENT "O"   P 3 oF 3
"9"

Attachment "h" Ligon vs. Boswell Charges against Michael
Kelley. Part of Case 01-06-386.

Page 1 of 3

June 26, 2001

Lumpkin County
Sheriff Office
Attention Jimmy Berry

Dear Sir,
    This is my Complaint against Alma (Dover) Edwards and
Michael Kelley for selling land that belongs to me. My
Property in Deed Book I-27 pages 698 to 701 has been
overlapped by Surveyor Michael S. Kelley using Plat Cabinet
1 Slide 29 page 178B. Alma (Dover) Edwards Deed recorded in
Deed Book L-2 pages 191 to 192 does not include my property
shown on my Support of Title Plat Book Cabinet 1 Slide 40
Plat 193 or Plat Book Cabinet 1 Slide 22 Plat 23 using the
Original Corner of land lot 771. References proving the
ownership are listed in Deed K-27 Pages 571 to 594.
    Now because of Michael Kelley's Plat Edith H. Stone and
Leah H. Ratzel are paying taxes on the same land that I am
paying taxes on.
    I have filed a Lawsuit against Michael S. Kelley in
Superior Court case number 00-CV-192-HS for Gross
Negligence, fraud and extortion. In Sheriff Jimmy Berry's
Case Number 00-031-03 are four complaints against Michael
Kelley to the BOARD OF PROFESSIONAL ENGINEERS AND LAND
SURVEYORS. Complaints filed in Item's N, O, P, and BQ all
show Gross Negligence and Fraud committed by Michael Kelley.
    Alma Edwards has stated that she knows the five acres
of land was left off her deed and that she wants it back.
Then She said she has too many problems to fight a lawsuit
against the United States Forestry Service.
    Quote from Ligon's Deed Book O-24 pages 50 to 122
Exhibit B shows that Alma (Dover) Edwards ex husband Robert
Dover knew the Forestry Service came through and created
dual land lot corners hiding five acres of land from Alma
Edwards in her deed Robert Walker to Robert Dover Deed Book
L-2 pages 191,192. Now and Formally deed Noma Walker to
Robert Dover Deed Book K-2 page 473, Deed Book I-2 pages 304
and 305 and Deed Book I-2 page 10. All of the Deeds show

that Alma Edwards owns 15 acres of land from land lot corner to Land Lot corner.

Now Michael Kelley disregards the Southeast corner of land lot 742 and in violation of multiple rules and regulation of the BOARD has overlapped a section of my property and as a result Alma has sold my property to Edith Stone and Leah Ratzel using Michael Kelley's new Plat Cabinet 1 Slide 29 Plat 178B.

Quote from Case Number 00-031-03 Item J Deed Book O-24 pages 50 to 122:

### EXHIBIT B
CONVERSATION BETWEEN ROBERT DOVER AND MELVIN LIGON.

"Ligon: ...it is 10 feet to a government corner and then goes due east to government corner. That's what it says in your Deed L2 page 191,192.

Dover: I'm trying to ease my mind.

Ligon: Well I.

Dover: I don't think I've helped you very much. But I - you know. I want to be honest about it and I'm sorry that you lost some property. I don't know what I can do about it. All I know is one time they painted the Forestry Service painted a line down there on some trees. Then ten years later they came over I don't know how many feet and painted again and painted through my garden and painted through my little out building down there you know.

Thurman (Walker) told me and I remember that ah, they moved over on his or something and cut his house in two, don't know that's hearsay. But Thurman said they had moved in over there and cut his house in two or something or other. Now that's hearsay but I did see it happen there on my property. They had red lines over there on my property. They had red lines over there at one point and all of a sudden they surveyed again and they moved it over again. I don't remember how many feet. Cut it in two. They painted it but there wasn't anything done about it. I don't know if it's pertinent to your case but I do remember that.

Ligon: Jerry Pless USFS guy said "How come that building is sitting in USFS land?" He noticed that too. But that new survey moved that line down and covered your building on the

older one it might not have covered your building. I don't know.

    Dover: Cause it was marked around it. I seen the old paint.

    Ligon: The old paint was marked around the building?

    Dover: Yes. It went past east of the old building past across the branch. Then they all of a sudden they re-surveyed, which I've heard of it happening before, they moved it over, until it crossed the corner of the old building.

    Ligon: Did you also know that your property was defined as being 15 acres in Deed Book 2 Page 18 the one that you had drawn up. It was changed to 10.17 acres.

    Dover: I did notice that because I bought it for 14 or 15 acres when I first bought it.

    Ligon: It was written as 15 acres and it went down to 10.17 acres.

    Dover: When I had it surveyed it took 10 point something.

    Ligon: Yes you lost 5 acres.

    Dover: Sure I did. I don't know. It sounds like my friends are infringing on me.

    Dover: I don't want to remember. And I don't want to say anything to help you or anything to hurt you. I just don't care."

     It is my suggestion that your investigator have the three of us set down and figure out what we can do to resolve Cloud on Titles created by Michael Kelley's Gross Negligence.

Best regards,

Melvin K. Ligon
4 Ligon Drive
Dahlonega, GA 30533
706-864-7253

Attachment "h" Ligon vs. Boswell Criminal Charges against
Michael Kelley. Part of Case 01-06-386.

Page 1 of 1

June 26, 2001

Lumpkin County
Sheriff Office
Attention Jimmy Berry

Dear Sir,

This is my Complaint against Thurmond Walker and
Michael Kelley for the illegally making of Plat 26 page 11
that overlaps Land Lot 742 over Land Lot 771. Mr. Kelley
knew of the fraud by Jack Walker in setting seven dual land
lot corners and has done nothing to correct the problems as
explained in Sheriff Jimmy Berry's case number 00-031-03.

Thurmond Walker inherited Boyd Walker Estate in Deed
Book X-12 page 100. Then sold some Parcels to Townsend,
Seabolt, and Dockery in Deed Book X-12 page 102. They intern
transferred the land to Little and Clark in Deed Book M-15
page 188. All the transferring of land was done using plat
by surveyor Michael Kelley recorded in Plat Book 26 page 11.
The property in my Deed I-27 pages 698 to 701 has references
that go all the way back to 1926, that is proof that the
Lance family was the rightful owners of Parcels C and D on
Plat Book Cabinet 1 Slide 40 Plat 193. The results is that
my property in Deed I-27 pages 698 to 701 has a Cloud on the
Title and more than one owner is paying taxes on the same
property.

My evidence is provided in Sheriff Jimmy Berry's case
number 00-031-03 Item A, B, L, and all the other items.

Recently filed Motion to Judge Bobby C. Milam in Case
Number 00-CV-192-HS has been added as Item BQ. Which is more
exact detail of the overlapping property.

It is my recommendation that Sheriff Jimmy Berry's
Investigator has all the Parties involved at a meeting to
resolve the Cloud on Titles.

Best regards,

Melvin K. Ligon
4 Ligon Drive
Dahlonega, GA 30533
706-864-7253

Attachment "h" Ligon vs. Boswell Charges against Michael
Kelley to Sheriff Jimmy Berry and Board of Professional
Engineers and Land Surveyors. Case filed as 01-06-386.

Page 1 of 1

June 26, 2001


Lumpkin County
Sheriff Office
Attention Jimmy Berry

Dear Sir,
        This is my Complaint against Sandra Walker and Keith
Walker and Michael Kelley for using Plat Cabinet 1 Slide 25
Plat 91 and writing an easement to Donald Arnold in Deed
Books B-22 pages 49 and 50. The Plat referred to is in
contradiction the Sandra and Keith Walker's Deed recorded in
Deed Book I-17 pages 77 and 78. The now and formally deeds
are listed in Deed Book K-27 pages 571 to 594.
        My proof of the fraud and extortion is detailed in
Sheriff Jimmy Berry's case number 00-031-03.
        Now there is a Cloud on Title to my property in Deed
Book I-27 pages 698 to 701. Mr. Kelley knew of the fraud by
Jack Walker in setting seven dual land lot corners and has
done nothing to correct the problems as explained in Sheriff
Berry's case number 00-031-03.
        Attached is Case 00-031-03 Item BQ with all needed
information to show fraud.
        It is my recommendation that the Investigator and the
Parties involved have a meeting to resolve the Cloud on
Titles.

                        Best regards,


                        Melvin K. Ligon
                        4 Ligon Drive
                        Dahlonega, GA 30533
                        706-864-7253

BEGINNING OF SHERIFF INDEX 00-03-103

A= DEED BOOK S-23 PAGES 328 TO 361. This Deed Book explains why
    Jack Walker and Boyd Walker created seven dual land lot
    corners by fraud and deceit.

B= SUPPORT OF TITLE PLAT BOOK CABINET 1 SLIDE 40 PLAT 193. This
    is the present location of four land lot lines by Georgia
    Surveyors of the lines between land lot 742 and 771.

C= ROBERT DOVER'S PLAT 2 PAGE 18.
    THIS PLAT SHOWS MR. DOVERS BUILDING IN THE NATIONAL FOREST.

D= ROBERT DOVER'S DEED L-2 PAGES 191,192.
    Exhibit C and D shows fraud, same corner 158.16 feet apart
    from each other caused by surveyor Keith Rochester.

E= ISAAC LANCE'S PLAT BOOK 5 PAGE 186. Missing parcels A, B, C,
    D, and E shown on Exhibit "B" hidden by fraud.

F= JACK WALKER'S DEED BOOK K-2 PAGE 8.
    10/19/33  W.J. Green's plat described in S1-17 is used in
    both S1-17 , Z1-513,514 and M2-166,167.

| | |
|---|---|
| 6/18/34 | John Walker Deed Book S1 Page 17 |
| | John Walker Estate went to daughter, Noma Walker |
| 9/18/45 | Noma Walker Deed Book Z1 Pages 513,514 |
| 5/15/59 | Noma Walker to Robert Walker Deed Book I2 Pages 304,305 |
| 6/5/59 | Boyd Walker Plat 11 Page 142 |
| 8/24/59 | Noma Walker to Boyd Walker Deed Book I2 Pages 444,445 |
| 2/27/61 | Noma Walker to Jack Walkers Deed Book K2 Page 8 |
| 1/9/62 | Deed I2-304,305 Revised Deed Book K2 Page 473 |
| 9/11/62 | Robert Walker to Robert Dover Deed Book L2 Page 191,192. AFFIDAVIT ALMA GOOCH DB K3-433. Injunction Writ 19361947 Book F Page 478,481 |

G= GLENN ARNOLD'S PLAT BOOK 29 PAGE 28. This shows the old road
    which was not used in over 70 years, used to run 135 feet
    into Land lot 771.

H= JOHN WALKER'S DEED BOOK S-1 PAGE 17. This deed shows violation
    of the Judgment (Exhibit "AA") by overlapping parcel A with
    the Writ Book F land lot line on Plat Cab. 1 Slide 40 Plat
    193. (Exhibit "B"). Causing dual ownership of the same
    property.

I= LIGON'S PLAT BOOK CABINET 1 SLIDE 22 PLAT 23 References and
    three lines between land lot 742 and 771 in which Two
    of the land lot lines were caused by fraud.

J= LIGON'S DEED BOOK O-24 PAGES 50 TO 122. Spells out the fraud

Attachment "i" Ligon vs. Boswell Index of documentation filed
with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion
against Superior Court Judge Stephen E. Boswell.

history showing multiple people owning the same property. Perjury by Kauffman, and Attorney Standards broken by Attorney Robert Andrews.

K= DEED BOOK Q-24 PAGES 303 TO 350, DEED BOOK R-24 PAGES 1 TO 18. Correspondence with government officials asking for help and explaining how a small town of friends has cost the Ligon family thousands of dollars.

L= SUPPORT OF TITLE DEED BOOK G-22 PAGES 109 TO 119. Shows seven land lot corners in dual location by fraud.

M= BOYD WALKER PLAT BY MICHAEL KELLEY PLAT BOOK 26 PAGE 11. plus reference plat Boyd Walker Plat Book 11 page 142. Shows Kelley's dual location of corners and overlapping of land lot 742 and 771.

N, O, and P. = COMPLAINT AGAINST MICHAEL KELLEY FOR FRAUD. Michael Kelley's fraud explained, details of dual corners.

Q & R = COMPLAINT AGAINST KEITH ROCHESTER FOR FRAUD. Q and R shows FRAUD AND Gross Negligence by Keith Rochester.

S-ONE = COMPLAINTS AGAINST FREDERICK KAUFFMAN.

S-TWO = COMPLAINT AGAINST KAUFFMAN REVISED UPDATED SHOWING PROOF OF FRAUD.

T= COMPLAINT AGAINST FORESTRY SERVICE FOR FRAUD. Shows why error in 1929 were corrected in 1945 and that the Forestry Service following Jack Walker's advice seeing only one side of the Superior Court Ruling in 1945 did create a dual location for land lot 742s' NE and SE corners.

U= KARINA LIGON'S DEED BOOK S-23 PAGES 49,50 AND 51. Property Plaintiff was on when Defendant had Plaintiff arrested with no Warrant. Deputy Todd Orr did refuse to read deeds, plats or Judgment giving the location of the corner.

V= DON ARNOLD PLAT BY MICHAEL KELLEY PLAT BOOK CABINET 1 SLIDE 25  PLAT 91. SEE EXHIBIT "N" ITEM 9. New fifth land lot line between Land Lot 742 and 771 to give easement to Don Arnold.

W= ENIKO MATTSON'S DEED BOOK W-23 PAGES 51, 52. Owner of two fences torn down at Defendant Jimmy Berry's orders and having Melvin K. Ligon arrested and placed in handcuffs and Leg irons.

X= LIGON'S DEED BOOK E-24 PAGES 128,129. Land given to Melvin Ligon due to Don Arnold's threats that he knew the land did not belong to Keith Walker but he was rich and would hire a surveyor (Michael Kelley) and an Attorney (Leonard Myers) to make an interpretation of a new line to get easement for

Attachment "i" Ligon vs. Boswell Index of documentation filed with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion against Superior Court Judge Stephen E. Boswell.
Page 2 of 16

himself.

Y= MELVIN LIGON'S WARRANTY DEED  DEED BOOK Y-24 Pages 166 to
    184. Shows Transcript of Don Arnold's explaining how he
    would commit fraud and why.

Z= SANDRA WALKER AND KEITH WALKER DEED BOOK I-17 PAGES 77,
    78. Overlaps Parcel A being Ligon's property by the
    Judgment. Uses Item "F" above Deed Book K-2 page 8,
    1933 plat by W.J. Green.

AA= JUDGMENT OF CASE 95-CV-539-DB and sketch plat 30 page 108.
    ALSO: ORDER GRANTING DEFENDANT MYERS TO DISMISS.

AB= N.G.LANCE PLAT BOOK 13 PAGE 142  Shows Kauffman's sketch plat
    30 page 108 is 85 feet off other surveyors pin locations for
    the same land lot corners. Land lot 771 south side is
    1260 feet not 1318 feet as on the Judgment plat 30 page 108.

AC= COMPLAINT AGAINST KEITH WALKER to Board of Engineers.

AD= AFFIDAVIT IN SUPPORT OF TITLE Deed Book Y24 Pages 299 to 331.
    Appeal to Sheriff Berry and District Attorney Stanley Gunter
    to take action and do something about the fraud and
    overlapping Deeds.

AE= SUPPORT OF TITLE Recorded in Deed Book K-25 pages 80 to 84
    Notification to land owners that there is a cloud on their
    titles before the seven years elapses from the making of plat
    26 page 11 by Michael Kelley. People notified George Martin
    U.S.F.S., Joseph Little and Frank T. Clark, Kenneth Dockery
    and Helen Dockery, Thurmond Walker, Alma Edwards, Kansie
    Newton, Pete Caldwell, Don Arnold, Wade Walker, Sandra and
    Keith Walker.

AF= Signed Affidavit demanded by opposing Attorneys. WITNESSES.
    This Signed Affidavit is required by Defendants Attorneys.
    The Witness' Question and Answers as to who will appear and
    what they will testify about in the following lawsuits  99-
    CV-685-DB, 99-CV-677-DB, 00-CV-192-HS, 00-CV-213-HS, 00-222-
    CV-HS, 00-CV-257-HS, AND 00-CV-258-HS, 2:00-CV-0095-RWS, AND
    2:00-CV-0163-RWS.

AG= APPLICATION FOR DISCRETIONARY APPEAL Applicant filed fraud
    charges against Leonard Myers and Donald Arnold for purposely
    having a illegal plat made, being the seventh land lot
    line between land lot 742 and 771. Case No. 00-CV-213-HS.

1.  The illegal interpretation of the Judgment in Case No.
    95-CV-539-DB was made by Leonard Myers and Michael Kelley and
    filed in Plat Book Cabinet 1 Slide 25 Plat 91, with the
    purpose of having Judge David Barrett change his own
    Judgment to a new interpretation made for Donald Arnold.

  Attachment "i" Ligon vs. Boswell Index of documentation filed
with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion
against Superior Court Judge Stephen E. Boswell.
                    Page 3 of 16

2. Applicant filed fraud charges against Michael Kelley in Case No. 00-CV-192-HS for making the plat in violation of Georgia Codes and Laws. Complaint filed with the Board of Professional Engineers and Land Surveyor is filed in this Sheriff's Case 0003103 Item "N".

3. Judge David Barrett screamed in the Case No. 99-CV-685-DB that he did not like his own Judgment Decree and was going to change it to a new interpretation such as Michael Kelley's illegal plat. Not where the Jury and the Court ordered the Judgment Land Lot Line to be but instead to where he wanted it to be.

AH= Transcript of Hearing Case No. 00-CV-213-HS by Judge Bobby Milam not using a courtroom or witnesses just a discussion between Milam and Mr. Parr as to changes of the Complaint from fraud too, something else, so that the case could be dismissed for not giving Mr. Myers ten days notice. Judge Milam offering his suggestion, that we have a new land lot line made by a surveyor we can trust, like Lane Bishop, to have another Judgment interpretation made just for us of the Land Lot Line between land lot 742 and 771.

AI= APPLICATION FOR DISCRETIONARY APPEAL  Appeal to Appellate Court because the Judgment made by Judge David Barrett in Case No. 95-CV-539-DB did not use a survey but a sketch / plat that had no surveyed lines on it and was order by Jack Walker and Attorney Andrews to only be a sketch, that Jack Walker did not care where he put the land lot line he only wanted to take it to court because he claimed Ligon had him locked up.

AJ= Copy of ANTE LITEM NOTICES' filed on Government agencies in Case NUMBER 2:00-CV-0095-WCO. For Malicious Nonfeasance, Dereliction of duty, and Fraudulent Concealment against the Judicial Qualification Commission, District Attorney Stanley Gunter, and Board of Professional Engineers and Land Surveyors.

AK= Processioning laws from the Georgia Code that Judge David Barrett, IGNORED IN TRIAL. Barrett accepting Kauffman's new form and type of Processioning, using no instrument just by Kauffman looking over there.

AL= ORIGINAL LAWSUIT LIGON vs. FORESTRY SERVICE CASE 00-CV-258 HS CHANGED TO DISTRICT COURT CASE NO. 2:00-CV-0095-WCO. AND  Forestry Service MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT. This is the answer by the U.S. Attorney James Schulz, to Ligon vs. USFS & USA lawsuit

Attachment "i" Ligon vs. Boswell Index of documentation filed with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion against Superior Court Judge Stephen E. Boswell.

2:00-CV-0095-WCO.

AM= PLAINTIFF, LIGON'S ANSWER TO MOTION TO DISMISS OR FOR
MORE DEFINITE STATEMENT

AN= LAWSUIT LIGON vs. BOARD CASE NO. 2:00-CV-0163-WCO.
BOARD PROTECTING FRIENDS OF THE BOARD GUILTY OF FRAUD
AND GROSS NEGLIGENCE.

AO= Georgia Code 44-1-15, It is illegal to move land lot corner
Pins to benefit your friend.

AP= Appeal to Appellate Court A01A0177 for Judge Milam dismiss
with prejudice.

AQ= REPLY TO QUICK RESOLUTION & MOTION FOR  QUICK RESOLUTION.

AQ= REPLY TO REPLY ON Ligon vs Luckett. THIS IS LIGON'S ANSWER
TO MR. SHULTZ'S REPLY THAT MAKES NO SINCE. END OF SHERIFF
INDEX 003103 new revisions below case is in progress
adding expansion of the cover up and fraud. Added to
case 0003103 AS-AT-AU-AV April 12,2001 to Jim Dearma L-08446

AS= Motion to Recuse Milam2.doc. all cases in Superior Court This
is explaining that fraud has been committed and Milam should
recuse himself because the charges are against his friend and
fellow Judge David Barrett.

AT= Solution Two This is an explanation to Attorney Hardman about
what happened.

AU= Ligon asking for help from Carlock filed in case 2:00-CV-163
-RWS to reset the seven land lot corners and not cause the
case to go to trail.

AV= Reconsideration April 5 case 2:00-CV-0163-RWS adding fraud
against Judge David Barrett, Keith Rochester, Michael Kelley,
and Jerry Pless. Added to case April 23, 2001.

AW= Three Deeds filed in US District Court for Motion for
Reconsideration in Case Number 2:00-CV-0163-RWS. Deed Books
I-27 pages 698 to 701, 702 to 705 and 706 to 710.

AX= Ante Litems to Judge David Barrett and Bobby C. Milam FILED
IN CASE 2:00-CV-0163-RWS.

AY= Dismissal April 5,2001 case 0163 Ligon vs Board.

AZ= Deed Book K-27 pages 571 to 594 Ligon to kids 1000 dollars.

BA=

BB= 30 days notice to Estill don't cross my property.

BC= Notice of Appeal to eleventh District Court 163

BD= Hobbs letter don't sue Gunter.

BE= Dismissal May8 motion reconsideration 0095

BF= Complaint to BOARD against Kelley violations on plat 1-29
-178B.

Attachment "i" Ligon vs. Boswell Index of documentation filed
with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion
against Superior Court Judge Stephen E. Boswell.

Page 5 of 16

BG= 30 days notice to National Forester Estill keep off Newton land.

BH= Ante Litem Notice to Donald Head. Copy in "BI".

BI= N-27 pages 108 to 127 Affidavit of Support of Title for Deed Book I-27 pages 698 to 701 showing 15 sections of land with overlapping deeds and plats. Filed in 11 District Court case no. 01-12710J Melvin K. Ligon vs State of Georgia. ADDED TO NOTICE OF APPEAL.

BJ= Appeal to 11 District case 2:00-CV-0095-RWS. Attachments Has new Deeds in index.

BK= New Complaint against Kelley 1-29-78B-1, BOARD RECEIPT OF KELLEY COMPLAINT and letter. LETTER GIVING TIME AND DATE FOR CONFERENCE.

BL= Chicago Title Attorney Holland and Knight Answer to Lawsuit 2:01-CV-0028-RWS PLUS A LETTER.

BM= ORDER to dismiss- June 15-01 of Notice of Appeal-added by Story as another motion for reconsideration.

BN= 11th Circuit assigned number 01-13243-H to 2:00-cv-0095-RWS.

BO= BOARD'S rule 180-6 and 180-7.

BP= Address of lawyers.

BQ= Lawsuit 192 Brief adding Complaint to BOARD plat 1-29-178B.

BR= Letter to Ted Madson-new complaint vs Kelley

BS= Case 01-06-386 Ligon filing Criminal vs Kel-Thu-Alma-Wal

BT= Tax Notice for 2.11 acres Parcels A, B, C, D, E, on Plat1-40-193

BU= Ligon arrest form and bail of 240 dollars, No Warrant, No reading Melvin his rights, No phone call for six hours, and placed in hand-cuffs and leg-irons.

BV= Affidavit of Katalina Ligon case 99-03-074. Coverup by officer Hess of what was happening. Keith Walker Cutting Down Fence.

BW= Criminal case added to 0028 against Kelley, Walkers, Alma 01-06-386.

BX= Case 28-Brief adding Preliminary Report & Schedule & settlement offer.

BY= Settlement offer to Board 11 Circuit case number 01-12710J

BZ= Ligon's Letter to Dahlonega Nugget for false report about Ligon Drive Dispute.


CA= Case 192 adding Fraud and letter to Dahlonega Nuggett.

CB= 01-06-386 Criminal Charges against Michael Kelley , Alma Edwards, Little, Clark, Thurman Walker, filed in Case 257

Attachment "i" Ligon vs. Boswell Index of documentation filed with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion against Superior Court Judge Stephen E. Boswell.

Nonfeasance, dereliction of Duty etc. against Sheriff Berry.
CC= Filed in case 213 Fraud explained to lawyers of what happened.
CD= Ligon's Brief in case 163 11th Appellate Court.
CE= Ligon vs. Barrett 2:01-CV-0136-WCO Received Notice of Appeal.
CF= Ligon's Brief to 11th circuit case 163 Ligon vs. Board 01-12710-J.
CG= SETTLEMENT OFFER 01-12710-J.
CH= Brief in case 01-13243-H file in 0095 Forestry Service.
CI= Excerpts for 163 11th Circuit case 01-12710-JJ pointing to 01-13243HH
CJ= Excerpts for 095 11th Circuit Case 01-13243-HH.
CK= Letter to Ms. Stout questioning which laws does the Superior Court have to use to set land lot corners.
CL= Stout letter filed in case 0028.
CM= Stout Letter filed in case 257.
CN= Criminal Charges Ligon vs. Judge David Barrett filed with Sheriff Jimmy Berry case 01-08-131.
CO= Letter from Ligon in Jail to Sheriff Berry Asking why am I in Jail with copy of arrest warrant and charges. Plus cost caused by being arrested.
CP= Case 01-13243-HH BRIEF  ANSWER BY GOHIL attorney generals office Ligon vs. BOARD.
CQ= Appellant's Reply Brief 01-12710-JJ Oct9-01
CR= CR-538-DB GA v Melvin K. Ligon 12-18-2001 For cutting trees. Ligon arrested and held about 1 hour.
CS= Boswell's ltr Nov 14 notice of hearing to all councel. Ligon's ltr Dec. 6 reply to Boswell and all concerned. Name and address of all people concerned. Boswell's ltr 12-6-01 Delay Hearing to 1/18/2002. and Ligon's Ltr 12/10/01 to all councel notice of date change. Also all cases in all four courts.
NOTE:   ************************************************
        The Copy of CT, CU, CV, and CW is now in Item CZ filed in the 11th Circuit Court of Appeals- MOTION FOR JUDICIAL NOTICE. To have the case MELVIN K. LIGON VS JUDGE DAVID BARRETT No. 01-16775-F added and heard at the same time as Ligon v. BOARD 01-12710J, and Ligon v. U.S.A. 01-13243-HH WHICH HAVE BOTH BEEN GRANTED FOR A HEARING. Now filed in Item CZ.
CT= CR-538-db Motion for Barrett to recuse himself.
CU= CR-538-db Motion for Milam to recuse himself.
CV= CR-538-db Motion to assign Stephen E. Boswell.
CW= CR-538-db Motion for time delay.

Attachment "i" Ligon vs. Boswell Index of documentation filed with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion against Superior Court Judge Stephen E. Boswell.

CX= Jimmy Bullock's Receipt for $3,972 dollars a Survey order by Jeb Chatham to get Melvin K. Ligon out of jail case 2001-CR-538-DB. Stupid waste. Their has already been seven surveys of the seven dual new land lot lines between lot 742 and 771. Plat Book Cab 1 Slide 40 Plat 193 is the most detailed with references drawn over Plat Cab 1 Slide 22 Plat 23.

CY= 01-06-386 Criminal Charges against Michael Kelley, Alma Edwards, Joseph Little, Frank Clark, Joy Bettis

CZ= Motion for Judicial Notice in Court of Appeals case no. 01-13243-H adding CT, CU, CV, AND CW to this file.

DA= LETTER TO D. A. Stanley Gunter again asking for an investigator to be assign to Melvin Ligon V. Kelley 01-06-386, Ligon v. David Barrett case 00-03-103 and 01-08-386.

DB= Motion for Judicial Notice to have Melvin Ligon vs. David Barrett case 01-16775-F added to other cases file in Superior Court case 00-CV-257-SB.

DC= Revised Ante Litem Notice to Gunter filed in case 257.

DD= Revised Ante Litem Notice to Gunter filed in the United States Court of Appeal in Case 01-13243-HH. This Ante Litem Notice is a request for Stanley Gunter to accept the added information in Melvin K. Ligon's Charges of fraud and extortion against Superior Court Judge David E. Barrett and to assign an investigator to the case.

DE= Karina's correspondence

DF= Update of Address File case 28.

DG= Answer to request production on Andrews 28.

DH= Answer to Santions in 28.

DI= Sanction against Brown 28.

DJ= Criminal Charges in (CY)against Kelley added to 28.

DK= Jeb Chatham File

DL= Connery File.

DM= Appellant's Brief 01-16775-F Ligon vs. David Barrett.

DN= Appellant's Record Excerpts 01-16775-F

DO= Case 257 adding Appellant's Brief and Excerpts for case 01-16775-F.

DP= LTR TO HOBBES ASKING FOR HELP.

DQ= Ltr to Baker ASKING TO ASSIGN AN INVESTIGATOR.

DR= Deeds list added to CTIC CASE 28.

DS= EASEMENT DB J-27 pg. 239-242 over Old Gassy Gap Road to Ligon's property in deed book  I-27 702-706. Sold to Karina Greisl in deed K-27 P.571 TO 594.

DT= All Cases adding MOTION OF JUDICIAL NOTICE 3-8-02 Attachment

Attachment "i" Ligon vs. Boswell Index of documentation filed with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion against Superior Court Judge Stephen E. Boswell.

Case 01-16775-FFHeading only and 02-MCV141L heading only.
DU=A= Ligon vs Thurman Walker in Magistrate Court Case 02
    -MCV141L.
DU=B= Ligon vs. Thurman explanation why must sue.
DV= Ligon vs. Alma Edwards Magistrate Court Case 02-MCV196L.
DW= Boswell recuse yourself this is fraud 3-18-02.
DX= Deed Book B-29 pages 723 to 727.
DY= Dismissal 01-13243-hh by TJOFLAT, BLACK AND MARCUS.
DZ= 257 Reply to summary judgment Boswell lied too.




EA= Ltr from Stout all correspondence will be returned. Also Ltr
    from JQC.
EB=? Letter from Baker Rebecca S. Mick not my job.
EB= Case 677 Motion to use Superior Court Procedures
EC= Case 677 Motion to admit previously filed evidence.
ED= Case 677 Reply to Boswell's request for plat.
EE= Citation and argument 677 Pray for attorney cost plus.
EF= Plaintiff in 213 Reply adding 02-MCV141L AND MCV196L.
EG= 677 Arguments and Citations Easements in 771 not with
    standing in laws.
EH= 213 Hardman your 5 days late Boswell can recuse himself.
EI= B-29 pages 723 to 727 Ligon to Stone 75 square feet.
EJ= Temporary Injunction by Hardman in 677 ready for Boswell's
    signature.
*******
EK= Answer to Temporary Injunction in 677 A, B, C, D, E, and F.
    Added Cases in 11th Circuit courts showing fraud. Explains
    these cases are fraud and Extortion now not a seven year old
    case. Has Previous Cases in it.
*******
EL= Letters in Correspondence asking for help. Old ones
EM= Ante Litem Notice to Rebecca Mick.
EN= Ante Litem Notice to Wheeler.
EO= Dismissal of Case 192 back dated to March 12, 2002 signed by
    Boswell then filed by Wheeler April 22,2002 after he received
    the Ante Litem Notice on April 19,2002. The letter was signed
    by Boswell before he received the letter from Wheeler. I
    received mine on March 14, 2002. Judge Boswell backdated his

Attachment "i" Ligon vs. Boswell Index of documentation filed
with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion
against Superior Court Judge Stephen E. Boswell.
Page 9 of 16

own signature and dated it the 12 of March Kodak Image Item EO Ante EN. and Photo in D Drive.

EP= Letter from Carlock, Copeland, and Stair March 12, 2002 for Boswell to sign the dismissal and mail them to Clerk of the Courts and have the Clerk of the Courts mail them a letter. This was not done Carlock Copeland and Stair mailed the Dismissal in on April 22 backdated to March 15, This is fraud backdating the Judgment to cover the lawsuit in the ante Litem Notice.

EQ= Petition for Rehearing Enbanc Case 01-13243-HH April 25,2002.

ER= Plaintiff Answer to Hardman Letter Stating the Arnold is Anxious. This includes <u>Petition for Rehearing enbanc</u> and all Original Lawsuits.

ES= ORDER GRANTING MOTION TO DISMISS AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT.

ET= Letter From Hardman Stating that on 8 of March he and the Judge talked about dismissing the case, which was done without the Defendants being aware. That Judge Boswell had ask for <u>PROPOSED ORDER ON MARCH 21,</u> Item EJ. what's the holdup, do you need anything else.

EU= NOTICE TO DEFENDANT Case 2001-CR-538-DB is on May 10,2002. Faxed to Diane Marger Moore.

EV= NOTICE OF HEARING RESCHEDULE from Clerk of Court to May 28,2002. Stupid there was never a NOTICE OF ANY SCHEDULE before where did this come from.

EW= LTR from Clerk CASE 176 being sent to JUDGES no Appellee's BRIEF.

EX= EX 1 is Superior Court Rules and EX 2 is Magistrate Court Rules.

EY= Single Spacing Petition for Rehearing and Motion for Judicial Notice in 12343-HH this includes Magistrate Court - Ligon vs. Alma & Ligon vs. Thurman without the attachments.

EZ=  Motion For Judicial Notice Case 677 has copy of Thurman suit, Alma Suit, Petition rehearing, Motion for Judicial Notice 13243HH.

FA = Georgia vs. Ligon and Greisl Transcript.

FB = Notice of Appeal in Case 192 includes Thurman and Alma Case Motion for Judicial Notice 13243-HH, 5-6-02

FC = Pauper's Affidavit Shows that the United States Government illegally overlapped seven land lots, over seven different land lots causing the legal battles to cost the Ligon Family over $500,000.00 dollars.

FD = Letters to Gunter, Estill, Baker, Hobbs, Lamet, Diane,

Attachment "i" Ligon vs. Boswell Index of documentation filed with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion against Superior Court Judge Stephen E. Boswell.

and Boswell.
FE = Letter to Boswell Hardman said you two are talking on the phone. What are you going to do leave us with massive losses or act.
FF = Motion for Rehearing in 02-MCV196L June 11,2002. Judge Parks did not allow any evidence to be presented. Why?
FG = Notice of return wrong name
FH = Image of Judgement in 28 dismissing it by Story.
FI = Order dismissing 213 ? June 12 Boswell is dismissing with order of lies. The Order was written by Hardman who know nothing about the case. Boswell accepts the answer.
FJ = Notice of Appeal in 02-MCV141L in Image file adding Maudell Townsend.
FK = Image of Dismissal 196 by Parks June 14-02
FL = Motion for Judicial Notice Denied May13-02 on 6-19-02
FM = Paupers' Affidavit filed in U.S. District Court.
FN = Notice of Appeal 28 Ligon vs. Chicago Title Insurance.
FO = Motion for Judge Story to Recuse himself in 28 U.S. District Court.
FP = Notice of Appeal in 196 7-8-02 Ligon vs. Alma.
FQ = Amended Paupers Affidavit in 192 and all Adding Case 28 Notice, Paupers, and Motion for Story to Recuse himself.
FR = Dismissal of Case 176 Kauffman by U.S. Court of Appeals.
FS = Notice of Appeal case 213 Ligon vs. Arnold and Myers.
FT = Order from Boswell Hearing on Paupers 7-23-02 at 1:30.
FU = Docket Sheet 01-28-RWS Date 7-11-02 appealing to 11 District Court.
FV = Edmondson, Chief Judge, Black and Marcus dismissing Case 01-16775 "Not for Publish" They state fraud is ok by Superior Court Judge.
FW = Subpoena for VA Records of Ligon and Michael Kelley Case 192 for Hearing 7-23-02 at 1:30.
FX = Case Number in 11 Circuit Case 28 assigned Number 02-13706-D.
FY = Receipt of Kelley's Subpoena from Tucker.
FZ = Case 192 to squash Kelley's subpoena.


GA = Bill to appeal Alma's Case 196 to Superior Court from Tucker.
GB = Order Granting Pauper's Status in District Court and dismissing Motion for Story to Recuse himself.

Attachment "i" Ligon vs. Boswell Index of documentation filed with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion against Superior Court Judge Stephen E. Boswell.

GC = Deed Book P-29 Pages 568 to 577 Ligon to Sandra Quit Claim
     Deed.
GD = 16675 Petition for Rehearing enbanc 7-24-02
GE = Motion Request that Judge Barrett and Boswell recuse
     themselves in Case 02-CV-378-DB Filed 7-30-02.
GE-2 ALSO, MOTION 8-28-02 FOR CASES 02-CV-378-DB AND
     02-MCV-196L BE DISMISSED.
GF = Form US to recover land.
GG = Appellant's Brief in 28 CTIC sent to Boswell and Motion for
     Judicial Notice in 16775 Ligon vs. Barrett.
GH = W-29 pages 537 to 548 Deed added to cases 677, 192, 213,
     222, 257 and 378.
GI = 192 cost reduced from 1,959 dollars.
GI = 213 Cost reduced from  975 dollars.
GJ = Record Excerpts in 28 Melvin vs. CTIC filed 9-11-02
GK = 222 adding Deed Ligon to Sandra 1.406 acres.
GL = 16775 Motion add Deed W-29 page 537.
GM = LTR to Lange adding Deed W-29 page 537.
GN = 02-13706-DD Motion for J-N adding Deed Ligon to Sandra 1.406
     acres.
GO = Judgment in 02-13706-DD Ligon vs. Kauffman denied
GP = CTIC Appellee's answer in 02-13706-DD 28.
GQ = Reply Brief in Case 28 Ligon vs. CTIC.
GR = Amended latest Address File.
GS = Amended Latest List of all cases in the courts.
GT = Amended Notice of Appeal 192
GU = Amended Notice of Appeal 213
GV = Illegal Dumping Case 02-10-105
GW = Deed F-27 Pages 309 to 312
GX = Order of Sentencing 11-20-02
GY =
GZ = Affidavit in Support of Title 10-28-02 to all deeds.
     E-30 page 723 to 736.


HA = Motion for the Recusal of Boswell Part 1 in Cases
     00-CV-222-HS AND 00-CV-257-HS.
HB = Complaint to JQC on Boswell Part 2 with Affidavit in Support
     of Title.
HC = Motion for Judge Boswell Part 2 to recuse himself in case
     677. Includes Motion for Boswell to recuse in 213-192
     Letters to Gunter and Boswell and Affidavit in Support of
     Title E-30 pages 727 to 736.
HD = Two pages of Standard Form 95 filled out.

  Attachment "i" Ligon vs. Boswell Index of documentation filed
with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion
against Superior Court Judge Stephen E. Boswell.

HE = Motion to Report Fraud to Attorney General- State of
     Georgia. Filed in cases 222 and 257.
HF = Kauffman's Testimony proving fraud recorded in Deed Books.
HG = Part 2 Complaint to JQC of violation of Superior Court
     Procedures. Includes Standard Form 95 Attachment A Item 8
     and index of Kauffman testimony in deeds.
HH = Trail Date Set all Cases From Boswell Dec 9, 2002.
HI = 192 Designation by Defendant on Additional Evidence to be
     included as Part of the Record on Appeal.
HJ = Notice from Boswell all Case to be heard December 9 and
     November 20, 2002.
HK = 213 Motion to Dismiss Appeal from Hardman.
HL = Motion for Boswell to Join Attorneys in request to Georgia
     Legislature. This is fraud by Government and elected
     officials.
HM = Indictment of Ligon for damage to trees.
HN = Amended Notice of Appeal in 192 was not filed Clerk of
     courts refused to accept.
HO = Hammond Law Letter Answer with Motion insisting that Boswell
     force Law and Keith to attend.
HP = Transcript Magistrate Court Judge Stanley R. Brown accepting
     Ligon not guilty.
HQ = Patton Ltr to BOARD multiple corner pins being used.
HR = Plea in Case CR-538 Nolo Contendere.
HS = 685 Motion make Keith attend meeting on Nov. 20. Explains
     why. That Keith's deed is not understood by Keith.
HT = Deed E-30 page 727 to 736 for Deeds A to K.
HU = Brief adding Anti to Armstrong all cases.
HV = Anti to Armstrong
HW = 213 Reconsider Dismissal Not filed by order of Clerk of the
     Courts.
HX = JQC Ltr. Assign No. to case vs. Boswell.
HY = Conversation Dover and Ligon.
HZ = Settlement offer requested by Boswell. Ligon explains the
     four way of illegally setting corners and Tax Assessors
     blame.


IA = Complaint on Boswell to the JQC Parts 1,2,3,4 and 5 for
     violations of Superior Court Procedures and Jurisdiction.
IB = Case 222 file Settlement offer in all cases for
     Boswell understand the four ways to illegally

  Attachment "i" Ligon vs. Boswell Index of documentation filed
with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion
against Superior Court Judge Stephen E. Boswell.
                  Page 13 of 16

set corners, Tax Assessors accepting old plats.
The two legal ways to set land lot corner pins.
IC = Hardman Response to Attorney 677 and 213.
ID = Bott USFS new attorney.
IE = Letter to Boswell about Bott Subpoena for Forestry Service
not permitted.
IF = Ltr to Boswell about Easement December 13, 2002.
IG = Dismissal of 257 on Immunity.
IH = LTR to Hardman No Show in Court.
II = Bill From Tucker 192-213 For $635.42.
IJ = Dismissal of 213 Dec9-02.
IK = Dismissal of 685 Dec9-02
IL = Subpoena For Sandra in 222.
IM = Order Case 192-213 Pay or Dismiss.
IN = Notice of Appeal 257.
IO = Ltr to Boswell Now What?
IP = Notice of Appeal and Amended Notice of Appeal in 257.
IQ = Cost of 257 Notice of Appeal $2,100.15 cents.
IR = Ltr to Boswell about Bott.
IS = Taxes on 3.234 Sizemore Land.
IT = Boswell and Mrs. Moore's Settlement and dismissal of 222
and 685.
IU = Judge Boswell's and Mrs. Moore Settlement and dismissal of
213.
IV = Deeds filed December 31, 2002 showing fraud and recovering
land for all the owners overlapped by land lot on land lot.
IW = Ltr to Boswell on Fine.
IX = Bill from Tucker on Appeal Case 257 $2,735.57.
IY = Deed M-30 P 374 to 379 Kids Parcel A.
IZ = Deed M-30 P 380 to 385 Parcel BE and E to Alex.

JA = Complaints to JQC on Boswell added to IA Parts 1 to 4 and
this part being part 5. This includes Letters to Perry,
Boswell, Mickler and Pope and all Deeds and God Affidavit.
JB = God Affidavit in Support of Title to all Deeds.
JC = Letter to Molly Perry about Judge Stephen Boswell's actions
outside the Jurisdiction of the Superior Court and God
Affidavit in Support of Title to all deeds.
JD = Letter to Mickler the BOARD is going to be sued again for
ignoring complaints against Kelley and Barrett. Attached
God Affidavit.
JE = Letter to Marion Pope added God Affidavit you will be sued.
JF = Letter to Boswell Adding God Affidavit and that he was wrong

Attachment "i" Ligon vs. Boswell Index of documentation filed
with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion
against Superior Court Judge Stephen E. Boswell.

to dismiss all the cases.
JG = Anti Litem Notice to Kathy Cox.
JH = LTR to Boswell Keith in Contempt of Court.
JI = Ltr to JQC Adding Cox Anti Litem Notice.
JJ = Ltr to Dateline NBC Anti To Cox Added.
JK = Ltr to Boswell Permission to Sue Cox.
JL = Ltr to Boswell Permission to sue JQC.
JM = Ltr to JQC Boswell's order is illegal.
JN = Bill from Tucker for Appeal on Case 257.
JO = Ltr to Ligon from Hammond Law take down the fence.
JP = Ltr to Hammond Law Reply to take the fence down.
JQ = Ltr to Dale Russell asking for help to expose fraud by
     Superior Court Judge David Barrett.
JR = Dismissal of 00-CR-106-HS AND return of $240 dollars bail.
JS = Karina's Letter to Hammond Law reply to Letter Dated January
     24, 2003 to take the fence down.
JT = Complaint on Scupin F-Part 7 for using two corners 316 feet
     apart on two plats.
JU = Complaint on Boswell to Sheriff Berry Criminal Case
     No. 03-02-018. Attached is Order From Boswell using Kelley's
     illegal Plat and Easements from Sandra and Keith. Also
     attached is Complaint to BOARD on Boswell which had attached
     A, B, and C. Anti to Cox, DB E-30 727 to 736, and O-30 P 505
     to 514. The case filed has all three CDs with all the
     information. Copy of Case was faxed to Boswell and Lange
     same day.
JV = Overlapping Plats and Deeds in Area between 771 and 742.
JW = Order in 677 against Ligons using a plat never introduced in
     any Brief or Motion simply appeared on January 31 2003 in
     Donald Arnold's hand.
JW = Volauntary Dismissal of any Counter Claims by Donald Arnold
     in case 00-CV-213-HS.
JX = Incident Report Case 03-02-018 Boswell committing fraud.
     Sheriff did not even place the offenders name on the file.
     upon a call to Sheriff Berry he said he would not assign an
     investigator period.
JY = Dismissal of Case 02-13706 in 11th Circuit by Edmondson
     Anderson and Black.
JZ = Letter to Michael Lange giving dismissal of Case 28 from the
     11 th Circuit dropping the case.
KA = JQC returned all files over one inch think said they could
     not overturn the Judgment. Idiot obviously.
KB = Building Permit for Karina Greisl for Driveway.

Attachment "i" Ligon vs. Boswell Index of documentation filed
with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion
against Superior Court Judge Stephen E. Boswell.

KC = Complaint to Bar of Georgia on Diane.
KD = Case 257 Motion for Dismissal on Summary Judgment. This
     includes all police files. one inch thick.
KE = Letter to Lange Adding Final Appeal in Case A03A1117 Ligon
     vs. Berry Case 00-CV-257-HS.
KF = Letter to Michael Lange 2/21/03 of Petition for Rehearing
     Case 02-13706-DD.
KG = Letter to Michler 2/21/03 adding CTIC Petition for Rehearing

    Attachment "i" Ligon vs. Boswell Index of documentation filed
with Sheriff Jimmy Berry in Case 03-02-018 of fraud and extortion
against Superior Court Judge Stephen E. Boswell.
                      Page 16 of 16

# Table of Contents of Folders

0 = Anti Litem Notice to Cathy Cox.
1 = District Attorney Case 00-03-103.
2 = Affidavit Shows ten sets of corner pins.
3 = Legal and Illegal ways to set corner pins.
4 = US Forestry Service is Problem DB E-30 P727 to 736.
5 = Current Deeds for Ligons-Alma-Stone-etc.
6 = Georgia Court Of Appeals Case 257-A03A1117.
7 = Petition for Rehearing Enbanc 02-13706.
8 = Ligon vs. Boswell U.S. District Court.
A = Table of Contents is Folder Labels on CDs
B = All Deeds and Plats in Image Files.
C = Complaints and Lawsuits being written.
D = Address File and Phone Book.
E = Witness List and what they know.
F = Complaints to the BOARD and index.
F - Part 1 Complaint on Barrett to Board.
F - Part 2 Complaint on Kauffman to Board.
F - Part 3 Complaints on Kelley Items N,O,P,BS,CB.
F - Part 4 Complaint on U.S. Surveyor Pless to Board T.
F - Part 5 Complaint on Rochester to Board.
F - Part 6 Complaint on Patton to Board.
F - Part 7 Complaint on Michael Scupin to Board.
F - Part 8 Complaint on Boswell to Board.
G = Complaint to Sheriff on Kelley 01-06-386.
H = Complaint to Sheriff on Barrett 01-08-131.
H = Complaint to Sheriff on Boswell 02-03-018.
I = Kauffman testimony Perjury.
J = U.S. District Court Cases-Lawsuits.
J - 1 Ligon vs Barrett 201-CV-136-RWS.
J - 2 Ligon vs BA-Board 201-CV-163-RWS.
J - 3 Ligon vs Kauffman 201-CV-176-RWS.
J - 4 Ligon vs Chicago Title 201-CV-028-RWS.
J - 5 Ligon vs USFS 200-CV-095-RWS.
J - 6 Ligon vs Boswell 203-CV-___-RWS.
K = 0 Appeals filed in 11th Circuit.
K = 1 Ligon vs Title Insurance 02-13706

Attachment "j" Index of Folders on three CDs filed in
Criminal Charges against Judge Boswell.
Page 1 of 2

```
K = 2 Ligon vs Barrett 01-16775.
K = 3 Ligon vs GA Board 01-12710
K = 4 Ligon vs Kauffman 02-10560
K = 5 Ligon vs USFS 01-13243.
L = Superior Court Lawsuits + Ltr to Boswell.
L = 0-Ligon vs USFS 00-CV-258-HS.
L = 1Arnold vs Ligon 99-CV-677-HS.
L = 2Ligon vs Kelley 00-CV-192-HS.
L = 3Ligon vs Arnold 00-CV-213-HS.
L = 4Ligon vs Walkers 00-CV-222-HS.
L = 5Ligon vs Sher-Berry 00-CV-257-HS.
L = 6 GA vs Ligon 2001-CR-538-HS.
L = 7 GA vs Ligon 00-CR-106-HS.
L = 8 Walker vs Ligon 99-CV-685-HS.
L = 9 Ligon vs Alma 02-CV-378-DB.
M = 0 Magistrate Court Cases.
M = 1 Keith Walker Citizen Arrest of Karina Greisl.
M = 2 Keith Walker Citizen Arrest of Ligon.
M = 3 Ligon vs Thurman 02-MCV-141L.
M = 4 Ligon vs Alma Edwards 02-MCV-196L.
M = 5 Ga vs Ligon 00-CV-106-HS.
M = 6 Ga vs Ligon cutting trees.
M = 7 Ga vs Ligon 01-CR-538-HS.
N = Anti Litem to Government & JQC Comp.
O = Transcripts - Pretrial Trials.
P = Old-Appeals to Georgia Court of appeals.
Pagis Inbox
S = All Lawsuits Original Filings.
T = Paupers Affidavits
U = Best Group of Items that should be read.
V = Supreme Court
X = Things worked on Never fineshed.
Z = LAWS.
```

Attachment "j" Index of Folders on three CDs filed in
Criminal Charges against Judge Boswell.